

A TRUE COPY I CERTIFY
DAVID A O'TOOLE, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

By: _____*MichelleBaxter*_____

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

FILED: **4/2/26**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID A. O'TOOLE, CLERK

**IN RE: SUPER SAFETY PATENT LITIGATION**                    MDL No. 3176

## TRANSFER ORDER

**Before the Panel:**[*]  This patent litigation involves numerous patents directed at firearm technology known as forced reset triggers (FRTs).  Defendants, accused infringers in the six actions listed on Schedule A, move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Ohio.  This litigation consists of six actions pending in five districts.  In addition, the parties have informed the Panel of 24 additional actions pending in sixteen districts.[1]  Defendant in one potential tag-along action supports the motion.  Patentholder plaintiffs Rare Breed Triggers, Inc., and ABC IP, LLC (collectively plaintiffs), assert that centralization is appropriate, and they ask us to further centralize all potential tag-along actions.  Movants oppose plaintiffs' request and, instead, propose limiting the MDL to actions where plaintiffs allege that a "Super Safety" FRT device infringes U.S. Patent No. 12,038,247 (the '247 patent).

Similar to movants' request to centralize only cases involving a Super Safety FRT device, responding defendants oppose transfer of the cases brought against them and alternatively seek establishment of MDLs comprised of the cases involving their FRT device.  Defendants in seven potential tag-along actions (the Disruptor defendants) oppose transfer of the actions against them, and they alternatively request separate centralization in the District of Wyoming of those actions involving a "Partisan Disruptor" device.  Responding defendants in another six potential tag-along actions (the Atrius defendants) likewise oppose transfer of the actions against them, and they alternatively request a separate MDL comprised of actions involving an "Atrius Forced Reset Selector" device in the Western District of Texas.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the Eastern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  The six actions on the motion involve seven patents owned by plaintiff ABC IP and exclusively licensed by plaintiff Rare Breed Triggers.  All patents relate to forced reset triggers, which are aftermarket firearm components that allow a shooter to maintain continuous pressure and achieve a significantly higher rate of fire while technically performing a separate trigger pull for each round.  Patentholder plaintiffs allege in all actions on Schedule A that the Super Safety FRT device infringes the '247 patent.  Patent holder plaintiffs further assert that the various

---

[*] Judge David C. Norton did not participate in the decision of this matter.

[1] These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(i), 7.1, and 7.2.

defendants also infringed six other patents,[2] in varying degrees, by manufacturing, selling, or making and selling the Super Safety device or another FRT device called the Defender FRT. The parties agree that the actions on the motion will present common questions of fact regarding allegations that the Super Safety product infringes the '247 patent. We find that centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings—especially regarding claim construction, patent validity, and the appropriateness of injunctive relief—and conserve the resources of the parties, their counsel, and the judiciary.

Moving defendants, the Disruptor defendants, and the Atrius defendants ask us to limit the centralized proceedings to actions where plaintiffs allege that the Super Safety infringes the '247 patent. The Disruptor and Atrius defendants further ask that if we decide that the cases against them warrant centralization, that we create separate MDLs for their accused devices only. All responding defendants argue that the cases against them focus on their respective products: the Super Safety, the Partisan Disruptor, and the Atrius Forced Reset Selector devices. They predict that failure to limit the MDL along these lines will make it unmanageable, as the transferee judge will have to learn about multiple products, make claim construction and validity determinations for seven patents belonging to four distinct families, and adjudicate dispositive motions related to plaintiffs' allegations that the various products infringe different combinations of the asserted patents.

As an initial matter, the cases involving the Disruptor defendants and Atrius defendants are not before us. *See* Schedule A. It is premature to rule on their inclusion in this MDL. *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F. Supp. 2d 1358, 1360 (J.P.M.L. 2011).[3] But we must address movants' request that we limit the MDL's scope. We are not persuaded that it is necessary here. While the actions on the motion each involve allegations that the Super Safety product infringes the '247 patent, that is not the only overlap. Plaintiffs have asserted the '723 patent in two actions and the '784 patent in three actions. The '223, '003, '336, and '807 patents are unrelated to the other patents, but they are, like the other patents, directed to inventions in the exceptionally narrow field of forced reset triggers. The presence of multiple unrelated patents does not preclude us from centralizing actions asserting different combinations of such patents. *See In re Rembrandt Techs., LP, Pat. Litig.,* 493 F. Supp. 2d 1367 (J.P.M.L. 2007) (centralizing fifteen actions involving one or more of nine patents relating to the provision of high-speed internet and digital broadcasting using cable modems where there was minimal overlap of inventorship among the nine patents).

Overly restricting this litigation's scope at the outset risks undermining a key reason for centralizing patent cases asserting overlapping patents—to "prevent inconsistent pretrial rulings (particularly with respect to claim construction and patent validity issues)." *In re Pipe Flashing Pat. Litig.*, 713 F. Supp. 3d 1414, 1415 (J.P.M.L. 2024). Patentholder plaintiffs assert most of their patents against multiple products. Defining the scope of this litigation based on infringement

---

[2] U.S. Patent Nos. 12,031,784 (the '784 patent), 7,398,723 (the '723 patent), 10,514,223, (the '223 patent), 11,724,003 (the '003 patent), 12,036,336 (the '336 patent), and 12,274,807 (the '807 patent).

