**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, and PEARSON GARDNER,<br><br>Defendants. | Civil Action No. 4:26-cv-00380-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER COPE,<br><br>Defendant. | Civil Action No. 2:26-cv-00033-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW,<br><br>Defendants. | Civil Action No. 4:26-cv-00377-ALM |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HANES TACTICAL, LLC, and DAMION TERRELL BENNETT,<br><br>Defendants. | Civil Action No. 4:26-cv-00369-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HARRISON GUNWORKS LLC, and TYLER HARRISON,<br><br>Defendants. | Civil Action No. 4:26-cv-00379-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MARS TRIGGER, LLC, and PETER BRENNEN,<br><br>Defendants. | Civil Action No. 2:26-cv-00030-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MISTER GUNS, LLC, THOMAS CARTER II, and BRANDI CARTER | Civil Action No. 2:26-cv-00056-ALM |

| | |
|---|---|
| Defendants. | |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN THANH NGUYEN, d/b/a POLYMER PEW,<br><br>Defendant. | Civil Action No. 4:26-cv-00425-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OPTICS PLANET, INC., d/b/a ECENTRIA,<br><br>Defendant. | Civil Action No. 4:26-cv-00521-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PISTOLCAP LIMITED COMPANY, d/b/a FRISCO GUNS, and MORDEKHAI HARROCH,<br><br>Defendants. | Civil Action No. 2:26-cv-00053-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs, | Civil Action No. 2:26-cv-00055-ALM |

| | |
|---|---|
| v.<br><br>PROSOURCE FIREARMS, LLC,<br><br>Defendant. | |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR FIREARMS OF TEXAS, LLC,<br><br>Defendant. | Civil Action No. 2:26-cv-00058-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>Z3 PRODUCTIONS, LLC, d/b/a Z3PRO,<br><br>Defendant. | Civil Action No. 4:26-cv-00367-ALM |

**ABC IP, LLC, AND RARE BREED TRIGGERS, INC.'S MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiffs ABC IP, LLC ("ABC") and Rare Breed Triggers, Inc. ("Rare Breed") (collectively, "Plaintiffs") submit this Motion for leave to seal Plaintiffs' Consolidated Motion for Preliminary Injunction ("Motion for PI") and Supporting Declarations of Lawrence DeMonico and Richard J. Eichmann (collectively, "Supporting Declarations"). Plaintiffs have met and conferred with counsel for Defendants in the above-captioned action (collectively "Defendants"). Defendants oppose. Plaintiffs state the following:

1. The Supreme Court has recognized the existence of a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) ("The public has a common law right to inspect and copy judicial records." (citation quotation marks omitted)).

2. However, "'the right to inspect and copy judicial records is not absolute,'. . . and the presumption in favor of public access to court records can be overcome in certain instances. For example, courts have denied public access to . . . 'sources of business information that might harm a litigant's competitive standing.'" *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-cv-1202, 2017 WL 434207, at *1 (E.D. Tex. Feb. 1, 2017) (quoting *Nixon*, 435 U.S. at 598).

3. For instance, courts in this and other districts have granted motions to seal where the sealed information relates to a party's revenues, license agreements, and other information that would otherwise put the party at a "competitive disadvantage." *Id.* at *2 (granting motion to seal revenues and license agreements); *Mylan Institutional LLC v. Aurobindo Pharma Ltd.*, No. 2:16-cv-00491, Dkt. No. 22 (E.D. Tex. June 10, 2016) (granting motion to seal preliminary injunction motion and accompanying declarations); *Boehringer Ingelheim Pharma GMBH & Co. KG v. Mylan Pharm., Inc.*, No. 14-cv-4727, 2015 WL 1816473, at *2 (D.N.J. Apr. 22, 2015) (granting

motion to seal because "the information relating to MPI's and Mylan Inc.'s sales and revenue is confidential and proprietary, and MPI and Mylan Inc. would suffer serious commercial injury if such information became available to the public").

4. Plaintiffs' Motion for PI and the Supporting Declarations contain highly confidential information concerning Plaintiffs' financial data. In particular, the Declarations of Lawrence DeMonico (and Exhibits A–D thereto) and Richard J. Eichmann contain the following confidential information of the Plaintiffs: financial information regarding revenue, costs, product losses, license agreements, and confidential information regarding Rare Breed's dealer relationships and former and prospective customers. Plaintiffs' Motion for PI relies on these Supporting Declarations and incorporates the aforementioned categories of confidential information throughout. If any of this information were to become public, Plaintiffs' competitors—and even Plaintiffs' customers and contractual partners—could leverage this information to put Plaintiffs at a competitive disadvantage.

5. As a Protective Order has not yet been entered, Plaintiffs respectfully move for leave to file their Motion for Preliminary Injunction and Supporting Declarations under seal.

DATED: May 28, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy *(admitted pro hac vice)*
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 28, 2026, to all counsel of record via electronic mail.

*/s/ Matthew A. Colvin*
Matthew A. Colvin

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for Plaintiffs attempted to meet with counsel for Defendants to discuss the parties' positions on this motion. Counsel for Plaintiffs, Benjamin J. Christoff, emailed counsel for Defendants on May 15, 2026, to schedule telephonic meetings regarding Defendants' position on the motion. During meetings conducted between May 18 and May 22, Defendants' Counsel stated that they would provide their positions on the motion, but Plaintiffs' Counsel did not receive their positions. Plaintiffs' Counsel sent a follow-up email on May 22 again seeking Defendants' positions, but did not receive responses from Defendants' Counsel. Plaintiffs consider the motion opposed.

*/s/ Matthew A. Colvin*
Matthew A. Colvin