# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, and PEARSON GARDNER,<br>Defendants. | Civil Action No. 4:26-cv-00380-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs.<br>v.<br>CHRISTOPHER COPE,<br>Defendant. | Civil Action No. 2:26-cv-00033-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW,<br>Defendants. | Civil Action No. 4:26-cv-00377-ALM |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>HANES TACTICAL, LLC, and DAMION TERRELL BENNETT,<br>Defendants. | Civil Action No. 4:26-cv-00369-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>HARRISON GUNWORKS LLC, and TYLER HARRISON,<br>Defendants. | Civil Action No. 4:26-cv-00379-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs.<br>v.<br>MARS TRIGGER, LLC, and PETER BRENNEN,<br>Defendants. | Civil Action No. 2:26-cv-00030-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v. | Civil Action No. 2:26-cv-00056-ALM |

| | |
|---|---|
| MISTER GUNS, LLC, THOMAS CARTER II, and BRANDI CARTER<br><br>Defendants. | |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN THANH NGUYEN, d/b/a POLYMER PEW,<br><br>Defendant. | Civil Action No. 4:26-cv-00425-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OPTICS PLANET, INC., d/b/a ECENTRIA,<br><br>Defendants. | Civil Action No. 4:26-cv-00521-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PISTOLCAP LIMITED COMPANY, d/b/a, FRISCO GUNS, and MORDEKHAI HARROCH,<br><br>Defendants. | Civil Action No. 2:26-cv-00053-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., | Civil Action No. 2:26-cv-00055-ALM |

| | |
|---|---|
| Plaintiffs,<br><br>v.<br><br>PROSOURCE FIREARMS, LLC,<br><br>Defendants. | |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR FIREARMS OF TEXAS, LLC,<br><br>Defendants. | Civil Action No. 2:26-cv-00058-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>Z3 PRODUCTIONS, LLC d/b/a Z3PRO,<br><br>Defendant. | Civil Action No. 4:26-cv-00367-ALM |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1 – 3)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and subject to the Court's Order granting Plaintiffs' Motion for Expedited Discovery, Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc. (collectively, "Plaintiffs"), request that Defendant(s) respond separately and fully, in writing and under oath, to each of the following interrogatories within twenty (20) days of service, or within such other time as the Court may order.

In answering these Interrogatories, Defendant(s) shall give full and complete answers based on their knowledge, as well as the knowledge of any agents, employees, investigators, attorneys, or other Persons who may have obtained information on their behalf. To the extent that any answer to any of these Interrogatories may at any time be incomplete or incorrect due to information acquired subsequent to the service of its initial response, service of supplemental answers reflecting the complete and correct information, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, shall be promptly provided.

The following definitions and instructions apply:

## DEFINITIONS

The following definitions shall apply throughout these requests, regardless of whether upper or lower case letters are used:

1. "This Action" or "this Litigation" means the above-captioned litigation, including all claims and counterclaims, if any, asserted therein.

2. "Defendants" or "You" means all individuals and entities specified in Appendix B and any past or present officers, directors, managers, members, employees, agents, consultants, contractors, representatives, predecessors, successors, parents, subsidiaries, affiliates, or other persons acting or purporting to act on their behalf.

3. "Rare Breed" means Plaintiff Rare Breed Triggers, Inc., including its officers, directors, employees, agents, and representatives.

4. "Asserted Patents" means all patents specified in Appendix B.

5. "Accused Product" means all products specified in Appendix B and any trigger product marketed, sold, offered for sale, distributed, licensed, or otherwise commercialized under the same names or designations, including all versions, iterations, modifications, prototypes, design variants, rebranded versions, component parts, and slip trip kits and lower housings designed for use with the same.

6. "Communication" or "Correspondence" means any transmission or exchange of information from one Person to another, regardless of the medium of communication, and includes, without limitation, oral, electronic, and written communication.

7. "Document" has the meaning prescribed by Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence. The term "Document" includes Documents in any form, including data stored electronically. Any draft of a Document that varies from any other draft of the Document and any comment or notation to any Document that is not part of the original text and to be considered separate Documents.

8. "Person" means any natural person, individual, firm, corporation, partnership, proprietorship, joint venture, unincorporated associations, government agency, and all other groups of persons, organizations, or entities of any type.

