# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM<br>MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, and PEARSON GARDNER,<br>Defendants. | Civil Action No. 4:26-cv-00380-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs.<br>v.<br>CHRISTOPHER COPE,<br>Defendant. | Civil Action No. 2:26-cv-00033-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW,<br>Defendants. | Civil Action No. 4:26-cv-00377-ALM |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>HANES TACTICAL, LLC, and DAMION TERRELL BENNETT,<br>Defendants. | Civil Action No. 4:26-cv-00369-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>HARRISON GUNWORKS LLC, and TYLER HARRISON,<br>Defendants. | Civil Action No. 4:26-cv-00379-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs.<br>v.<br>MARS TRIGGER, LLC, and PETER BRENNEN,<br>Defendants. | Civil Action No. 2:26-cv-00030-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v. | Civil Action No. 2:26-cv-00056-ALM |

| | |
|---|---|
| MISTER GUNS, LLC, THOMAS CARTER II, and BRANDI CARTER<br><br>Defendants. | |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN THANH NGUYEN, d/b/a POLYMER PEW,<br><br>Defendant. | Civil Action No. 4:26-cv-00425-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OPTICS PLANET, INC., d/b/a ECENTRIA,<br><br>Defendants. | Civil Action No. 4:26-cv-00521-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PISTOLCAP LIMITED COMPANY, d/b/a, FRISCO GUNS, and MORDEKHAI HARROCH,<br><br>Defendants. | Civil Action No. 2:26-cv-00053-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., | Civil Action No. 2:26-cv-00055-ALM |

| | |
|---|---|
| Plaintiffs,<br><br>v.<br><br>PROSOURCE FIREARMS, LLC,<br><br>Defendants. | |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR FIREARMS OF TEXAS, LLC,<br><br>Defendants. | Civil Action No. 2:26-cv-00058-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>Z3 PRODUCTIONS, LLC d/b/a Z3PRO,<br><br>Defendant. | Civil Action No. 4:26-cv-00367-ALM |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1 – 4)**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and subject to the Court's Order granting Plaintiffs' Motion for Expedited Discovery, Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc. (collectively, "Plaintiffs"), request that Defendant(s) produce the Documents and Things described below within twenty (20) days of service, or within such time as the Court may order.

Production shall be made electronically in reasonably usable form at a mutually agreed location or by secure electronic transfer. These Requests seek Documents and Things within the possession, custody, or control of Defendant(s).

The following Definitions and Instructions apply:

## DEFINITIONS

As used herein, unless specified otherwise, the terms listed below shall be defined as follows. Insofar as a term is not explicitly defined, the meaning to be used is the commonly accepted definition of the term in the context of the request with the understanding that each word, term, or phrase used in this set of Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. In this set of requests, the following terms are to be given their ascribed definitions:

1. "This Action" or "this Litigation" means the above-captioned litigation, including all claims and counterclaims, if any, asserted therein.

2. "Defendants" or "You" means all individuals and entities specified in Appendix B and any past or present officers, directors, managers, members, employees, agents, consultants, contractors, representatives, predecessors, successors, parents, subsidiaries, affiliates, or other persons acting or purporting to act on their behalf.

3. "Rare Breed" means Plaintiff Rare Breed Triggers, Inc., including its officers, directors, employees, agents, and representatives.

4. "Asserted Patents" means all patents specified in Appendix B.

5. "Accused Product" means all products specified in Appendix B and any trigger product marketed, sold, offered for sale, distributed, licensed, or otherwise commercialized under the same names or designations, including all versions, iterations, modifications, prototypes, design variants, rebranded versions, component parts, and slip trip kits and lower housings designed for use with the same.

6. "Communication" or "Correspondence" means any transmission or exchange of information from one Person to another, regardless of the medium of communication, and includes, without limitation, oral, electronic, and written communication.

7. "Document" has the meaning prescribed by Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence. The term "Document" includes Documents in any form, including data stored electronically. Any draft of a Document that varies from any other draft of the Document and any comment or notation to any Document that is not part of the original text and to be considered separate Documents.

8. "Person" means any natural person, individual, firm, corporation, partnership, proprietorship, joint venture, unincorporated association, government agency, and all other groups of persons, organizations, or entities of any type.

