# EXHIBIT M

Wood Herron & Evans LLP
intellectual property law

Clement H. Luken, Jr.
Gregory F. Ahrens
Wayne L. Jacobs
Kurt A. Summe
Keith R. Haupt
Thomas W. Humphrey
David H. Brinkman
Kathryn E. Smith
David E. Jefferies
J. Dwight Poffenberger, Jr.
Brett A. Schatz
Sarah Otte Graber
Randall S. Jackson, Jr.
Steven W. Benintendi, Ph.D.
Glenn D. Bellamy
Kevin E. Kuehn
David A. Fitzgerald II
Sean K. Owens
W. Scott Gaines
Louis H. Sitler
Michael E. Glennon
Joseph L. Falkiewicz ±
Bryn E. Ericksen
I. Marshall Fontenot+
Bruce Tittel *
David J. Josephic *
Kenneth B. Germain *
Stephen E. Gillen *
Thomas J. Burger *
P. Andrew Blatt, Ph.D.*
Lori Krafte*
* Counsel
+Technical Advisor
± Admitted in Michigan

GBELLAMY@WHE-LAW.COM
DIRECT: (513) 707-0243

March 31, 2025

***Via USPS Priority Mail Express***
Tactical Titan Supply
Attn: Legal Department
1603 Capitol Ave.
Ste 415 - 557441
Cheyenne, Wyoming 82001

Re: **Infringement of U.S. Patent No. 12,038,247**

Dear Sir/Ma'am,

This firm represents ABC IP, LLC ("ABC") in intellectual property matters. ABC is the owner of U.S. Patent No. 12,038,247 ("the '247 Patent") and others, Additional related patents are pending. A copy of the '247 Patent is enclosed for your reference. ABC holds numerous patents, including U.S. Patent No. 10,514,223, which has been exclusively licensed to Rare Breed Triggers LLC ("Rare Breed"), and successfully enforced against multiple infringers.

The '247 Patent covers a forced reset trigger with a cam movable between first and second positions to force the trigger to reset. It is an infringement to make, use, sell, offer to sell, or import any product covered by any claim of any of this patent in the United States, and all infringers in the chain of commerce are liable for full damages adequate to compensate for the infringement. 35 U.S.C. §§ 271 and 284. Additionally. anyone who actively induces or contributes to infringement is liable as an infringer. 35 U.S.C. §§ 271 and 284.

It has come to our attention that you, d/b/a/ Tactical Titan Supply, are selling or offering to sell what has come to be known as a "Super Safety" (3 Position), as shown below, via the Tactical Titan Supply website (https://tacticaltitansupply.com) and numerous private Facebook groups. When installed as instructed, the "Super Safety" (3 Position) is covered by at least claims 15 and 20 of the '247 Patent. Thus, use, manufacture, or sale constitutes an infringement of the '247 Patent.



We also see that you are selling or offering to sell precut triggers, which are specially designed triggers for use with a "Super Safety" (3 Position) in addition to spare "Super Safety" cam levers shown below.





These precut triggers and spare "Super Safety" cam levers are not standard components intended for use with a traditional fire control group. Rather, they are specially designed and manufactured for use exclusively with the "Super Safety" (3 Position) device. You are offering these precut triggers and spare "Super Safety" cam levers not only for use with devices you have sold directly, but also for use with "Super Safety" products made or sold by others. As such, these triggers constitute a material part of the invention claimed in the '247 Patent, are not staple articles or commodities of commerce suitable for substantial noninfringing use, and are intended to be assembled into infringing devices. Your manufacture, sale, and offer for sale of these precut triggers therefore constitutes contributory infringement under 35 U.S.C. § 271(c), and your conduct in facilitating their use with third-party "Super Safety" devices constitutes active inducement of infringement under 35 U.S.C. § 271(b). As such, you are fully liable for all resulting damages caused to the patent owner.

In addition, we have observed that you are selling or offering to sell a "Super Safety FCG Completion Kit," pictured below. The manner in which you have packaged and marketed these parts clearly indicates an intent that they be combined with other items—such as a precut trigger which is specially designed and manufactured for use exclusively with the "Super Safety" (3

Position) device—to make an infringing combination of parts. As such, the kit is being promoted and sold for the purpose of assembling infringing devices. Your manufacture, sale, and offer for sale of the "Super Safety FCG Completion Kit" and your conduct in facilitating its use with third-party "Super Safety" devices therefore constitutes contributory and/or active inducement of infringement under 35 U.S.C. § 271(b) and (c). You are fully liable for all resulting damages caused to the patent owner.



Accordingly, we must demand that you immediately cease and desist from any further sale or offer to sell the "Super Safety" (3 Position), the precut triggers, and spare "Super Safety" cam levers, which are specially designed parts for use with a "Super Safety" (3 Position), or any other component part(s) or product(s) covered by or inducing infringement of the '247 Patent. In addition, you must immediately cease and desist from the sale, offer for sale, and marketing of the "Super Safety FCG Completion Kit," as it is being promoted and distributed for the purpose of assembling infringing devices.

In order to negotiate a legal resolution without litigation, provide the following information:

- The number of units made or sold since July 16, 2024,
- The total revenue from the sale of these products,
- Identity and contact information for any wholesale purchasers, dealers, or resellers to whom you have sold this product, and
- If Tactical Titan Supply did not manufacture these products or all of their components, identify the manufacturer from whom they were obtained and/or the vendor who supplied the components.

Knowing infringement or continuing to infringe after notice indicates willful infringement, which can incur a judgment of treble damages and/or payment of attorneys' fees in litigation. **Please provide the information and confirm that you are immediately complying no later than April 15, 2025.**

Having been notified of this claim, you have a legal obligation to preserve all documents and records relating to your manufacture, sale, and offer for sale of these items. Spoliation of evidence can result in sanctions and/or legal inferences that the destroyed evidence was inculpatory.

We urge you to seek the advice of a competent patent attorney in this very serious legal matter and look forward to your prompt response.

This letter is without prejudice to any claims or remedies available to ABC IP, LLC (and/or Rare Breed Triggers LLC), including damages, injunctive relief, and/or attorneys' fees.

Very truly yours,

Glenn D. Bellamy

Enclosure
cc: ABC IP, LLC