A TRUE COPY I CERTIFY
DAVID A O'TOOLE, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

By:      _MichelleBaxter_

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**


**IN RE: RARE BREED TRIGGERS PATENT LITIGATION**          MDL No. 3176


**TRANSFER ORDER**


**Before the Panel:**[*]  Defendants in the eight actions listed on Schedule A (the Disruptor actions) move under Panel Rule 7.1 to vacate the order conditionally transferring the actions listed on Schedule A to MDL No. 3176.  Plaintiffs Rare Breed Triggers, Inc., and ABC IP, LLC (collectively plaintiffs), oppose the motion and support transfer.

After considering the parties' arguments, we find that these actions involve common questions of fact with the actions transferred to MDL No. 3176, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order establishing this MDL, we held that the Eastern District of Texas was an appropriate Section 1407 forum for actions sharing factual questions concerning plaintiffs' allegations that several forced reset trigger (FRT) devices[1] infringe one or more of seven patents.  *See In re Super Safety Pat. Litig.*, MDL No. 3176, 2026 WL 914655 (J.P.M.L. Apr. 2, 2026).  Plaintiffs allege in the Disruptor actions that the Partisan Disruptor, an FRT device that defendants make or sell, infringes U.S. Patent Nos. 10,514,223 (the '223 patent); 11,724,003 (the '003 patent); 12,036,336 (the '336 patent); and 12,274,807 (the '807 patent).  Plaintiffs assert the same patents against another FRT device in one action the Panel initially centralized, and they assert those patents against the Partisan Disruptor device in an action that the Panel has since transferred to MDL No. 3176.[2]  The Disruptor actions will accordingly share common questions of fact about claim construction and validity for the '223, '003, '336, and '807 patents, as well as plaintiffs' allegations that the Partisan Disruptor device infringes those patents.

Defendants argue this overlap is insufficient for transfer because plaintiffs assert the '223, '003, '336, and '807 patents in only one of the six actions the Panel initially centralized.  The argument falls short because it ignores that plaintiffs currently assert the '223, '003, '336, and '807

---

[*] Judge Karen K. Caldwell and Judge Madeline Cox Arleo took no part in the decision of this matter.

[1] An FRT is an aftermarket firearm part that allows a shooter to maintain continuous pressure and achieve a significantly higher rate of fire while technically performing a separate trigger pull for each round.

[2] *ABC, IP, LLC v. Optics Planet, Inc.*, No. 4:26-00521 (E.D. Tex.).

patents against the Partisan Disruptor product in MDL No. 3176. While that alone provides sufficient factual overlap for transfer, we also explained in our order creating MDL No. 3176 how the '223, '003, '336, and '807 patents "are, like the other patents, directed to inventions in the exceptionally narrow field of forced reset triggers." *In re Super Safety*, 2026 WL 914655, at *2. Given the overlap, we declined to narrow the MDL's scope to allegations related to the Super Safety device or the patents asserted against it. *Id.* We also renamed MDL No. 3176 to better capture its "multi-patent, multi-product" nature. *See id.* at *3.

We are unconvinced that the District of Wyoming *Peak Tactical* action, where the defendants are the Partisan Disruptor manufacturers, has progressed so far as to merit exclusion from MDL No. 3176. Although there are pending motions to dismiss in *Peak Tactical*, we routinely transfer actions with pending motions to dismiss. *See, e.g.*, *In re Procter & Gamble Co. "Protect, Grow and Restore" Mktg. and Sales Pracs. Litig.*, 796 F. Supp. 3d 1373, 1374 (J.P.M.L. 2025) ("Pending motions to dismiss are not an impediment to transfer."). While the judge presiding over *Peak Tactical* denied plaintiffs' motion for a preliminary injunction and presumably spent considerable time analyzing the issues before him, this will not be the first case we have transferred to MDL No. 3176 in which the transferor court has ruled on a preliminary injunction. In the Eastern District of Tennessee *Hoffman* action, the transferor court granted plaintiffs' request for a preliminary injunction. The Panel transferred *Hoffman* to MDL No. 3176 via unopposed conditional transfer order shortly after centralizing the litigation. While both judges gained some familiarity with the patents and products at issue in their respective actions, neither definitively construed the asserted patent claims or resolved the parties' infringement and invalidity contentions. That leaves significant efficiencies to be gained by transfer to MDL No. 3176, where the transferee court can resolve those issues consistently.

