A TRUE COPY I CERTIFY
DAVID A O'TOOLE, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

By: _____*MichelleBaxter*_____

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: RARE BREED TRIGGERS PATENT LITIGATION**                    MDL No. 3176

**TRANSFER ORDER**

**Before the Panel:[*]**  The defendants in the Southern District of Indiana *Orion Arms* and District of Utah *HK Parts* actions listed on Schedule A jointly move under Panel Rule 7.1 to vacate our order that conditionally transferred the actions against them to MDL No. 3176.  Atrius Development Group Corporation, Inc. (Atrius), supports the motion.  Plaintiffs Rare Breed Triggers, Inc., and ABC IP, LLC, oppose the motion and support transfer.

After considering the parties' arguments, we find that *Orion Arms* and *HK Parts* involve common questions of fact with the actions transferred to MDL No. 3176, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order creating this MDL, we held that the Eastern District of Texas was an appropriate Section 1407 forum for actions sharing factual questions concerning plaintiffs' allegations that several forced reset trigger (FRT) devices[1] infringe one or more of seven patents.  *In re Super Safety Pat. Litig.*, 829 F. Supp. 3d 1370 (J.P.M.L. 2026).  Plaintiffs allege in *Orion Arms* and *HK Parts* that defendants infringe U.S. Patent Nos. 12,038,247 (the '247 patent), 12,031,784 (the '784 patent), and 12,578,159 (the '159 patent) by making, using, importing, selling, or offering for sale the Atrius Forced Reset Selector, an FRT device.  Plaintiffs further accuse the defendant in *HK Parts* of infringing the same three patents by making, using, importing, selling, or offering for sale another FRT device, the ARC-Fire.  Plaintiffs assert the same patents against several FRT devices, including the Atrius Forced Reset Selector and the ARC-Fire, in various MDL actions.  *Orion Arms* and *HK Parts* will accordingly share common questions of fact about claim construction and validity for the '247, '784, and '159 patents, as well as plaintiffs' allegations that the Atrius Forced Reset Selector and ARC-Fire devices infringe those patents.

Orion Arms and HK Parts, with support from Atrius (collectively transfer opponents), argue this overlap is insufficient for Section 1407 transfer because the MDL actions focus primarily

---

[*] Judge Karen K. Caldwell took no part in the decision of this matter.

[1] An FRT is an aftermarket firearm part that allows a shooter to maintain continuous pressure and achieve a significantly higher rate of fire while technically performing a separate trigger pull for each round.

on the devices known as "Super Safety" or "Partisan Disruptor" (or a combination of those and other FRT devices). That is not the case. We rejected at the outset of this litigation an attempt to narrow the scope of this MDL solely to actions involving the Super Safety device. *Super Safety*, 829 F. Supp. 3d at 1373. Moreover, focusing on which FRT devices are at issue in most MDL actions ignores the overlap created by plaintiffs' assertion of the '247, '784, and '159 patents against the Atrius Forced Reset Selector and the Super Safety devices. Claim construction and validity are patent-specific, not product dependent, so their common assertion is likely to raise common questions of fact regardless of the products at issue.

Transfer opponents also attack the premise that the Atrius Forced Reset Selector is at issue in the MDL. Plaintiffs allege in the *Optics Planet* MDL action[2] that the Atrius Forced Reset Selector infringes the '247, '784 and '159 patents. Transfer opponents ask us to ignore that action because the defendant in *Optics Planet* withdrew its opposition to the conditional transfer order without explaining its reasons for doing so and because that party's decisions cannot bind other defendants. How the *Optics Planet* action arrived in the MDL does not affect our transfer analysis. Instead, our transfer decision rests on the fact that questions regarding whether the Atrius Forced Reset Selector infringes the '247, '784, and '159 patents are squarely at issue in the MDL.

Finally, transfer opponents argue that case management procedures outside the MDL offer a better alternative to Section 1407 transfer. They propose staying *Orion Arms* and *HK Parts* under the customer-suit exception in their current venues while plaintiffs and Atrius litigate Atrius's declaratory judgment action pending in the MDL. While we have previously suggested that "stays pursuant to the customer suit exception may be an appropriate alternative to centralization" in some instances, this is not such a case. *In re Personalweb Techs., LLC, & Level 3 Commc'ns, LLC, Pat. Litig.*, 340 F. Supp. 3d 1373, 1374 (J.P.M.L. 2018). Atrius's declaratory judgment action cannot resolve all issues in the District of Utah *HK Parts* action, which involves both the ARC-Fire and Atrius Forced Reset Selector devices. Furthermore, the transferee judge already has pending motions to stay other actions under the customer-suit exception. Transferring these overlapping actions to the MDL, where defendants can request stays under the customer-suit exception, will ensure that if the transferee judge decides to grant any such motion, he can apply it to all similarly situated actions without duplicative labor.

---

[2] *ABC, IP, LLC v. Optics Planet, Inc.*, No. 4:26-00521 (E.D. Tex.).

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of Texas and, with the consent of that court, assigned to the Honorable Amos L. Mazzant, III, for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____

Matthew F. Kennelly
Acting Chair

David C. Norton                 Dale A. Kimball
Madeline Cox Arleo              M. Casey Rodgers
Richard Seeborg

**IN RE: RARE BREED TRIGGERS PATENT LITIGATION**          MDL No. 3176

**SCHEDULE A**

Southern District of Indiana

ABC IP LLC, ET AL. v. ORION ARMS CORP. D/B/A ORION WHOLESALE,
    C.A. No. 4:26−00032

District of Utah

ABC IP, LLC, ET AL. v. HK PARTS INC., C.A. No. 2:26−00090