**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| **This document pertains to:** | |
| *ABC IP, LLC, et al. v. 80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, et al.* | **Civil Action No. 4:26-cv-00380-ALM** |
| *ABC IP, LLC, et al. v. 810VELOCITY et al.* | **Civil Action No. 4:26-cv-00954-ALM** |
| *ABC IP, LLC, et al. v. ADVANCED THREAT ASSESSMENT et al.* | **Civil Action No. 4:26-cv-00801-ALM** |
| *ABC IP, LLC, et al. v. AR-15 GUN OWNERS OF AMERICA, INC.* | **Civil Action No. 4:26-cv-00761-ALM** |
| *ABC IP, LLC, et al. v. AREA 43 LLC, et al.* | **Civil Action No. 4:26-cv-00609-ALM** |
| *ABC IP, LLC, et al. v. ARGENT WOLFZ, et al.* | **Civil Action No. 4:26-cv-01069-ALM** |
| *ABC IP, LLC, et al. v. AR-TT, LLC d/b/a TAKEDOWN TOOLS; et al.* | **Civil Action No. 4:26-cv-00693-ALM** |
| *ABC IP, LLC, et al. v. ANTONIO CHOUKAIR d/b/a ASTRO TACTICAL* | **Civil Action No. 4:26-cv-00755-ALM** |
| *ABC IP, LLC, et al. v. AS Designs et al.* | **Civil Action No. 4:26-cv-00370-ALM** |

| | |
|---|---|
| *ABC IP, LLC, et al. v. ATLANTIC FIREARMS et al.* | **Civil Action No. 4:26-cv-00926-ALM** |
| *ABC IP, LLC, et al. v. BARRICADE, LLC, d/b/a BARRICADE TACTICAL, et al.* | **Civil Action No. 4:26-cv-00320-ALM** |
| *ABC IP, LLC, et al. v. BRANDON HIATT d/b/a WICK DESIGNS* | **Civil Action No. 4:26-cv-01067-ALM** |
| *ABC IP, LLC, et al. v. BRANDON SMITH d/b/a SMOKEY POINT 2A, et al.* | **Civil Action No. 4:26-cv-01021-ALM** |
| *ABC IP, LLC, et al. v. BSSQUIRTS, et al.* | **Civil Action No. 4:26-cv-01070-ALM** |
| *ABC IP, LLC, et al. v. JACOB RUSTY BURSE d/b/a SHACKLEFORD'S FRT* | **Civil Action No. 4:26-cv-00833-ALM** |
| *ABC IP, LLC, et al. v. CACTUS AMMO LLC and GRANT WILLIAM BOURNE* | **Civil Action No. 4:26-cv-00998-ALM** |
| *ABC IP, LLC, et al. v. CANUCK TACTICAL LLC, d/b/a RANGESPORT AMERICA LLC* | **Civil Action No. 4:26-cv-00705-ALM** |
| *ABC IP, LLC et al v. CF TACTICAL INC.* | **Civil Action No. 4:26-cv-00757-ALM** |
| *ABC IP, LLC, et al. v. CLOAK INDUSTRIES, INC., et al.* | **Civil Action No. 4:26-cv-00608-ALM** |
| *ABC IP, LLC, et al. v. CHRISTOPHER COPE,* | **Civil Action No. 2:26-cv-00033-ALM** |
| *ABC IP, LLC et al v. DAIRYLAND DEFENSE SOLUTIONS, LLC* | **Civil Action No. 4:26-cv-00374-ALM** |

| | |
|---|---|
| *ABC IP, LLC, et al. v. DIRTY BIRD INDUSTRIES, et al.* | **Civil Action No. 4:26-cv-01013-ALM** |
| *ABC IP, LLC et al v. DNT LLC, d/b/a Deez Nutz Tactical,* | **Civil Action No. 4:26-cv-00377-ALM** |
| *ABC IP, LLC et al v. DOGWOOD ARMORY et al.* | **Civil Action No. 4:26-cv-00760-ALM** |
| *ABC IP, LLC et al v. DUNEDIN HOLDING LLC d/b/a MID-TIER DEFENSE* | **Civil Action No. 4:26-cv-00940-ALM** |
| *ABC IP, LLC, et al. v. EAST COAST CERAKOTE, et al.* | **Civil Action No. 4:26-cv-00831-ALM** |
| *ABC IP, LLC et al. v. EAST VALLEY TACTICAL et al.* | **Civil Action No. 4:26-cv-00996-ALM** |
| *ABC IP, LLC et al v. ELEANOR ARMORY, LLC, et al.* | **Civil Action No. 4:26-cv-00915-ALM** |
| *ABC IP, LLC et al v. JOHN FAULKNER d/b/a FIREARMS DEPOT* | **Civil Action No. 4:26-cv-00847-ALM** |
| *ABC IP, LLC, et al v. FIREARM SYSTEMS LLC d/b/a FIREARM SYSTEMS, et al.* | **Civil Action No. 4:26-cv-00695-ALM** |
| *ABC IP, LLC, et al v. FREEDOM UNLIMITED GROUP, et al.* | **Civil Action No. 4:26-cv-01071-ALM** |
| *ABC IP, LLC et al v. DAVID FRESHWATER d/b/a IDAHO ARMS & AMMO* | **Civil Action No. 4:26-cv-00930-ALM** |
| *ABC IP, LLC et al. v. GDI-3D LLC* | **Civil Action No. 4:26-cv-00822-ALM** |

