# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM<br>MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, and PEARSON GARDNER,<br>Defendants. | Civil Action No. 4:26-cv-00380-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>CHRISTOPHER COPE,<br>Defendant. | Civil Action No. 2:26-cv-00033-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW,<br>Defendants. | Civil Action No. 4:26-cv-00377-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., | Civil Action No. 4:26-cv-00369-ALM |

| | |
|---|---|
| Plaintiffs,<br><br>v.<br><br>HANES TACTICAL, LLC, and DAMION TERRELL BENNETT,<br><br>Defendants. | |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HARRISON GUNWORKS LLC, and TYLER HARRISON,<br><br>Defendants. | Civil Action No. 4:26-cv-00379-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MARS TRIGGER, LLC, and PETER BRENNEN,<br><br>Defendants. | Civil Action No. 2:26-cv-00030-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MISTER GUNS, LLC, THOMAS CARTER II, and BRANDI CARTER<br><br>Defendants. | Civil Action No. 2:26-cv-00056-ALM |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN THANH NGUYEN, d/b/a POLYMER PEW,<br><br>Defendant. | Civil Action No. 4:26-cv-00425-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OPTICS PLANET, INC., d/b/a ECENTRIA,<br><br>Defendant. | Civil Action No. 4:26-cv-00521-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PISTOLCAP LIMITED COMPANY, d/b/a FRISCO GUNS, and MORDEKHAI HARROCH,<br><br>Defendants. | Civil Action No. 2:26-cv-00053-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PROSOURCE FIREARMS, LLC, | Civil Action No. 2:26-cv-00055-ALM |

| | |
|---|---|
| Defendant. | |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR FIREARMS OF TEXAS, LLC,<br><br>Defendant. | Civil Action No. 2:26-cv-00058-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>Z3 PRODUCTIONS, LLC, d/b/a Z3PRO,<br><br>Defendant. | Civil Action No. 4:26-cv-00367-ALM |

**JOINT INITIAL MANAGEMENT REPORT**

Pursuant to FRCP Rule 16.1(b), counsel for Plaintiffs and Defendants[1] in the current consolidated matters (collectively, the "Parties") file this Joint Initial Management Report in advance of an Initial Management Conference. The Parties note that there are additional cases with additional defendants that have been filed and are in the process of being consolidated. Consistent with Rule 16.1(b)(1)[2], undersigned counsel held a discussion on [DATE], via videoconference and [description of any correspondence] following that videoconference.

Unless otherwise noted, the positions set forth below reflect the joint position of undersigned counsel for the Parties. Where undersigned counsel for the Parties could not reach

[1] [Reference to Exhibit that lists all cases in MDL].
[2] [Reference to Exhibit that lists cases not yet fully in MDL].

agreement, the current positions of the Parties are set forth separately under the labeled headings. To the extent the Defendants have any different views among themselves, their positions are so indicated in subheadings under "*Defendants' Position*." Counsel for the Parties will be prepared to address these issues during the Initial Management Conference.

# TABLE OF CONTENTS

## I. PROPOSED SCHEDULE FOR FUTURE CASE MANAGEMENT CONFERENCES

***Plaintiffs' Position:***

The Plaintiffs request the issuance of an Order Governing Proceedings in the form ordinarily entered by this Court for patent cases, and the scheduling of an initial case management conference pursuant to Rule 16.1 to set a schedule for preliminary injunction hearings and other deadlines for the case at-large. Plaintiffs believe that regular monthly Case Management Conferences with the Court would benefit the parties in keeping the case moving forward. The parties may request subsequent case management conferences; the parties defer to the Court's discretion as to whether and when such conferences are needed.

Other than calls to the Court to request a telephonic hearing regarding any discovery disputes pursuant to this Court's usual procedures, and unless otherwise ordered, all substantive communication with the Court should be in writing, with copies to opposing counsel.

***Defendants' Position:***

## II. APPOINTMENT OF LEADERSHIP COUNSEL

FRCP 16.1(b)(2) contemplates a leadership counsel.

***Plaintiffs' Position:***

**i. Timing.** Plaintiffs agree that it would be beneficial for the Court to appoint Defendants' leadership counsel as soon as practicable, so that the Parties can begin to effectively and efficiently litigate.

**ii. Structure.** Plaintiffs, while deferring to the Court's preferences on a leadership structure, propose that the Court appoint up to three Leadership Counsel for Defendants.

