# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, and PEARSON GARDNER,<br>Defendants. | Civil Action No. 4:26-cv-00380-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>CHRISTOPHER COPE,<br>Defendant. | Civil Action No. 2:26-cv-00033-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW,<br>Defendants. | Civil Action No. 4:26-cv-00377-ALM |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HANES TACTICAL, LLC, and DAMION TERRELL BENNETT,<br><br>Defendants. | Civil Action No. 4:26-cv-00369-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HARRISON GUNWORKS LLC, and TYLER HARRISON,<br><br>Defendants. | Civil Action No. 4:26-cv-00379-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MARS TRIGGER, LLC, and PETER BRENNEN,<br><br>Defendants. | Civil Action No. 2:26-cv-00030-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MISTER GUNS, LLC, THOMAS CARTER II, and BRANDI CARTER | Civil Action No. 2:26-cv-00056-ALM |

| | |
|---|---|
| Defendants. | |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN THANH NGUYEN, d/b/a POLYMER PEW,<br><br>Defendant. | Civil Action No. 4:26-cv-00425-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OPTICS PLANET, INC., d/b/a ECENTRIA,<br><br>Defendant. | Civil Action No. 4:26-cv-00521-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PISTOLCAP LIMITED COMPANY, d/b/a FRISCO GUNS, and MORDEKHAI HARROCH,<br><br>Defendants. | Civil Action No. 2:26-cv-00053-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs, | Civil Action No. 2:26-cv-00055-ALM |

| | |
|---|---|
| v.<br><br>PROSOURCE FIREARMS, LLC,<br><br>Defendant. | |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR FIREARMS OF TEXAS, LLC,<br><br>Defendant. | Civil Action No. 2:26-cv-00058-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>Z3 PRODUCTIONS, LLC, d/b/a Z3PRO,<br><br>Defendant. | Civil Action No. 4:26-cv-00367-ALM |

**PROTECTIVE ORDER**

The Parties[1] anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

## I. PURPOSES AND LIMITATIONS

(a) Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b) Nothing in this Order shall be construed to prejudice any Party's right to pursue any causes of action or defenses that it believes are available to it, in this or in any other matter. To the extent those rights are encumbered by this Protective Order, the Parties reserve the right to seek leave so that those causes of action or defenses can be pursued.

(c) The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under

[1] Currently the Parties are Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc. ("Plaintiffs") and Defendants 80Mills LLC d/b/a Tactical Titan Supply and Pearson Gardner; Christopher Cope; DNT LLC d/b/a Deez Nutz Tactical and Zach Morrow; Hanes Tactical, LLC and Damion Terrell Bennett; Harrison Gunworks LLC and Tyler Harrison; Mars Trigger, LLC and Peter Brennen; Mister Guns, LLC, Thomas Carter II, and Brandi Carter; Steven Thanh Nguyen d/b/a Polymer Pew; Optics Planet, Inc. d/b/a Ecentria; PistolCap Limited Company d/b/a Frisco Guns and Mordekhai Harroch; ProSource Firearms, LLC; Superior Firearms of Texas, LLC; and Z3 Productions, LLC d/b/a Z3PRO (collectively, "Defendants"). To the extent that additional parties are added to this MDL, they will be deemed to fall within the appropriate category.

Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

## II. DEFINITIONS

(a) "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b) "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, of counsel, paralegals and staff within the same firm of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c) "Patents-in-suit" means U.S. Patent Nos. 10,514,223; 11,724,003; 12,031,784; 12,036,336; 12,038,247; 12,274,807; 12,529,538; 12,578,159; and 12,636,403, and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d) "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e) "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f) "Protected Material(s)" means any Discovery Material(s) that is designated as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO"), or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR" ("PROSECUTION BAR") as provided for in this Order. For convenience, the shortened designations "AEO" or "PROSECUTION BAR" can be used to mark materials and will have the full effect of the level of protection designated by the full designation name. Protected Material shall not include: (i) materials that have been actually published or publicly disseminated, unless such materials were improperly published or publicly disseminated without the Producing Party's consent; and (ii) materials that show on their face they have been disseminated to the public.

