# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, and PEARSON GARDNER,<br><br>Defendants. | Civil Action No. 4:26-cv-00380-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER COPE,<br><br>Defendant. | Civil Action No. 2:26-cv-00033-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW,<br><br>Defendants. | Civil Action No. 4:26-cv-00377-ALM |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>HANES TACTICAL, LLC, and DAMION TERRELL BENNETT,<br>Defendants. | Civil Action No. 4:26-cv-00369-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>HARRISON GUNWORKS LLC, and TYLER HARRISON,<br>Defendants. | Civil Action No. 4:26-cv-00379-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>MARS TRIGGER, LLC, and PETER BRENNEN,<br>Defendants. | Civil Action No. 2:26-cv-00030-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>MISTER GUNS, LLC, THOMAS CARTER II, and BRANDI CARTER | Civil Action No. 2:26-cv-00056-ALM |

| | |
|---|---|
| Defendants. | |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN THANH NGUYEN, d/b/a POLYMER PEW,<br><br>Defendant. | Civil Action No. 4:26-cv-00425-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OPTICS PLANET, INC., d/b/a ECENTRIA,<br><br>Defendant. | Civil Action No. 4:26-cv-00521-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PISTOLCAP LIMITED COMPANY, d/b/a FRISCO GUNS, and MORDEKHAI HARROCH,<br><br>Defendants. | Civil Action No. 2:26-cv-00053-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs, | Civil Action No. 2:26-cv-00055-ALM |

| | |
|---|---|
| v.<br><br>PROSOURCE FIREARMS, LLC,<br><br>Defendant. | |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR FIREARMS OF TEXAS, LLC,<br><br>Defendant. | Civil Action No. 2:26-cv-00058-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>Z3 PRODUCTIONS, LLC, d/b/a Z3PRO,<br><br>Defendant. | Civil Action No. 4:26-cv-00367-ALM |

**[PROPOSED] DISCOVERY ORDER[1]**

After reviewing the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is **ORDERED AS FOLLOWS**:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

[1] The discovery limits set forth herein do not apply to discovery taken as part of any preliminary injunction specific discovery and such discovery does not count against the limits set forth herein.

(a) The correct names of the parties to the lawsuit;

(b) The name, address, and telephone number of any potential parties;

(c) The legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d) The name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e) Any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) Any settlement agreements relevant to the subject matter of this action; and

(g) Any statement of any party to the litigation.

2. **Disclosure of Expert Testimony**. A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705, and:

(a) If the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) For all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request, each party will make the following disclosures to every other party:

   (a) Provide the disclosures required by the Patent Rules for the Eastern District of Texas

   (b) Produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

   (c) Provide a complete computation of any category of damages claimed by any party to the action and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order. All Discovery Material produced under this Order is subject to the Agreed Protective Order entered in this case. The Agreed Protective Order governs any apparent conflict between this Order and the Agreed Protective Order with respect to the treatment of Protected Material.

5. **Discovery Limitations.** The discovery in this case is limited to the disclosures described in Paragraphs 1-3 together with:

(a) Interrogatories: Plaintiffs may collectively serve up to twenty (20) common interrogatories that shall be served jointly on all Defendants, plus five (5) additional interrogatories on each individual Defendant that includes solely patent infringement claims. Plaintiff may collectively serve an additional three (3) interrogatories on any Defendant that has been accused of trademark infringement. Defendants may collectively serve up to thirty (30) common interrogatories that shall be served jointly on Plaintiffs.

(b) Requests for Admission: Plaintiffs may collectively serve up to fifty (50) common requests for admission that shall be served jointly on all Defendants, plus twenty (20) requests for admission on each individual Defendant. Defendants may collectively serve up to seventy (70) requests for admission on Plaintiffs. The parties will be permitted to serve unlimited requests for admission for authentication of documents and things.

(c) Requests for Production: Requests for production are unnecessary given the requirements of Paragraph 3(b) of the Additional Disclosures.

