# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CLOAK INDUSTRIES, INC., and WILLIAM C. KING JR.,<br><br>Defendants. | Civil Action No. 4:26-cv-00608-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CANUCK TACTICAL LLC, d/b/a RANGESPORT AMERICA LLC,<br><br>Defendants. | Civil Action No. 4:26-cv-00705-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>FIREARM SYSTEMS LLC d/b/a FIREARM SYSTEMS, BRANDON DONATTO, and MICHAEL STAKES,<br><br>Defendants. | Civil Action No. 4:26-cv-00695-ALM |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SGC, LLC d/b/a SCOTTSDALE GUN CLUB, TERENCE D. SCHMIDT, and RONALD KENNEDY,<br><br>Defendants. | Civil Action No. 4:26-cv-00694-ALM |

**JOINT [PROPOSED] E-DISCOVERY ORDER**

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified in the court's discretion or by agreement of the parties. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. The following metadata fields will be provided, if available, for each document:

| | |
|---|---|
| PRODBEGDOC | Bates number of the first page of document. |
| PRODENDDOC | Bates number of the last page of document. |
| PRODBEGATTACH | PRODBEGDOC of the first document in the attachment |
| PRODENDATTACH | PRODENDDOC of the last document in the attachment |
| FILENAME | Name of the file. |

| | |
|---|---|
| FROM | Author of email. |
| TO | Recipients of email. |
| CC | Carbon Copy recipients of email. |
| BCC | Blind Carbon Copy recipients of email. |
| EMAILSUBJECT | Email subject line. |
| DATECREATED | Date the document was created. |
| DATESENT | Date the email was sent. |
| DATERECEIVED | Date the email was received. |
| DATELASTMOD | Date the document was last modified. |
| DOCEXTENSION | File extension of the document. |
| DESIGNATION | Confidentiality level assigned to the document. |
| MD5HASH | Unique MD5 Hash value of the document. |
| TEXTPATH | Relative path to extracted text files. |
| NATIVEPATH | Relative path to native files. |

A standard Concordance DAT (.DAT) file, in UTF-8 format, containing the above metadata fields will be provided for the importing of text, native files, and metadata into a document review database. The .DAT will be delimited with the following characters:

| Value | Character | ASCII Number |
|---|---|---|
| Column | ¶ | 20 |
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 59 |
| Nested Value | \ | 92 |

5. Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

**A. General Document Image Format.** Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF

files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

**B. Text-Searchable Documents.** No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

**C. Footer.** Each document image shall contain a footer with a sequentially ascending production number.

**D. Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format. The production of an accompanying conversion to PDF is not necessary for any document produced in its native format, provided that the document in its native format be accompanied by a slipsheet PDF marked with the production number.

**E. No Backup Restoration Required**. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

**F**. **Voicemail, Instant Messages, and Mobile Devices**. The Parties are to preserve all sources of information relevant to these matters including voicemails, instant messages (including but not limited to texts, Whatapp, Signal, Discord, social media groups and

messages, etc.), voicemails, and forum posts. The Parties are not required as part of their general discovery obligations to collect, search, and produce relevant information from these sources. However, on a case-by-case basis, any Party may apply to the Court requesting the production of such information upon a reasonable showing as to why such sources are expected to contain relevant information that is unlikely to be found via other sources such as emails or electronic documents stored on computers or servers.

**G. Parties to Confer in Good Faith**. The parties agree to confer in good faith about disputes regarding the form of document production, including to resolve issues not addressed by this stipulation.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively “e-mail”). To obtain e-mail parties must propound specific e-mail production requests.

7. E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, a specific identification of the twelve most significant listed e-mail custodians in view of the pleaded claims and defenses,[1] infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court. Each side may also propound up to five written discovery requests and take one deposition per producing party

[1] A “specific identification” requires a short description of why the custodian is believed to be significant

to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

8. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each side shall limit its e-mail production requests to a total of six custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9. Each side shall limit its e-mail production requests to a total of eight search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. A conjunctive with a narrowing disjunctive combination counts as a single search term (e.g., "computer" and ("system" or "drive"). Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

10. The parties shall endeavor to produce email attachments sequentially after the parent email

and to identify, via metadata, the email attachments as the children of the parent email.

11. Responsive documents in TIFF or JPEG format will be stamped with the appropriate confidentiality designation in accordance with the Protective Order in this matter. All material not reduced to documentary, tangible, or physical form or which cannot be conveniently labeled, shall be designated by the producing party by informing the receiving party of the designation in writing. For documents produced in native format, the slipsheet file indicating that the file was produced natively shall contain the confidentiality designation for the native file.

12. Redacted documents and redacted portions of documents shall be made with readily visible redactions (e.g., blackout) and must be included in a privilege log. The producing party shall retain a copy of the unredacted data within its possession and control and preserve it without modification, alteration, or addition to the metadata therewith. Redacted documents may include OCR text in lieu of extracted text.

13. Pursuant to Federal Rule of Evidence 502(d), and in accordance with the other orders in this case, e.g. the Discovery Order, the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

14. Nothing in this Order shall require production of ESI, information or other material that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If ESI, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any party that inadvertently or unintentionally produces ESI, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or

other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced ESI, information or other material. The recipient(s) shall gather and return all copies of such ESI, information or other material to the producing party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing party.

15. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

16. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

IT IS SO ORDERED.

________________________________

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE