# EXHIBIT 9

| | |
|---|---|
| **From:** | Carl Bruce |
| **To:** | EChin@McKoolSmith.com |
| **Cc:** | [All Defs] ABC\|RBT; [FR Service] ABC IP/Rare Breed; Atrius-RareBreed@mckoolsmith.com; Elliott Clay; afloyd@floydip.com; Timothy Getzoff; jms@etblaw.com; jshull@bannerwitcoff.com; SBurow; Sergey Vernyuk; gbeach; ted@polaseklaw.com; Randy Roeser; Conor Civins; Carl Bruce |
| **Subject:** | RE: RB: Draft Discovery and ESI Orders and Joint Rule 16.1 Submission |
| **Date:** | Wednesday, August 5, 2026 10:16:22 AM |
| **Attachments:** | image001.png<br>image002.png |

Ed, Tim, and All,

Thanks for providing your thoughts. We've responded to each of your questions below in turn, though RB / ABC believe none of the questions raised justify further delay. We expect Defendants' input this week so that these can be filed. We encourage Defendants to coordinate and take their own position on these issues in the draft we circulated, which includes a placeholder for Defendants' position.

1. **Distribution lists and notice**. The DL is meant to includes all Defendants. If there is a Defendant / counsel who did not receive the email of whom you are aware, please let us know, and we will add them to the list or see what the technical issue is.

2. **Intended scope of the proposed orders**. The proposed orders are intended to apply to all cases. We expect that the captions will be updated accordingly at the time of filing and further expect that the Court will provide a shortened caption for everyone to use going forward. The existing captions are merely placeholders.

3. **Atrius and the Atrius Customer Defendants**. Atrius will be treated like all other Defendants in this action. We can make that clear via a note in the orders. Atrius is free to coordinate with the other Defendants as to the composition of leadership and the case-management structure. RB / ABC's current position is laid out in the 16.1 submission. Further, it is for Atrius and other Defendants to determine whether the defense leadership counsel can determine positions, enter stipulations, etc., and to state Defendants' positions in the 16.1 submission. Once we have Defendants' positions, we can see if there is common ground before presenting the options to the Court.

4. **Pending preliminary-injunction proceedings**. RB / ABC expect that materials and information designated Confidential and AEO will fall under the terms of the PO. If there are other more specific questions, please identify those for RB / ABC to consider.

5. **Additional actions and parties**. Atrius and the other Defendants can access additional filed actions on the public dockets to answer these questions.

6. **Unrepresented and pro se parties**. We are working on a plan to ensure these parties, to the extent they exist, are included in this joint submission effort.

7. **Tim's question regarding whether the MDL will proceed with 100+ cases all at once**. Yes, this is RB / ABC's expectation and one of the primary points of the entire MDL process. As has been addressed on multiple occasions, the resellers / distributors have unique documents and information and to date have refused to be bound by all findings against their suppliers, including with respect to being jointly and severally liable for any damages award and willful infringement enhancements.

If Defendants would like to confer about the 16.1 submission and draft orders, please let us know of your availability this week. BR / ABC do not see cause for any further delay.

Best,
Carl

Carl Bruce :: Principal :: Fish & Richardson P.C. :: 214 760 6134 direct :: bruce@fr.com

---

**From:** Edward Chin <echin@McKoolSmith.com>
**Sent:** Monday, August 03, 2026 9:31 PM
**To:** Carl Bruce <Bruce@fr.com>
**Cc:** [All Defs] ABC|RBT <AllDefsABCRBT@fr.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Atrius-RareBreed@mckoolsmith.com; Elliott Clay <eclay@McKoolSmith.com>; afloyd@floydip.com; Timothy Getzoff <tgetzoff@hollandhart.com>; jms@etblaw.com; jshull@bannerwitcoff.com; SBurow <SBurow@bannerwitcoff.com>; Sergey Vernyuk <sv@etblaw.com>; gbeach <gbeach@bannerwitcoff.com>; ted@polaseklaw.com; Randy Roeser <jrroeser@hollandhart.com>; Conor Civins <conor.civins@bracewell.com>
**Subject:** Re: RB: Draft Discovery and ESI Orders and Joint Rule 16.1 Submission

[This email originated outside of F&R.]

Carl,

Thank you for circulating Plaintiffs' proposed Rule 16.1 submission and proposed discovery, protective, and e-discovery orders. I write on behalf of the Atrius Customer Defendants and

Atrius.

We are still reviewing the proposals. They warrant careful review given that they address substantial MDL-wide issues, including defense leadership and authority, consolidated proceedings, discovery allocations, mandatory disclosures, confidentiality, ESI obligations, and provisions that may bind current and future parties. Given the number of proposals, potentially affected parties, accused-product groups, and law firms involved, we will need more time than Plaintiffs' current timetable allows to review the proposals, coordinate with the relevant parties and counsel, and provide meaningful comments.

Neither the Atrius Customer Defendants nor Atrius has agreed to any of the drafts. Plaintiffs do not have their permission to characterize or submit any draft as joint, agreed, or stipulated as to them absent their express agreement. In the meantime, it would be helpful if Plaintiffs could clarify the following threshold issues:

**1) Distribution lists and notice.** Please identify the attorneys, law firms, and represented parties presently included on the "AllDefsABCRBT" distribution list so that we can confirm that all counsel whose clients may be affected are receiving these communications.

**2) Intended scope of the proposed orders.** Please clarify which specific actions, parties, and accused-product groups Plaintiffs intend these orders to govern. The captions and proposed scope provisions are not uniform; the proposed e-discovery order identifies a different set of member actions than those in the other drafts; and certain provisions appear intended to bind all current and future transferees.

**3) Atrius and the Atrius Customer Defendants.**

a) Please explain where Plaintiffs believe Atrius and the Atrius Customer Defendants fit within Plaintiffs' proposed leadership, discovery-allocation, and case-management structure, and the rationale for that treatment. In particular, are Atrius's two declaratory-judgment actions included within the scope of each proposed order?

b) Please also clarify whether Plaintiffs propose to treat Atrius as a "Defendant" for purposes of the proposed collective discovery limitations, notwithstanding Atrius's status as the plaintiff asserting affirmative claims in its declaratory-judgment actions.

c) Please further confirm whether Plaintiffs contend that any proposed defense leadership counsel could determine positions, enter stipulations, control discovery, or otherwise bind Atrius or the Atrius Customer Defendants without their consent or a Court order expressly granting such authority.

**4) Pending preliminary-injunction proceedings.**

a) Please clarify whether any proposed submission or order is intended to alter, supplement, supersede, or otherwise affect the relief sought in Plaintiffs' pending motions concerning preliminary-injunction discovery, briefing, depositions, or scheduling.

b) Please also identify the provision(s) Plaintiffs contend would apply to the pending preliminary-injunction proceedings and explain how it would interact with the relief requested in those motions.

**5) Additional actions and parties.** Please identify any additional filed actions, anticipated tag-along actions, known defendants, or additional related lawsuits that Plaintiffs presently expect to be transferred to or consolidated in the MDL. The expected size and composition of the MDL could materially affect the appropriate leadership, discovery, and case-management structure.

**6) Unrepresented and pro se parties.** Please identify any currently unrepresented or pro se parties included within Plaintiffs' proposed scope and explain how Plaintiffs propose to provide those parties with notice and a meaningful opportunity to participate before asking the Court to enter orders that may impose obligations on, or affect the procedural or substantive rights of, those parties.

The Atrius Customer Defendants and Atrius will continue their review and may have additional questions. Once these threshold issues are clarified, we should be in a better position to provide substantive comments and proposed edits on a realistic timetable.

Thanks,

Ed

McKool Smith

**Edward Chin**
Senior Counsel

Dallas, TX
Tel: (214) 978-4213
www.mckoolsmith.com

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

On Aug 3, 2026, at 2:39 PM, Carl Bruce <Bruce@fr.com> wrote:

Some people who received this message don't often get email from bruce@fr.com. Learn why this is important

Counsel,

When can we expect Defendants' input / edits to the attached? We anticipate filing these with the Court this week.

Best,

Carl

Carl Bruce :: Principal :: Fish & Richardson P.C. :: 214 760 6134 direct :: bruce@fr.com

---

**From:** Carl Bruce <Bruce@fr.com>
**Sent:** Wednesday, July 29, 2026 6:52 PM
**To:** AllDefsABCRBT@fr.com
**Cc:** [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Carl Bruce <Bruce@fr.com>
**Subject:** RB: Draft Discovery and ESI Orders and Joint Rule 16.1 Submission

Counsel,

Attached please find draft Discovery and ESI Orders and a Joint Rule 16.1 Submission. Please provide us with Defendants' edits / positions to these. We anticipate being in a filing these and the previously circulated draft PO (reattached for ease of access) with the court by the middle of next week.

Best,
Carl

**Carl E. Bruce** :: Principal :: Fish & Richardson P.C.
1717 Main St. Suite 5000, Dallas, TX 75201
214 760 6134 direct :: 214 747 5070 main

*************************************************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
*************************************************************************************************************************

<2026-07-29 ABC-RBT DRAFT Initial Case Management Report.docx><2026-07-29 Discovery Order.docx><2026-07-29 ABC-RBT DRAFT eDiscovery Order.docx><2026-07-29 DRAFT Protective Order.docx>