[3] If placed on a conditional transfer order, the parties to any such action may move to vacate. *See* Panel Rule 7.1.

allegations solely related to the Super Safety product, as movants' request, could undesirably lead to multiple courts resolving claim construction and patent validity disputes for the same patent.

We are also unconvinced that the presence of multiple products will prove too much for the transferee judge. The District of Idaho *Harrison* action includes infringement allegations against both the Defender FRT and Super Safety products, so the transferee judge will have to contend with more than one accused product regardless of any decisions we make on transfer of potential tag-along actions. And even if the conditional transfer process adds products to the litigation, "differences in the accused products and infringement allegations in the cases do not prevent centralization where common factual issues involving claim construction and patent validity are shared." *In re Proven Networks, LLC, Pat. Litig.*, 492 F. Supp. 3d 1338, 1339 (J.P.M.L. 2020). The transferee judge can employ any number of pretrial techniques—such as establishing separate discovery or motion tracks for the different devices—to efficiently manage this multi-patent, multi-product litigation.

Additional facts unique to this litigation further weigh against limiting this litigation's scope at the outset. In 2021, the Bureau of Alcohol, Tobacco, Firearms and Explosives classified Rare Breed Triggers' FRT-15, a forced reset trigger device, as a machinegun under federal firearms laws. The Department of Justice (DOJ) sued Rare Breed Triggers in 2023 to enjoin it from selling the FRT-15 and to recover criminal penalties for illegally selling machineguns.[4] On May 13, 2025, the DOJ entered a settlement agreement with Rare Breed Triggers that ended the litigation.[5] The DOJ touted the settlement as ending "a needless cycle of litigation" while including "conditions that significantly advance public safety with respect to FRTs, including that Rare Breed will not develop or design FRTs for use in any pistol and will enforce its patents to prevent infringement that could threaten public safety."[6] Specifically, Rare Breed Triggers agreed "to take all reasonable efforts to engage in patent enforcement seeking prohibitory injunctions against any person or entity that manufacturers, sells, or distributes any FRT during the life of U.S. Patent No. 10,514,223 patent, provided [it has] a good faith argument that the device is within the scope of the patent."[7] In turn, the DOJ "agree[d] to consider filing statements in support of [Rare Breed Triggers'] civil actions for injunctions against patent violators detailing the public interest to be served by the injunctions."[8] Limiting the scope of this litigation now may unnecessarily multiply the number of courts having to evaluate how any statements of interest that the DOJ may file affect the public

---

[4] Complaint, *United States v. Rare Breed Triggers, LLC*, C.A. No. 1:23-00369 (E.D.N.Y. Jan. 19, 2023), Dkt. No. 1.

[5] Exhibit 7 - Reply to Response Opposing Motion to Transfer, *In re Super Safety Pat. Litig.*, MDL No. 3176 (J.P.M.L. Jan. 20, 2026), Dkt. No. 15-1.

[6] *Department of Justice Announces Settlement of Litigation Between the Federal Government and Rare Breed Triggers*, U.S. DEPARTMENT OF JUSTICE OFFICE OF PUBLIC AFFAIRS (May 16, 2025), https://www.justice.gov/opa/pr/department-justice-announces-settlement-litigation-between-federal-government-and-rare-breed.

[7] Exhibit 7, *supra* note 5, at 3.

[8] *Id.* at 6.

interest in plaintiffs' requests for preliminary injunctions. That, in turn, may lead to inconsistent injunction decisions.

Consistent with our decision not to restrict this litigation solely to actions where plaintiffs assert the '247 patent against the Super Safety device, we will rename this litigation, "In re: Rare Breed Triggers Patent Litigation" to better reflect the substance of the litigation.

The Eastern District of Texas is an appropriate transferee district for this litigation. Rare Breed Triggers is a Texas-based company, the inventors named on two of the asserted patents reside in Texas, and several potential tag-along actions are pending in the Eastern District of Texas. We assign this litigation to the Honorable Amos L. Mazzant, III, who is well-versed in complex patent litigation, but has not yet had the opportunity to preside over a multidistrict litigation. We are confident that Judge Mazzant will steer this litigation on a prudent and expeditious course.

IT IS THEREFORE ORDERED that actions listed on Schedule A are transferred to the Eastern District of Texas and, with the consent of that court, assigned to the Honorable Amos L. Mazzant, III, for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that MDL No. 3176 is hereby renamed *In re: Rare Breed Triggers Patent Litigation*.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
Roger T. Benitez             Dale A. Kimball
Madeline Cox Arleo

**IN RE: SUPER SAFETY PATENT LITIGATION**                    MDL No. 3176

## SCHEDULE A

District of Idaho

RARE BREED TRIGGERS, INC., ET AL. v. DNT LLC, ET AL., C.A. No. 4:25-00298
ABC IP, LLC, ET AL. v. HARRISON GUNWORKS LLC, ET AL., C.A. No. 4:25-00299

Northern District of Ohio

ABC IP, LLC, ET AL. v. 80MILLS LLC, ET AL., C.A. No. 1:25-01262

Western District of Oklahoma

ABC IP, LLC, ET AL. v. Z3 PRODUCTIONS LLC, ET AL., C.A. No. 5:25-00695

Southern District of Texas

ABC IP, LLC, ET AL. v. NGUYEN, C.A. No. 4:25-02961

Western District of Texas

ABC IP, LLC, ET AL. v. HANES TACTICAL LLC, ET AL., C.A. No. 3:25-00201