9. To "identify" a Document means to provide the date of preparation and, if different, the date of the Document itself, the identity of each author, the identity of each addressee and copy recipient, the format of the Document (e.g., hardcopy or electronic), the number of pages and the

type of Document, and the present location and the identity of each Person who has possession, custody, or control of the Document, and the production number of such Document.

10. To "identify" a Person means to provide the Person's full name, present or last known residence address and telephone number, present or last known employer or other business affiliation, and the Person's present or last known employment address and telephone number.

11. The phrases "relate(s) to," "related to," "relating to," "concern(s)," or "concerning" mean embodying, identifying, confirming, containing, showing, constituting, reflecting, referring to, evidencing, discussing, or pertaining to in any way, directly or indirectly, or having any logical or factual connection with the subject matter in question.

12. The terms "and," "or," and "and/or" shall be construed in the conjunctive and the disjunctive to encompass the broadest category.

13. "Including" means including without limitation.

14. The singular shall be construed to include the plural and vice versa.

## INSTRUCTIONS

The following instructions apply to the interrogatories below and should be considered part of each interrogatory:

1. If you withhold information or decline to fully identify any person, document, or communication, or portion thereof, in response to any of the interrogatories set forth below on grounds of privilege or any other claim of immunity from discovery, then for each identification, document, communication, or portion thereof withheld, state the following: (a) the type of document (e.g., letter, memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject matter; and (e) names and addresses of all persons to whom that information was disclosed.

2. In the event that you object to any interrogatory on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that interrogatory as narrowed to the least extent necessary to render it not overbroad/unduly burdensome and state specifically the extent to which you have narrowed the interrogatory.

3. In the event that you object to any interrogatory on the ground that it is vague and/or ambiguous, identify the particular words, terms, or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning attributed by you to such words, terms, or phrases for purposes of your response thereto.

4. These interrogatories are continuing and may require supplemental response and production. If any information responsive to any interrogatory is not presently known, identifiable or available, include a statement to that effect and provide modified or supplemental responses when known, identifiable, or available.

5. Each interrogatory shall be answered separately and fully in writing under oath as required by Fed. R. Civ. P. 33.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify and describe in detail Defendants' current financial condition, including: (a) all assets owned by or held for the benefit of Defendants, including cash and cash equivalents, accounts receivable, inventory, real property, equipment, intellectual property, and other tangible or intangible assets, and the current value or book value of each; (b) all bank accounts, brokerage accounts, and other depository accounts held by or for the benefit of Defendants, including the institution, account type, and current balance of each; (c) all outstanding debts, liabilities, liens, encumbrances, guarantees, and contingent liabilities, and the amount and holder of each; (d) all lines of credit, loan facilities, or other committed financing available to Defendants, and the amount available under each; (e) all insurance policies that may provide coverage for claims asserted in this Litigation, including the insurer, policy number, coverage limits, and any applicable reservations of rights.

**INTERROGATORY NO. 2:**

For each Accused Product, state, from first sale to the present: (a) the number of units sold, offered for sale, or otherwise distributed, broken down by month; (b) gross revenue, broken down by month; (c) unit cost of goods sold, unit gross profit, and unit net profit, together with the methodology used to calculate net profit; (d) current inventory on hand; and (e) the identity of each distributor, dealer, retailer, or other commercial purchaser of any Accused Product, together with the units and dollar value sold to each.

**INTERROGATORY NO. 3:**

Identify and describe in detail the Accused Product that You have distributed, marketed, sold, or offered for sale, including but not limited to: (a) the product's design, components, and

configuration, including all versions or iterations of the Accused Product that You have handled; (b) a detailed explanation of how the device operates when installed or used with a firearm, and any changes it makes to the firearm's triggering mechanism, firing sequence, or mode of operation; (c) all instructions, manuals, technical specifications, marketing materials, or other documents describing the operation, performance, or functionality of the Accused Product; (d) the identity of the manufacturer(s), designer(s), and any upstream supplier(s) of the Accused Product, including their contact information; and (e) any representations or statements You have made, or that were provided to You, regarding the performance capabilities or functional effects of the Accused Product.

DATED: May 28, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy (admitted pro hac vice)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 28, 2026, to all counsel of record via electronic mail.

*/s/ Matthew A. Colvin*
Matthew A. Colvin