9. "Produce" means to provide copies of Documents and Things in full, including all attachments and metadata, in reasonably usable form consistent with Fed. R. Civ. P. 34.

10. The phrases "relate(s) to," "related to," "relating to," "concern(s)," or "concerning" mean embodying, identifying, confirming, containing, showing, constituting, reflecting, referring

to, evidencing, discussing, or pertaining to in any way, directly or indirectly, or having any logical or factual connection with the subject matter in question.

11. The terms "and," "or," and "and/or" shall be construed in the conjunctive and the disjunctive to encompass the broadest category.

12. "Including" means including without limitation.

13. The singular shall be construed to include the plural and vice versa.

## INSTRUCTIONS

1. You are to provide full and complete responses to the following Requests after conducting a thorough, diligent investigation into all information and materials within your possession, custody, or control.

2. If You decline to produce any Document or part thereof based on a claim of privilege or any other claim, provide the nature and basis for Your claim.

3. If no Documents or Things are responsive to a particular request, You are to state that no responsive Documents or Things exist.

4. If You object to any portion of a Request, produce all non-privileged Documents responsive to the portion not objected to.

5. Documents and Things shall be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in these Requests. Electronically stored information shall be produced in reasonably usable form consistent with Fed. R. Civ. P. 34.

6. The obligation to produce extends to Documents and Things within Your possession, custody, or control, including Documents and Things held by Your officers, employees, agents, consultants, affiliates, and other persons acting or purporting to act on Your behalf.

7. These requests are continuing and may require supplemental response and production. You are under a duty to supplement all responses to these requests to include information acquired after service of the responses, even if such responses were correct when first provided.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

Documents sufficient to show Defendants' pricing strategy for the Accused Products, including: (a) any analysis, discussion, or consideration of Rare Breed's pricing, market position, or competitive standing in connection with setting the Accused Products' price(s); (b) documents reflecting or analyzing the decision to set the Accused Products' retail price(s), including any cost analyses, margin calculations, or pricing models; (c) any market share analyses, market sizing estimates, or competitive landscape assessments relating to the reset trigger market; and (d) Defendants' profit per Accused Product.

**DOCUMENT REQUEST NO. 2:**

Documents sufficient to show past and projected sales volume of the Accused Products, in dollars and units, including: (a) records reflecting all of Defendants' sales of the Accused Products in units and dollars; (b) internal sales forecasts, projections, and business plans related to the Accused Products; (c) inventory of Accused Products on hand; and (d) production schedules and manufacturing capacity analyses for the Accused Products.

**DOCUMENT REQUEST NO. 3:**

Non-privileged documents reflecting or relating to Communications, between Defendants and any third party — including manufacturers, suppliers, distributors, retailers, customers, licensees, investors, and potential acquirers — concerning (a) the Asserted Patents; (b) this

Litigation or any other litigation involving the Asserted Patents or Rare Breed; (c) the risk, scope, or potential effect of an injunction on sales or distribution of the Accused Products; or (d) contingency planning or alternative sourcing or distribution relating to the Accused Products.

**DOCUMENT REQUEST NO. 4:**

Documents sufficient to show Defendants' financial condition and ability to satisfy a money judgment in this Litigation, including: (a) financial statements, including balance sheets, income statements, and statements of cash flow; (b) federal and state tax returns; (c) documents sufficient to identify all bank accounts, brokerage accounts, and other depository accounts held by or for the benefit of Defendants, together with monthly statements for each; (d) documents sufficient to identify all tangible or intangible assets owned by Defendants, together with any valuations or appraisals; (e) documents sufficient to identify all outstanding debts, liabilities, liens, encumbrances, guarantees, and contingent liabilities; (f) all credit agreements, loan agreements, lines of credit, and related documents reflecting available or committed financing; (g) all insurance policies that may provide coverage for claims asserted in this Litigation, including any applicable declarations and reservation-of-rights correspondence; and (h) documents reflecting any projections, forecasts, or analyses of Defendants' future revenues, expenses, cash flow, or financial condition.

DATED: May 28, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy (admitted pro hac vice)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 28, 2026, to all counsel of record via electronic mail.

*/s/ Matthew A. Colvin*
Matthew A. Colvin