According to defendants, setting plaintiffs' preliminary injunction requests before the same judge will not serve the interests of consistency or efficiency because the analysis will be different for each product. Defendants argue that the transferor courts' denial of a preliminary injunction in *Peak Tactical* and grant of a preliminary injunction in *Hoffman* illustrates the point. We disagree. Those decisions underscore the need for MDL No. 3176. Although each judge confronted different combinations of patents asserted against different products, both judges weighed Rare Breed's settlement agreement with the Department of Justice and the Department of Justice's statement of interest in *Hoffman* and reached different conclusions about whether an injunction would serve the public interest. Defendants argue that the decisions are reconcilable based on patent and product differences, but allowing the Disruptor actions to continue separately will not prevent a different judge confronting the same patents at issue in *Peak Tactical* from reaching a different conclusion. The Rare Breed settlement will raise factual issues in each case that are simply absent from all the cases defendants cite in support of their motion to vacate.

We are also unpersuaded by defendants' procedural arguments against transfer. Whether the patent venue statute would have prevented plaintiffs from filing these actions in the Eastern District of Texas, as defendants argue, does not affect our analysis. "Transfers under Section 1407 are simply not encumbered by considerations of in personam jurisdiction and venue." *In re Delta*

*Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1379 (J.P.M.L. 2020) (quoting *In re FMC Corp. Pat. Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976)). Moreover, the Supreme Court said nothing in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. 258 (2017), about the patent venue statute overriding the Panel's Section 1407 transfer authority. If Congress intended to limit our transfer authority with respect to patent actions, it would have done so explicitly. *See In re Bear Creek, Techs., Inc. ('722) Pat. Litig.*, 858 F. Supp. 2d 1375, 1378 (J.P.M.L. 2012) ("In the recent past, when Congress has limited the Panel's authority to transfer a certain category of actions, it has done so explicitly.").

Defendants' convenience arguments likewise miss the mark. It may cost some parties more to litigate in the Eastern District of Texas than in their preferred forum, but the Panel "look[s] to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation." *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012). As we have explained, this litigation has a significant connection to Texas and will be, on balance, convenient for all the parties involved. *See In re Super Safety*, 2026 WL 914655, at *3. Even if defendants' attorneys must travel further as part of the MDL, the individual defendants and corporate defendants' representatives are unlikely to incur added travel burdens. *See In re Cygnus Telecomms. Tech., LLC, Pat. Litig.*, 177 F. Supp. 2d 1375, 1376 (J.P.M.L. 2001) (Because "Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise.").

Finally, defendants argue that transfer is inappropriate because plaintiffs rebuffed their offers for informal coordination. Defendants allegedly have asked plaintiffs to voluntarily transfer the Disruptor actions to the District of Wyoming, bifurcate the Disruptor claims for separate adjudication, or stay the actions against the Disruptor dealers so that the *Peak Tactical* action can proceed through claim construction, invalidity, and infringement determinations on behalf of all Disruptor actions. These proposals are, at best, circuitous paths to achieve efficiencies already available in MDL No. 3176. Separating claims involving the Partisan Disruptor device from claims involving other FRT products will not eliminate the possibility of conflicting claim construction and invalidity determinations because plaintiffs assert the '223, '003, '336, and '807 patents in MDL No. 3176 against multiple products. And the transferee judge can decide whether to stay any actions or bifurcate proceedings as ably as the transferor judge. Allowing the transferee court to make those discretionary case management decisions in a centralized proceeding will best ensure consistent claim construction, invalidity, and injunctive relief determinations.

-4-

IT is THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of Texas and, with the consent of that court, assigned to the Honorable Amos L. Mazzant, III, for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____

Matthew F. Kennelly
Acting Chair

David C. Norton                    Dale A. Kimball
M. Casey Rodgers

**IN RE: RARE BREED TRIGGERS PATENT LITIGATION**          MDL No. 3176

## SCHEDULE A

District of Arizona

RARE BREED TRIGGERS INCORPORATED, ET AL. v. FIREARM SYSTEMS LLC, ET AL., C.A. No. 2:25−04938
ABC IP LLC, ET AL. v. SGC LLC, ET AL., C.A. No. 2:26−00085

Southern District of Iowa

ABC IP, LLC, ET AL. v. HAWKPHIN SALES, LLC, ET AL., C.A. No. 4:26−00015

District of Idaho

ABC IP, LLC, ET AL. v. CLOAK INDUSTRIES, INC., ET AL., C.A. No. 1:26−00001

Eastern District of Louisiana

ABC IP, LLC, ET AL. v. CANUCK TACTICAL LLC, C.A. No. 2:26−00576

Eastern District of Missouri

ABC IP, LLC, ET AL. v. WEBCORP, INC., ET AL., C.A. No. 4:26−00018

Eastern District of Washington

ABC IP LLC, ET AL. v. AR−TT LLC, ET AL., C.A. No. 2:26−00014

District of Wyoming

ABC IP LLC, ET AL. v. PEAK TACTICAL LLC, ET AL., C.A. No. 2:26−00018