| | |
|---|---|
| *ABC IP, LLC et al v. GEN X ARMS & GUNWORK'S LLC et al.* | **Civil Action No. 4:26-cv-00845-ALM** |
| *ABC IP, LLC et al. v. GRABAGUN LLC* | **Civil Action No. 4:26-cv-00810-ALM** |
| *ABC IP, LLC et al. v. GUN BUILDERS DEPOT, LLC, et al.* | **Civil Action No. 4:26-cv-00753-ALM** |
| *ABC IP, LLC, et al. v. HANES TACTICAL, LLC,* | **Civil Action No. 4:26-cv-00369-ALM** |
| *ABC IP, LLC, et al. v. HARRISON GUNWORKS LLC, et al.* | **Civil Action No. 4:26-cv-00379-ALM** |
| *ABC IP, LLC, et al. v. HAWKPHIN SALES, LLC, d/b/a BATTLEHAWK ARMORY/ BATTLE OPTICS/ BATTLE SHOP/ BATTLE SHOPS/ LAKEFRONT ARMORY, et al.* | **Civil Action No. 4:26-cv-00707-ALM** |
| *ABC IP, LLC et al. v. HD ARMS* | **Civil Action No. 4:26-cv-00941-ALM** |
| *ABC IP, LLC, et al. v. HK PARTS* | **Civil Action No. 4:26-cv-01045-ALM** |
| *ABC IP, LLC, et al. v. HOFFMAN* | **Civil Action No. 4:26-cv-00378-ALM** |
| *ABC IP, LLC et al. v. INOCULUM GROUP et al.* | **Civil Action No. 4:26-cv-00945-ALM** |
| *ABC IP, LLC et al. v. JESSE T. KLINE* | **Civil Action No. 4:26-cv-00958-ALM** |
| *ABC IP, LLC et al. v. LAM SOLUTIONS, MATTHEW LAM and NATE LAM* | **Civil Action No. 4:26-cv-00997-ALM** |

| | |
|---|---|
| *ABC IP, LLC et al. v. MAD RIVER FIREARM CO et al.* | **Civil Action No. 4:26-cv-00736-ALM** |
| *ABC IP, LLC, et al v. MARS TRIGGER, LLC et al.* | **Civil Action No. 2:26-cv-00030-ALM** |
| *ABC IP, LLC, et al. v. MERCIER & SONS LLC, et al.* | **Civil Action No. 4:26-cv-01030-ALM** |
| *ABC IP, LLC, et al. v. MGCC ENTERPRISES* | **Civil Action No. 4:26-cv-01068-ALM** |
| *ABC IP, LLC et al. v. MIST DISTRIBUTORS LLC, et al.* | **Civil Action No. 4:26-cv-01011-ALM** |
| *ABC IP, LLC, et al. v. MISTER GUNS, LLC, et al.* | **Civil Action No. 2:26-cv-00056-ALM** |
| *ABC IP, LLC, et al. v. STEVEN THANH NGUYEN, d/b/a POLYMER PEW* | **Civil Action No. 4:26-cv-00425-ALM** |
| *ABC IP, LLC et al. v. NSPEC INNOVATIONS, LLC, et al.* | **Civil Action No. 4:26-cv-00948-ALM** |
| *ABC IP, LLC et al. v. ODIN WORKS, INC., et al.* | **Civil Action No. 4:26-cv-01091-ALM** |
| *ABC IP, LLC, et al. v. OLDE ENGLISH OUTFITTERS* | **Civil Action No. 4:26-cv-00932-ALM** |
| *ABC IP, LLC, et al. v. ONE HORSE, et al.* | **Civil Action No. 4:26-cv-01065-ALM** |
| *ABC IP, LLC, et al v. OPTICS PLANET, INC., d/b/a ECENTRIA* | **Civil Action No. 4:26-cv-00521-ALM** |

| | |
|---|---|
| *ABC IP, LLC, et al. v. PARA BELLUM RESEARCH LAB LLC, et al.* | **Civil Action No. 4:26-cv-01008-ALM** |
| *ABC IP, LLC, et al v. PEAK TACTICAL, LLC d/b/a PARTISAN TRIGGERS, et al.* | **Civil Action No. 4:26-cv-00698-ALM** |
| *ABC IP, LLC et al. v. PEMBLETON AND SONS' LLC* | **Civil Action No. 4:26-cv-00992-ALM** |
| *ABC IP, LLC, et al. v. PISTOLCAP LIMITED COMPANY, d/b/a FRISCO GUNS, et al.* | **Civil Action No. 2:26-cv-00053-ALM** |
| *ABC IP, LLC, et al. v. PROSOURCE FIREARMS, LLC* | **Civil Action No. 2:26-cv-00055-ALM** |
| *ABC IP, LLC, et al. v. QUICK RESPONSE FIREARMS et al.* | **Civil Action No. 4:26-cv-00944-ALM** |
| *ABC IP, LLC, et al. v. REDACTED ARMS, LLC* | **Civil Action No. 4:26-cv-00754-ALM** |
| *ABC IP, LLC, et al. v. SGC, LLC d/b/a SCOTTSDALE GUN CLUB, et al.* | **Civil Action No. 4:26-cv-00694-ALM** |
| *ABC IP, LLC et al. v. SHOOTING TARGETS USA, LLC et al.* | **Civil Action No. 4:26-cv-00799-ALM** |
| *ABC IP, LLC et al. v. SKER INDUSTRIES* | **Civil Action No. 4:26-cv-00928-ALM** |
| *ABC IP, LLC, et al. v. STARK80, et al.* | **Civil Action No. 4:26-cv-01018-ALM** |
| *ABC IP, LLC, et al. v. STRYKE GUNWORKS, LLC* | **Civil Action No. 4:26-cv-01001-ALM** |

| | |
|---|---|
| *ABC IP, LLC, et al. v. SUPER SAFE SOLUTIONS, LLC, et al.* | **Civil Action No. 4:26-cv-01086-ALM** |
| *ABC IP, LLC, et al. v. SUPERIOR FIREARMS OF TEXAS, LLC* | **Civil Action No. 2:26-cv-00058-ALM** |
| *ABC IP, LLC, et al. v. TACTICAL SOLUTIONS GROUP, LLC, et al.* | **Civil Action No. 4:26-cv-00735-ALM** |
| *ABC IP, LLC, et al. v. TGR SERVICES, LLC, d/b/a MISSION RIDGE LLC & MISSION RIDGE RANGE & ACADEMY LLC, f/k/a TEXAS GUN RANGE OPERATORS LLC, et al.* | **Civil Action No. 4:26-cv-00680-ALM** |
| *ABC IP LLC et al. v. TRINITY TRIGGER LLC* | **Civil Action No. 4:26-cv-00936-ALM** |
| *ABC IP, LLC, et al. v. VANCE OUTDOORS INC., d/b/a SPORTSMAN OUTDOOR SUPERSTORE, et al.* | **Civil Action No. 4:26-cv-01009-ALM** |
| *ABC IP, LLC, et al. v. VELOCITY AMMUNITION SALES LLC, et al.* | **Civil Action No. 4:26-cv-00954-ALM** |
| *ABC IP, LLC, et al. v. WEBCORP, INC. d/b/a TACTICAL SHIT/LIBERAL TEARS/SIGGLOCKINCOLT.COM, et al.* | **Civil Action No. 4:26-cv-00768-ALM** |
| *ABC IP, LLC, et al. v. Z3 PRODUCTIONS, LLC, d/b/a Z3PRO* | **Civil Action No. 4:26-cv-00367-ALM** |
| *ATRIUS DEVELOPMENT GROUP CORPORATION, INC. v. ABC IP, LLC et al.* | **Civil Action No. 4:26-cv-00448-ALM** |
| *ATRIUS DEVELOPMENT GROUP CORPORATION, INC. v. ABC IP, LLC et al.* | **Civil Action No. 4:26-cv-00984-ALM** |

**PLAINTIFFS' NOTICE OF READINESS TO PROCEED UNDER**
**FEDERAL RULE OF CIVIL PROCEDURE 16.1**

Plaintiffs ABC IP, LLC, and Rare Breed Triggers, Inc. ("Plaintiffs") respectfully advise the Court that they are ready to proceed with the initial case management process contemplated by Federal Rule of Civil Procedure 16.1.

Plaintiffs have completed filing new actions and do not presently anticipate filing additional complaints in the immediate future. All actions against known large manufacturers of the accused products are in the MDL, and Plaintiffs anticipate that any additional complaints that would be filed in the future will be against resellers of accused products manufactured by those manufacturers already in the MDL or contract manufacturers of the OEMs already in the MDL. Apart from a small number of parties evading service efforts, the parties named in Plaintiffs' filed actions have been served. Plaintiffs are working to complete filing notices identifying potential tag-along actions currently known to them. Plaintiffs expect the pending transfer process for those actions to proceed in the ordinary course over the next few weeks.

Accordingly, Plaintiffs respectfully request that the Court enter an order: (1) setting a deadline for the parties to meet and confer regarding the matters identified in Rule 16.1(b), the proposed discovery order, the proposed ESI order, and the proposed protective order; (2) setting a deadline for submission of the Rule 16.1(b) report and related proposed orders; and (3) setting the initial management conference contemplated by Rule 16.1(a). Plaintiffs respectfully submit this notice so that the Court may establish those deadlines and the conference date at its convenience. At minimum, Plaintiffs seek guidance from the Court concerning the application and sequencing of Rule 16.1. Defendants interpret Rule 16.1(a) and (b)(1) to mean that the parties should not even begin discussing or completing the Rule 16.1 report or related proposed orders until the Court first schedules an initial management conference and orders the parties to meet and submit a report.

Defendants have extended that interpretation beyond the completion of the Rule 16.1 report to their preparation of proposed language for the Discovery Order, ESI Order, and Protective Order. Whether or not Rule 16.1 requires that sequence, Defendants' interpretation has become an impediment to completing the parties' case-management submissions and moving these cases forward. An order establishing applicable deadlines for the Rule 16.1 process would resolve that dispute, eliminate Defendants' stated basis for further postponement, and permit the parties to proceed.

Plaintiffs alone have taken the initiative to begin the Rule 16.1 process. Three weeks ago, on July 29, 2026, Plaintiffs circulated to Defendants a proposed Rule 16.1(b) report, Discovery Order, ESI order, and Protective Order (circulated almost 2 months ago on July 1, 2026) and requested Defendants' positions and proposed edits. *See* Exs. 1–6. To date, Plaintiffs have only received a single response to the proposed Protective Order sent almost 2 months ago stating that Defendants would provide proposed revisions "in the coming weeks, or by any deadline set by the Court." *See* Ex. 7, July 7, 2026, Email from P. Swanson to B. Christoff.

Plaintiffs repeatedly asked Defendants to provide their positions and redlines to the draft Rule 16.1 submission and various discovery related orders. On August 3, Plaintiffs sought an update from Defendants regarding Defendants' input and edits. *See* Ex. 8, August 3, 2026, Email from C. Bruce to Defendants. On August 5, Plaintiffs again reached out to Defendants, answering some preliminary questions and expressly encouraging Defendants to coordinate among themselves and insert their positions into the draft Rule 16.1 report, which contained placeholders for Defendants' positions. *See* Ex. 9, August 5, 2026, Email from C. Bruce to Defendants. Plaintiffs also offered to meet and confer regarding the Rule 16.1 report. *Id.* On August 7, Plaintiffs again asked when Defendants expected to circulate edits. *See* Ex. 10, August 7, 2026,

Email from C. Bruce to Defendants. On August 12, after Defendants had been in possession of the proposed Rule 16.1 report, Discovery Order, and ESI Order for two weeks and the proposed protective order for more than a month, Plaintiffs requested edits by the close of business on August 14. *See* Ex. 11, August 12, 2026, Email from C. Bruce to Defendants.

The few responses Plaintiffs received from Defendants show that Defendants are using the absence of a Court-ordered Initial Management Conference pursuant to Fed. R. Civ. P. 16.1(a) as a basis for delaying providing their substantive positions. For example, on August 14, counsel for Peak Tactical and certain reseller defendants wrote that "Rare Breed has no basis to insist on filing case management documents now" because the Court has not set the Rule 16.1 initial case management conference or set a deadline for the Rule 16.1 report. *See* Ex. 12, August 14, 2026, Email from T. Getzoff to C. Bruce. The counsel for Peak Tactical mischaracterized the Court's actions to date, stating "since the Court has so far declined to set a conference, it would be improper to jump ahead of the Court and Rule 16.1(a) with Rare Breed's proposed filings, particularly when those proposals are broadly opposed." *Id.* Counsel then stated "[t]he same considerations cut against submitting proposed discovery orders, protective orders, and ESI orders. These generally are addressed as part of a case management conference, and they should wait accordingly." *Id.*

Other defense counsel have taken a similar position. Counsel for certain Super Safety defendants stated that those Defendants remained willing to confer and provide their clients' positions "at the appropriate point," while relying in part on "the fact that the Court has not yet initiated the Rule 16.1 conference/report process" as a reason not to proceed. *See* Ex. 13, August 14, 2026, Email from J. Skeriotis to C. Bruce. Counsel for Atrius and the Atrius Customer Defendants likewise cited the absence of a scheduled Initial Management Conference pursuant to Fed. R. Civ. P. 16.1(a) or an order directing the parties to meet and submit a report. *See* Ex. 14,

August 14, 2026, Email from E. Chin to C. Bruce. Further, counsel for Defendants did not provide any substantive update as to the progress of discussions between different Defendant groups regarding the draft Rule 16.1 report and other proposed orders, stating only that defendants are "actively reviewing Plaintiffs' proposals and coordinating with other known affected defendants" and that "[c]ounsel have been actively discussing the proposals[.]" *See* Ex. 14, August 14, 2026, Email from E. Chin to C. Bruce; *see* Ex. 13, August 14, 2026, Email from J. Skeriotis to C. Bruce.

In addition to using the absence of a Court-ordered Initial Management Conference pursuant to Fed. R. Civ. P. 16.1(a) as the primary basis for delay, Defendants have attempted to convert issues that should be addressed through proposed language into additional reasons for delay. Defendants' questions about which parties are on Plaintiffs' email distribution list, the possible addition of later-transferred parties, and differences among Defendant groups do not prevent any counsel from reviewing the drafts received, consulting the clients they currently represent, and proposing edits on those clients' behalf. If Defendants believe the proposed leadership structure is inadequate, they can propose another. That is why the draft Rule 16.1 report Plaintiffs circulated includes placeholders for Defendants' positions. Further, the differing interests of different Defendant groups do not prevent each Defendant from stating its own position. On the contrary, those asserted differences reinforce the need for Defendants to provide client-specific edits so that the parties can identify the actual areas of agreement and dispute for the Court. None of these issues require Defendants to wait for a Court-imposed deadline before stating their positions.

Indeed, Defendants' own correspondence demonstrates that their concerns are capable of being reduced to proposed language. For example, counsel for OpticsPlanet identified potential alternatives concerning the defense-leadership structure, the authority of lead counsel, direct filing,

and the treatment of previously entered orders. *See* Ex. 15, August 14, 2026, Email from G. Beach to C. Bruce. On August 14, counsel for Peak Tactical also shared "comment-tracking redlines" to the draft Rule 16.1 report, discovery order, and ESI order. *See* Ex. 12, August 14, 2026, Email from T. Getzoff to C. Bruce. Upon closer inspection, the "redlines" did not describe Defendants' positions, but merely inserted narrative comments summarizing concerns previously stated in correspondence, including Defendants' objection that it was premature to work together on the draft Rule 16.1 report and other proposed orders because the Court had not imposed a deadline. No Defendants have provided any proposed replacement language stating any client's position. Indeed, Peak's counsel expressly stated that those redlines did not assert positions on behalf of any party and are only "rough breakouts of responding counsels' narrative comments from email correspondence as applied to the documents." *Id.* Thus, to date, Plaintiffs have not received complete, client-authorized proposed language stating any Defendant's position on the four circulated documents.

Due to the ongoing delay by Defendants, the parties have not completed or conferred on the Rule 16.1(b) report or the related proposed discovery orders. Defendants continue to contend that the parties should defer conferral, completion, and submission of these materials until the Court enters an order kicking off the Rule 16.1 process. Plaintiffs respectfully submit that a Court-ordered schedule would resolve that procedural impasse. Plaintiffs are prepared to meet and confer promptly, consider Defendants' proposed language, identify agreed and disputed provisions, work to minimize any differences, and submit a report accurately presenting the parties' respective positions.

DATED: August 20, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
Tel: (214) 747-5070 / Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070 / Fax: (202) 783-2331

Glenn D. Bellamy (admitted *pro hac vice*)
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243 / Fax: (513) 241-6234

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450 / Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 20, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Matthew A. Colvin*
Matthew A. Colvin