**iii. Selection Procedure.** The Plaintiffs propose the Court select counsel representing Peak Tactical, AS Designs, and OpticsPlanet as leadership counsel. Counsel for Peak Tactical and

AS Designs will provide representation from two principal accused-product groups (so called "cartridge" and "safety" or "cam") and from defendants that manufacture the accused products. Further, AS Designs counsel was involved in the origin of the MDL request. Because OpticsPlanet operates a large, nationwide e-commerce platform and sells accused products from all accused product categories alongside a broad range of firearm accessories and equipment, OpticsPlanet represents interests and case-management concerns of distributors and retailers that may differ materially from those of manufacturers. Together, these three appointments would provide balanced representation across major accused-product groups and different levels of the distribution chain, while keeping the leadership structure sufficiently streamlined to coordinate discovery, avoid duplicative work, and communicate efficiently with Plaintiffs and the Court.

**iv. Responsibilities and Authority of Leadership.**

Plaintiffs propose the following responsibilities and authorities of the Leadership Counsel for Defendants:

- Attend and serve as leads and spokespersons for all Defendants during the coordinated pretrial proceedings in response to any inquiries by the Court or opposing counsel.
- Coordinate and oversee the activities of Defendants' counsel during these consolidated pretrial proceedings, as well as monitor and ensure that work conducted by Defendants' counsel is reasonably necessary and avoids unnecessary costs, duplication of effort, and extra burdens placed on Plaintiffs and third parties associated with responding to duplicative discovery requests and sitting for multiple depositions.
- Determine (after consultation with other Defendants' counsel, as appropriate) the Defendants' position on all matters arising during pretrial proceedings.

- Make or submit any oral or written motions to the Court on behalf of the Defendants, as well as oppose, when necessary, any motions submitted by the Plaintiffs involving matters within the Leadership Counsel's sphere of responsibilities (except as to matters specifically directed to individual defendants and their counsel).
- Negotiate and enter into stipulations with the Plaintiffs regarding the litigation.
- Coordinate discovery on behalf of the Defendants, consistent with the requirements of Fed. R. Civ. P. 26.
- Consult with and employ expert witnesses and consultants.
- Perform any other task deemed necessary and proper for the Defendants' Leadership Counsel to accomplish its responsibilities as defined by the Court's orders.

**v. Proposed methods for communicating and reporting to court and non-leadership counsel.**

Defendants' Leadership Counsel shall be responsible for disseminating information from the Court to other Defendants' counsel and *pro se* defendants, as appropriate.

**vi. Limits on non-leadership counsel.**

The Plaintiffs' counsel proposes that, except as the Court may hereafter order, no general discovery of Plaintiffs or other common action or work in this litigation will be taken, except at the direction, or with express permission, of Defendants' Leadership Counsel.

**vii. Compensation.**

Plaintiffs do not have a position on the structure or amount of compensation by Defendants of the appointed Leadership Counsel.

**viii. Plaintiffs' Counsel**

Plaintiffs believe that a Leadership Counsel need not be appointed for Plaintiffs as there is a single group of two common plaintiffs. As such, Plaintiffs believe that Plaintiffs' counsel can move this case forward in a coordinated and efficient manner without Leadership Counsel.

***Defendants' Position(s)*:**

## III. PREVIOUSLY ENTERED ORDERS

***Plaintiffs' Position*:**

The Court's previously entered Order applicable to the dates for remaining briefing on Plaintiffs' Motion for a Preliminary Injunction (Dkt. 56) should be modified to adjust date #3 (for Defendants' sur-reply) backward by two weeks (on or before August 31) in order to facilitate coordination among all of the Defendants in taking the depositions of Plaintiffs under Rule 30(b)(6) and the individual deposition of Plaintiffs' declarant, Lawrence DeMonico (a principal of both Plaintiffs), in order to avoid burdening Mr. DeMonico (who is also anticipated to be both Plaintiffs' designee for all appropriate topics under Rule 30(b)(6)) with multiple or serial depositions by various Defendants or groups thereof on topics that are substantially identical and relevant to multiple Defendants.

***Defendants' Position(s)*:**

## IV. DIRECT FILING OF NEW ACTIONS

The Parties agree that there is no need for a direct filing order at this time and that any tag-along actions should be automatically consolidated with this action. In addition, if any new actions are consolidated with this action such that the existing schedule would be unduly prejudicial to the newly added defendant(s), the parties propose that the Court enter a separate schedule for these newly added actions.

## V. ADDRESSING RELATED ACTIONS

Two appeals involving related forced-reset-trigger patent litigation are presently pending before the United States Court of Appeals for the Federal Circuit. The first is *ABC IP LLC v. Peak Tactical LLC*, No. 26-1527, which is an appeal from the denial of preliminary injunctive relief in *ABC IP LLC v. Peak Tactical LLC*, No. 2:26-cv-00018-KHR (D. Wyo.), now transferred to this Court as No. 4:26-cv-00698-ALM. The second is *ABC IP, LLC v. Hoffman*, No. 26-1775, an appeal from the preliminary injunction entered in *ABC IP, LLC v. Hoffman*, No. 1:25-cv-00389-CLC-CHS (E.D. Tenn.), now transferred to this Court as No. 4:26-cv-00378-ALM (E.D. Tex.). In addition, there is an ongoing arbitration between RBT, Big Daddy, and Atrius. In the event that the arbitration becomes relevant to this MDL, the parties will inform the Court.

## VI. CONSOLIDATED PLEADINGS

***Plaintiffs' Position*:**

Consistent with this District's practice in consolidated multi-defendant actions, the parties should use the MDL master docket and a truncated caption for all filings, such that filings are only made in the MDL master docket. Second, Plaintiffs propose that the Court authorize a short-form complaint for tag-along and later-transferred actions, allowing claims against added defendants to proceed efficiently by identifying the Defendant(s), accused product(s), and asserted patent(s) specific to that action.

## VII. INITIAL DISCLOSURES REQUIRED BY FED. R. CIV. P. 26(A)(1)

***Plaintiffs' Position:***

Plaintiffs believe that in addition to the initial disclosures required by Fed. R. Civ. P. 26(a)(1), the Court should utilize its ordinary requirements and deadlines for parties to provide their "Mandatory Disclosures"[3] required under the Court's typical Order Governing Proceedings for

---

[3] "Mandatory Disclosures consist of Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) and the information listed below:

patent cases, and to provide Additional Disclosures required under the Court's typical Discovery Order for patent cases.

***Defendants' Position(s)*:**

## VIII. DISCOVERY

### a. Protective Order, Discovery Limits, and ESI Protocol

The Parties further submit as Exhibits XXX, XXX, and XXX respectively a [stipulated] proposed protective order, a [stipulated] proposed discovery order, and a [stipulated] proposed e-discovery order governing the preservation, collection, search, discovery, and production format of electronically stored information and hard copy documents, consistent with the Court's Local Rules. These draft orders are agreed except where noted in the drafts. The parties' respective positions and arguments with respect to the disputed provisions are addressed below.

***Plaintiffs' Position*:**

---

(1) the correct names of the parties to the action;
(2) the name and, if known, address and telephone number of any potential parties to the action;
(3) the name and, if known, the address and telephone number of persons having knowledge of facts relevant to the claim or defense of any party, a brief characterization of their connection to the case and a fair summary of the substance of the information known by such person (may be combined with list of persons required under Rule 26(a)(1)(A) so two list are not needed).
(1) depending upon agreements of the parties or ruling of the court, a copy of, or a description by category and location where each is available for inspection and copying, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party relevant to the claims or defenses of any party. In this regard, the parties might agree to exchange images of documents electronically or by means of computer disk instead of paper; or the parties might agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish copies of the disclosure materials. Various forms of staggered, or rolling, disclosures might be considered."

***Defendants' Position(s)*:**

## IX. EXPERT DISCLOSURES

The Parties do not currently anticipate any adjustments to Fed. R. Civ. P 26(a)(2) requirements.

## X. PRETRIAL MOTIONS

***Plaintiffs' Position*:**

The Plaintiffs' counsel anticipate motions to address case management and discovery issues that arise during the litigation (subject to the Court's ordinary procedures governing the resolution of Discovery Disputes[4]), Federal Rules of Evidence 702 motions concerning experts, motions to strike and/or for summary judgment pursuant to Federal Rule of Civil Procedure 56, and motions in limine. The parties will follow the deadlines for pretrial motions as set forth in the Court's scheduling order.

***Defendants' Position(s)*:**

## XI. MEASURES TO FACILITATE RESOLUTION

The Parties have not identified any measures which they currently believe will facilitate resolution of this matter.

---

[4] "**DISCOVERY DISPUTES:** In the event the parties encounter a discovery dispute, no motions to compel may be filed until after the parties fulfill the "meet and confer" requirement imposed by this Court's Local Rule CV-7(h). If the parties are unable to resolve the dispute without court intervention, the parties must then call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motion to compel. After reviewing the dispute, the Court will resolve the dispute, order the parties to file an appropriate motion, or direct the parties to call the discovery hotline.
A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules. The hotline number is (903) 590-1198. *See* Local Rule CV-26(e)."

## XII. REFERRAL OF MATTERS TO U.S. MAGISTRATE JUDGE

At this time, the Parties do not believe it is necessary for the Court to refer any matters to a U.S. Magistrate Judge.

## XIII. PRINCIPAL FACTUAL AND LEGAL ISSUES

***Plaintiffs' Statement*:**

### A. Factual Background

These consolidated actions arise from Plaintiffs' patented 'forced reset trigger' ("FRT®") technology. Plaintiff ABC IP, LLC owns the Patents-in-Suit and has exclusively licensed the Patents-in-Suit to Plaintiff Rare Breed Triggers, Inc. to design, manufacture, and sell FRT products. Plaintiffs assert one or more of nine patents across the member actions: U.S. Patent Nos. 12,038,247; 12,031,784; 12,529,538; 12,578,159; 12,636,403; 10,514,223; 11,724,003; 12,036,336; and 12,274,807. The particular patents and claims asserted vary by member action and accused product. The accused products fall within a limited number of forced-reset trigger product families, including the Super Safety, the ARC-Fire, the Atrius Forced Reset Selector, the Partisan Disruptor, and the Kabuto, together with related kits and components. Certain member actions also assert federal trademark infringement, federal false designation of origin and unfair competition, and common-law trademark infringement and unfair competition based on Defendants' unauthorized use of "FRT" or confusingly similar designations in connection with firearm triggers. RBTM LLC owns the FRT® marks, and Rare Breed is the exclusive licensee of those marks.

Defendants that include manufacturers, distributors, and resellers of Plaintiffs' patented technology make, use, sell, offer to sell, and/or import competing forced reset trigger products that infringe the Patents-in-Suit, and that are sold at a substantial discount to Plaintiffs' products. The Judicial Panel on Multidistrict Litigation centralized these actions in this District on April 2, 2026,

and has since transferred additional actions into the MDL recognizing the MDL's "multi-patent, multi-product" nature and the efficiencies of resolving the parties' common questions consistently in a single forum.

### B. Principal Factual Issues

The principal factual issues are expected to include, without limitation: (1) the structure, design, and operation of each accused product; (2) whether each accused product meets the limitations of the asserted claims; (3) each Defendant's manufacture, marketing, and/or sale of the accused products; (4) each Defendant's knowledge of the Patents-in-Suit and its conduct following notice, including pre-suit communications, service of the operative complaints, and Defendants' own public acknowledgments of Plaintiffs' patents and products; (5) Defendants' use of "FRT" or confusingly similar designations in connection with the advertising and sale of firearm triggers, including the likelihood of consumer confusion; and (6) the nature and extent of the harm to Plaintiffs, including lost market share, price erosion, and harm to Plaintiffs' goodwill and trademark rights.

### C. Principal Legal Issues

The principal legal issues are expected to include, without limitation: (1) claim construction of the disputed terms of the Patents-in-Suit; (2) whether Defendants directly infringe under 35 U.S.C. § 271(a) and/or indirectly infringe under § 271(b)–(c); (3) whether any infringement is willful; (4) the validity and enforceability of the Patents-in-Suit; (5) Plaintiffs' entitlement to preliminary and permanent injunctive relief; (6) the appropriate measure of damages, including whether this is an exceptional case under 35 U.S.C. § 285; and (7) whether Defendants' use of "FRT" or confusingly similar designations constitutes trademark infringement, false designation of origin, or unfair competition under federal or common law.

***Defendants' Position(s)*:**

**XIV. [ADDITIONAL MATTERS, IF ANY, THAT WE WOULD LIKE TO BRING TO THE COURT'S ATTENTION]**

DATED: June XX, 2026

Respectfully submitted,

*/s/ DRAFT*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy *(admitted pro hac vice)*
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July XX, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ DRAFT*
Matthew A. Colvin