(g) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

## III. COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

## IV. SCOPE

(a) The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b) Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c) Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d) This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**V. DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**VI. ACCESS AND USE OF PROTECTED MATERIAL**

(a) Basic Principles

All Protected Material shall be used solely for this case or any related proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b) Patent Prosecution Bar

(i) Any attorney representing a party or its affiliate, whether in-house or outside counsel, and any person associated with a party or its affiliate and permitted under this Order to receive another party's Discovery Material that is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR" ("PROSECUTION BAR"), who reviews, obtains, or receives Discovery Material designated by the Producing Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR"

("PROSECUTION BAR") under this Order relating to the design, development, structure, and/or function of the Producing Party's products that have not been publicly disclosed shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining directly to the field of invention of the patents-in-suit on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, whether by settlement or final judgment, excluding any appeals.

(ii) Nothing in this Order precludes any attorney representing the Receiving Party, whether in-house or outside counsel, and any person associated with the Receiving Party and permitted to receive the Producing Party's Discovery Material that is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR" ("PROSECUTION BAR") from participating in inter partes review proceedings, re-examinations, or interference proceedings before the USPTO, provided that any person who reviews, obtains, or receives the contents of materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR" ("PROSECUTION BAR") produced by another party, does not advise, consult, or participate in the drafting of amended or substitute claims in the proceeding.

(iii) To ensure compliance with the purpose of Section VI(b), each Receiving Party shall create an "Ethical Wall" between those persons with access to the Producing Party's Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR" ("PROSECUTION BAR") and any individuals who, on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining directly to the field of invention of the patent-in-suit; or advise, consult, or participate in the drafting or amending of claims or argue for the patentability of amended or newly drafted substitute claims in

a USPTO Proceeding, it being understood that counsel participating in the prosecution of a USPTO proceeding may continue to participate in the USPTO even after any action is taken to advise, consult, or participate in the drafting or amending of claims or argue for the patentability of amended or newly drafted substitute claims, provided that one or more other attorneys, who had not had access to the Producing Party's Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY—PROSECUTION BAR" ("PROSECUTION BAR") shall be solely responsible for advising, consulting, or participating in the drafting or amending of claims or argue for the patentability of amended or newly drafted substitute claims, limited to the field of the invention as defined above. This provision shall not bar entire firms, rather only the individuals who actually receive and review the Producing Party's Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY—PROSECUTION BAR" ("PROSECUTION BAR"). Notwithstanding this paragraph, an attorney subject to this section may forward to counsel participating in the types of proceedings described above any references identified as prior art during the course of this Action and nothing in this section shall prevent any attorney from sending prior art to an attorney involved in any prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. This exclusion does not apply to persons whose involvement with the prosecution of such patents or patent applications is limited to administrative oversight for billing or project assignment purposes.

(iv) To avoid unintentionally triggering the preclusive effects of this section, prior to producing Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY—PROSECUTION BAR" ("PROSECUTION BAR"), the Producing Party shall

notify the Receiving Party of its intent to produce such Protected Material and provide a brief summary of such materials. Within twenty-one (21) days of receiving such notice from the Producing Party, the Receiving Party shall indicate whether such Discovery Materials are responsive to the requesting party's discovery requests and should therefore be produced. If the Receiving Party fails, within the twenty-one (21)-day period, to indicate that the materials identified by the Producing Party are responsive, the parties agree that such materials shall be deemed not responsive, and the Producing Party is under no obligation to produce such Protected Material.

(c) Secure Storage, No Export

Protected Material must be stored and maintained by a Receiving Party at a location in the United States (i.e., it cannot be disclosed or transmitted outside of the United States), except as otherwise agreed or for use, for example, in the depositions of and in the country of the Producing Party and/or foreign custodians, and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(d) Artificial Intelligence (Generative AI)

Receiving Parties shall implement restrictions regarding the disclosure or use of Producing Parties' Protected Material in any generative artificial intelligence ("GenAI"), large language model ("LLM"), or other similar technology. The Receiving Party shall not load, import, submit, or otherwise transfer Protected Material produced by the Producing Party to an LLM or other GenAI platform where the Producing Party's Protected Material may be used to train open models or otherwise made accessible to other users of the LLM or AI platform not authorized to receive Protected Material under this Order. Before the Receiving Party transfers any of the Producing Party's Protected Material to a LLM or GenAI platform, the Receiving Party shall make reasonably

sure that it can delete all such Protected Material from the platform at the final disposition of this action, as defined in Section 18. The Receiving Party will be responsible for destroying such produced information from such tools at the final disposition of this action. This provision shall not be interpreted to preclude Receiving Parties from using standard Technology-Assisted Review (TAR) tools to analyze and review produced documents.

(e) Cross-Production of Defendant Confidential Material

No Defendant is required to produce its Protected Material to any other Defendant or Defendants, but nothing in this Order shall preclude such production.

## VII. DESIGNATING PROTECTED MATERIAL

(a) Available Designations

Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO"), or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR" ("PROSECUTION BAR").

(b) Written Discovery and Documents and Tangible Things

Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the

original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") during the inspection and re-designated, as appropriate during the copying process.

(c) Native Files

Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO"), or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR" ("PROSECUTION BAR") material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 10, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file, and which states that such print was "Created from Natively Produced Document."

(d) Depositions and Testimony

Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within ten (10) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") until the time within which it may be appropriately designated as provided for herein has passed. For the avoidance of doubt, the designation "CONFIDENTIAL –

ATTORNEYS' EYES ONLY – PROSECUTION BAR" ("PROSECUTION BAR") shall not be applied by default and must be affirmatively designated on the record or by written notice within the time period set forth in this paragraph. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## VIII. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i) The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and any copying or clerical litigation support services working at the direction of such Outside Counsel;

(ii) Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

(iii) Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; (d) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (e) no unresolved objections

to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

(iv) Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v) The Court, jury, and court personnel;

(vi) Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii) Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix) Any other person with the prior written consent of the Producing Party.

**IX. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY" OR "CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR"**

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. Such information may include, for example: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering

documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") may be disclosed only to: those persons in categories VIII(i, iii-ix). As to mock jurors in category VIII(vii), a Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) Discovery Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR" ("PROSECUTION BAR") shall be subject to the same restrictions set forth in this Section IX and shall be disclosed only to those persons identified herein who are authorized to receive "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") material. In addition, any individual who receives or reviews Discovery Material so designated shall be subject to the Patent Prosecution Bar set forth in Section VI, ¶ 6(b).

## X. NOTICE OF DISCLOSURE

(a) Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(iii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i) the name of the Person;

(ii) an up-to-date curriculum vitae of the Person;

(iii) an identification of all of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, relating to the design, development, operation, or patenting of forced reset trigger technology, or

relating to the acquisition of intellectual property assets relating to forced reset trigger technology;

(iv) an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant. During the pendency of and for a period of one (1) year after the Final Disposition of this action, as defined in Section 18, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of forced reset trigger technology, or the acquisition of intellectual property assets relating to forced reset trigger technology.

(b) Within ten (10) days of receipt of the disclosure of the Person, the Producing Party may object in writing to the Person for good cause. In the absence of an objection at the end of the ten (10) day period, the Person shall be deemed approved under this Protective Order as to that Party. There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period. If the Producing Party objects to disclosure to the Person within such ten (10) day period, the Parties shall meet and confer via telephone or in person within five (5) days

following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, the objecting Party's designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c) For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(d) Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e) An initial failure to object to a Person under this Section shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause. If an objection is made, the Parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) days after the meet and confer, further Protected Material may thereafter be provided to the Person.

**XI. INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a) The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within seven (7) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b) A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless the Receiving Party knew or should have known that such Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 11(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c) Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO"), or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR" ("PROSECUTION BAR"), shall apply on a going-forward basis and shall not disqualify anyone who reviewed such Discovery Material while the Discovery Material was not marked with a higher confidentiality designation from engaging in the activities set forth in Paragraph 6(b), provided that upon receipt of the corrected

designation, the Receiving Party shall comply with the applicable restrictions of this Order, including the Patent Prosecution Bar, on a going-forward basis.

## XII. CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a) A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b) Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

i. The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

ii. Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

iii. Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such

designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**XIII. DATA SECURITY**

(a) Receiving Party shall exercise reasonable care to safeguard Protected Materials, which is at least the same standard of care exercised by the Receiving Party with respect to the storage, custody, use, and/or dissemination of its own proprietary or confidential information. These protections shall include appropriate administrative, physical, and technical safeguards, including the appropriate use of network security, encryption technologies, and multi-factor authentication.

(b) Any unauthorized access, use, or disclosure of Protected Materials or devices containing Protected Materials shall be treated as an inadvertent disclosure not authorized by order pursuant to Section 17 of this Order.

**XIV. SUBPOENAS OR COURT ORDERS**

(a) If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

**XV. FILING PROTECTED MATERIAL**

(a) Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b) Any Party is authorized, in accordance with the Court's rules, procedures, and orders, to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.

**XVI. DISCLOSURE OF PRIVILEGED MATERIALS**

(a) Pursuant to Fed. R. Evid. 502(b), the inadvertent production of any Discovery Material in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the Producing Party of any privilege applicable to that Discovery Material.

(b) Upon a request from any Producing Party who has produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party. Nothing in this section shall prohibit a Receiving Party from challenging a privilege designation with the court.

**XVII. INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a) In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b) Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

## XVIII. FINAL DISPOSITION

(a) Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b) All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed. Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of all pleadings, expert reports, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests, deposition transcripts (and exhibits thereto), trial transcripts and hearing transcripts, and exhibits introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any Protected Material for archival purposes only. Any such archived copies that contain or constitute Protected Material remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials. This provision does not apply to the Court, including court personnel and the Court's reporter. Any destruction obligations under this Protective Order shall not apply to electronically-stored information in archival form stored on backup tapes or computer servers that are created only for disaster recovery purposes, provided that such electronic archives are not used as reference materials for a receiving Party's business operations.

**XIX. DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a) Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

(b) Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

**XX. MISCELLANEOUS**

(a) Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b) Termination of Matter and Retention of Jurisdiction

The parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter. The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

(c) Successors

This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d) Right to Assert Other Objections.

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this

action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e) Burdens of Proof

Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f) Modification by Court.

This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Texas.

(g) Discovery Rules Remain Unchanged.

Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Eastern District of Texas, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Eastern District of Texas, or the Court's own orders.

(h) Binding on Future Transferees

Any party subsequently transferred into this MDL by the Judicial Panel on Multidistrict Litigation shall be bound by this Order upon the effective date of its transfer. Such party shall treat all previously produced Protected Material in accordance with the terms of this Order and shall execute any required undertakings within seven (7) days of the effective date of transfer.

(i) Post-Remand Survival

The obligations imposed by this Order shall survive the remand of any member case to its transferor court and shall remain enforceable by the transferor court. Upon remand, the transferor court shall have jurisdiction to enforce the terms of this Order with respect to all Protected Material produced during the MDL proceedings.

**IT IS SO ORDERED.**

**SIGNED this XX day of July, 2026.**

AMOS L. MAZZANT, III
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

I, ___________________________, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *In Re: Rare Breed Triggers Patent Litigation*, United States District Court, Eastern District of Texas, Sherman Division, Civil Action No. 4:26-md-03176-ALM. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of Individual: ____________________________________________

Present Occupation/Job Description: _________________________________

______________________________________________________________

______________________________________________________________

Name of Company or Firm: _______________________________________

Address:_______________________________________________________

Dated: ________________________

________________________________
[Signature]