(d) Depositions (non-experts): Plaintiffs may collectively take up to thirty (30) total hours of deposition testimony of each Defendant (including both 30(b)(1) and 30(b)(6) depositions). The Defendants may collectively take up to forty (40) total hours of deposition testimony of Plaintiffs (including both 30(b)(1) and 30(b)(6) depositions). However, no single witness may be deposed for more than seven (7) hours, and no deposition may exceed seven (7) hours in any single day absent agreement of the parties or order of the Court. If a party believes that additional time with a particular witness is necessary, the parties shall meet and confer in good

faith in order to reach an agreement. All party depositions shall take place at the location where the witness resides unless the parties agree to an alternative location. In the absence of agreement of the parties, the deposition of a party witness shall take place in this district. Defendants shall coordinate depositions of Plaintiffs' witnesses to minimize duplication.

i. Depositions of experts and third parties do not count against these limits.

(e) Expert Depositions: Plaintiffs are limited to five (5) testifying expert witnesses. Defendants are limited to no more than ten (10) testifying expert witnesses for all Defendants. Each expert may be deposed for up to seven (7) hours per report.

(f) Binding All Current and Future Transferees: This Order shall apply to all actions currently consolidated in this MDL and to all actions subsequently transferred to or filed directly in in this MDL. A party whose action is transferred to this MDL after entry of this Order is bound by its terms upon the effective date of transfer and may not seek modification on the ground of non-participation in the negotiation of this Order.

(g) Modifications to this Order: Any party may move to modify these limitations only upon a showing of good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the

privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. However, if the party asserting privilege seeks an in camera review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made or is no longer complete or true.

9. **Discovery Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures,

serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. In the event the parties are unable to resolve any issue, no motions to compel may be filed until after the parties fulfill the "meet and confer" requirement imposed by this Court's Local Rule CV-7(h). If the parties are unable to resolve the dispute without court intervention, the parties must then call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motion to compel. After reviewing the dispute, the Court will resolve the dispute, order the parties to file an appropriate motion, or direct the parties to call the discovery hotline.

(b) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery**

(a) The parties agree that they will serve all other parties with copies of any subpoena or deposition notice directed to a third-party. A party receiving documents from a third party will promptly provide notice of such receipt to other parties. Any party may request copies of the third party's documents from the receiving party by sending a written request to the receiving party and all other parties. If Plaintiffs request third-party documents produced pursuant to a subpoena from a Defendant, the Defendant will promptly provide copies of those documents to Plaintiffs. If a Defendant requests third-party documents produced pursuant to a subpoena from another Defendant or from Plaintiffs, the following process applies: the receiving party and all other parties have three (3) business days from the date of such request to provide the requesting party with a written objection to the request. Documents produced to Plaintiffs in response to a third-party subpoena issued by Plaintiffs need not be shared with Defendants prior to use; provided, however, that Plaintiffs shall produce such documents in the ordinary course of discovery if and to the extent responsive to a Defendant's request. The parties shall not unreasonably object to a party's request for third party documents. If no party objects, then the receiving party shall promptly provide copies of the third party's documents to the requesting party. If a party objects to the request, then the objecting party and requesting party shall confer in good faith to resolve their disputes. The receiving party shall not provide copies of the third party's documents to any requesting party

unless and until there are no pending objections. A party scheduling a deposition of a third party shall provide notice of the deposition date to all other parties by at least seven days prior to the deposition.

(b) The parties agree that the parties shall not be required to log any privileged documents created on or after the date of the earliest Complaint in this MDL in which that party is involved.

(c) The parties agree to accept service by email to all counsel of record for the party to be served.

(d) Testifying experts shall not be subject to discovery on any draft of their report or declarations in this case and such draft reports, declarations, notes, outlines, or any other writings leading up to an issued report or filed declaration in this litigation are exempt from discovery. In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to that person's work in this case, are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation.

(e) Pursuant to Federal Rule of Evidence 502(d), inadvertent production of materials covered by the attorney-client privilege or work-product protection is not a waiver in this or any other federal or state proceeding. In case of inadvertent production, at the producing party's request, the receiving party shall immediately return or destroy the inadvertently produced materials. The producing party will provide a privilege log in accordance with Paragraph 6 even if the inadvertently produced materials were created on or after the date of the Complaint in the applicable action.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**IT IS SO ORDERED.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE