# EXHIBIT 12

**From:** Timothy Getzoff
**To:** gbeach; Carl Bruce
**Cc:** EChin@McKoolSmith.com; [FR Service] ABC IP/Rare Breed; Atrius-RareBreed@mckoolsmith.com; Elliott Clay; afloyd@floydip.com; jshull@bannerwitcoff.com; SBurow; Sergey Vernyuk; ted@polaseklaw.com; Randy Roeser; Conor Civins; jms@etblaw.com
**Subject:** RE: RB: Draft Discovery and ESI Orders and Joint Rule 16.1 Submission
**Date:** Friday, August 14, 2026 6:03:19 PM
**Attachments:** Peak - comment-tracking redline - 2026-07-29 ABC-RBT DRAFT Initial Case Management Report.docx
Peak - comment-tracking redline - 2026-07-29 ABC-RBT DRAFT eDiscovery Order.docx
Peak - comment-tracking redline - 2026-07-29 Discovery Order.docx

---

Carl,

Carl, we appreciate your efforts to try to move these cases forward. But suggesting that defendants are refusing to confer is incorrect and would be a misrepresentation to the Court. Defendants are not refusing to provide redlines or otherwise confer. As several counsel for various defendants have explained over the last two weeks, Rare Breed's proposals are premature under Rule 16.1 and unproductive.

**Response Regarding Proposed Management Plan**

Your reliance on Rule 16.1(b)(2) and (c) overlooks the preceding sections of the Rule, which clarify that the first step is an order from the transferee court setting an initial management conference, *see* R. 16.1(a), then an order that the parties submit a report before that conference, *see* R.16.1(b)(1). The Court has issued neither order, so Rare Breed has no basis to insist on filing case management documents now.

We presume the Court has not issued such orders because the MDL still is forming, and the Court already has a multitude of disputed motions on its MDL dockets, including motions that raise threshold issues about reseller-suit stays that, until resolved, preclude meaningful case management proposals. For example, stayed reseller cases would leave only a handful of active manufacturer cases and could obviate coordinating/leadership counsel and steering committees.

In any event, since the Court has so far declined to set a conference, it would be improper to jump ahead of the Court and Rule 16.1(a) with Rare Breed's proposed filings, particularly when those proposals are broadly opposed.

**Response Regarding Discovery-Related Orders**

The same considerations cut against submitting proposed discovery orders, protective orders, and ESI orders. These generally are addressed as part of a case management conference, and they should wait accordingly. But there are other reasons, too.

First, the Court still has not ruled on discovery issues bearing on preliminary injunctions and jurisdiction/venue challenges. If the Court has not ruled on those emergency and jurisdictional discovery issues yet, we would be remiss asking the Court to skip ahead and rule on normal-course merits discovery.

Second, there is not just a prospect of additional cases being added; there are conditional transfer orders and tagalong notices presently pending. At last count, 13 Rare Breed cases just against Disruptor resellers are pending in pre-transfer courts, plus dozens against non-Disruptor resellers. New cases are entering the MDL every day, new counsel are being engaged every day, and it is improper to sign onto proposals when current counsels' client lists in these cases are changing in real time—as an ethical and practical matter, we simply cannot make agreements on case management issues when all parties and

prospective clients are not yet in the picture.

Third, Rare Breed is preventing the recipients of its proposals from conferring among themselves about the proposals. We cannot see who comprises the Fish defense listserv—nor have you responded to the request for who the list comprises—and we cannot even reply-all to that list. Just today, counsel for Atlantic Firearms reached out and explained it had been omitted from conferral, despite its transfer to the MDL weeks ago. Even if we were at the proper stage of proceedings to confer about preparation of case management submissions, your blind-copy approach precludes us from knowing who we're conferring with.

**Conclusion**

This response is on behalf of Peak Tactical and the Disruptor resellers that Holland & Hart represents. If you insist on filing your proposals before the Court has ordered them and before Rule 16.1 contemplates them, please include as part of your conferral representation our position as set forth above and the full chain of conferral with defense counsel. We have not refused to confer; rather, we decline to submit proposals that are premature and that, at this stage, will not serve to "develop an initial plan for orderly pretrial activity." R. 16.1(a).

For Rare Breed's reference, Peak also has prepared comment-tracking redlines. While we are unsure which counsel and parties were covered by Rare Breed's conferral attempts, these are rough breakouts of responding counsels' narrative comments from email correspondence as applied to the documents. The redlines are not asserting positions on anyone's behalf, but are Peak's attempt to show where some of counsels' stated positions apply to Rare Breed's drafts.

Regards,

Tim

**Timothy Getzoff**

He / Him / His (What's this?)
Partner, Holland & Hart LLP

tgetzoff@hollandhart.com | **T:** (303) 473-2734 | **M:** (720) 323-2354
CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this email.

---

**From:** Grace Beach <gbeach@bannerwitcoff.com>
**Sent:** Friday, August 14, 2026 1:27 PM
**To:** Carl Bruce <Bruce@fr.com>
**Cc:** Timothy Getzoff <TGetzoff@hollandhart.com>; EChin@McKoolSmith.com; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Atrius-RareBreed@mckoolsmith.com; Elliott Clay <eclay@McKoolSmith.com>; afloyd@floydip.com; Jason Shull <JShull@bannerwitcoff.com>; Scott Burow <SBurow@bannerwitcoff.com>; Sergey Vernyuk <SV@etblaw.com>; ted@polaseklaw.com; Randy Roeser <JRRoeser@hollandhart.com>; Conor Civins <conor.civins@bracewell.com>; John M. Skeriotis <jms@etblaw.com>
**Subject:** RE: RB: Draft Discovery and ESI Orders and Joint Rule 16.1 Submission

**External Email**

Carl,

OpticsPlanet agrees with John Skeriotis' comments below. We disagree with your suggestion that defendants are refusing to confer and believe that is incorrect. As several counsel for different defendants have explained over the past two weeks, Rare Breed's proposals are premature under Rule 16.1.

Nonetheless, to help facilitate discussions regarding the draft Rule 16.1 Report, we have several initial concerns with Plaintiffs' proposals, including but not limited to:

**Structure of Defense Leadership Counsel**
Given the size of this MDL, the number of manufacturers involved, and the variety of accused products at issue, we question whether your proposed leadership structure is workable. OpticsPlanet would likely propose an alternative defense leadership structure involving more than three firms, such as one or two liaison counsel and a steering committee comprised of several firms representing different manufacturers.

We also have some concerns about a structure that designates a single reseller lead counsel (which Plaintiffs have proposed as OpticsPlanet). Reseller defendants may have differing interests on several issues, including competition concerns, access to confidential information, settlement positions, indemnification arrangements, and the fact that different resellers sell different products.

**Responsibilities and Authority of Leadership**
Plaintiffs' proposal includes: *"Determine (after consultation with other Defendants' counsel, as appropriate) the Defendants' position on all matters arising during pretrial proceedings."*

OpticsPlanet does not agree with that approach. We would instead likely propose an approach that preserves the ability of individual defendants to raise separate defenses and avoid the concerns noted above. For example, lead counsel could be responsible for coordinating and presenting positions on common issues during pretrial proceedings, while keeping everything else individual.

**Previously Entered Orders**
We are unclear on Plaintiffs' position regarding previously entered orders. Rule 16.1 contemplates scheduling orders entered by transferor courts that may later be modified or vacated by the MDL court, but we are not aware of any operative scheduling orders in the transferred cases. Additionally, there is no PI briefing order in the OpticsPlanet case, and the preliminary injunction proceedings appear to be proceeding on different tracks across the various cases. Can you please clarify which docket(s) and deadlines Plaintiffs are referencing here?

**Direct Filing of New Actions**
OpticsPlanet believes it would be helpful to establish a deadline for transferring and consolidating cases into MDL No. 3176, as well as a deadline for amendments to pleadings.

**Additional matters**
We suggest conferring on at least the following additional matters before submitting any report to the Court:

- How and when the parties will exchange information about the factual bases for their claims and defenses (Rule 16.1(b)(3))

- Whether the parties should recommend appointment of a special master or technology advisor to assist the Court with the technical issues presented in the litigation

We reserve the right to raise other issues and concerns regarding the draft Rule 16.1 Report.

Regards,
Grace

**GRACE BEACH | ATTORNEY**

**BANNER WITCOFF**

TEL: 312.463.5548 | MAIN: 312.463.5000
bannerwitcoff.com | gbeach@bannerwitcoff.com

**PROTECTING IP. PROPELLING BUSINESS.**

IMPORTANT/CONFIDENTIAL: This message may be privileged, confidential, or exempt from disclosure under applicable law. If you have received this communication in error, please notify us immediately by return e-mail.

---

**From:** John M. Skeriotis <jms@etblaw.com>
**Sent:** Friday, August 14, 2026 12:55 PM
**To:** Carl Bruce <Bruce@fr.com>
**Cc:** Timothy Getzoff <tgetzoff@hollandhart.com>; EChin@McKoolSmith.com; [All Defs] ABC|RBT <AllDefsABCRBT@fr.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Atrius-RareBreed@mckoolsmith.com; Elliott Clay <eclay@McKoolSmith.com>; afloyd@floydip.com; Jason Shull <JShull@bannerwitcoff.com>; Scott Burow <SBurow@bannerwitcoff.com>; Sergey Vernyuk <SV@etblaw.com>; Grace Beach <gbeach@bannerwitcoff.com>; ted@polaseklaw.com; Randy Roeser <jrroeser@hollandhart.com>; Conor Civins <conor.civins@bracewell.com>
**Subject:** Re: RB: Draft Discovery and ESI Orders and Joint Rule 16.1 Submission

CAUTION: This message has originated from an External Source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

Carl,
Speaking specifically for the Super Safety defendants we represent, I believe it is premature to ask the Court to enter the proposed MDL-wide orders at this stage.

I do not read Rule 16.1(b)(2)(D) and (E) as supporting the broader proposition in your email. Those provisions certainly recognize that an MDL may continue to evolve, including through direct-filed and related actions. But that is different from saying that substantive MDL-wide orders should be presented before affected defendants have had a meaningful opportunity to participate in formulating them.

The sequencing of Rule 16.1 is also important. Rule 16.1(a) contemplates the Court setting an initial management conference, and Rule 16.1(b)(1) contemplates the Court ordering the parties to meet and submit a report before that conference. Rule 16.1(c), which you also cite, addresses the

management order the Court enters after the conference. The fact that such an order then controls the proceedings unless modified is, in my view, a reason for care before presenting proposals that may affect defendants who have only recently arrived in the MDL or have not yet had a meaningful opportunity to participate.

I have a related concern about the proposed defense-management structure. Rule 16.1 specifically calls for consideration not merely of whether leadership should exist, but of its structure, authority, communications with nonleadership counsel, and any limits on the activities of nonleadership counsel. That is important here because the various defendants—and particularly manufacturers, resellers, and defendants associated with different accused products—do not necessarily have identical interests. Any structure should preserve the ability of individual defendants and their counsel to assert positions and protect interests unique to their clients rather than requiring them to seek relief later from positions or orders adopted without their agreement.

For the same reason, I do not think it would be accurate to advise the Court that Defendants have "refused to provide any edits." Counsel have been actively discussing the proposals and identifying threshold issues that bear directly on whether meaningful edits can presently be made. A disagreement with Plaintiffs' proposed timetable is not a refusal to confer.

We remain willing to confer and to provide our clients' positions at the appropriate point. But given the number of parties still entering the MDL, the differing interests among the defendant groups, the unresolved threshold issues, and the fact that the Court has not yet initiated the Rule 16.1 conference/report process, we do not agree that the present drafts should now be filed as joint submissions or presented in a manner suggesting that the defendants who have raised these concerns simply declined to participate.

Very truly yours,

John M. Skeriotis
Emerson, Thomson & Bennett, LLC
1914 Akron Peninsula Road
Akron, Ohio 44313
330.434.9999 - O
330.434.8888 - F
330.352.4240 - C
www.etblaw.com

On Aug 12, 2026, at 10:46 AM, Carl Bruce <Bruce@fr.com> wrote:

Dear Tim and All,

Nothing about the MDL or MDL process indicates that all potential defendants need to be

added before the issue of the Rule 16.1 Submission and Discovery Orders are taken up by the parties and the Court. In fact, Rule 16.1 explicitly contemplates that not all parties will be in the MDL for the Initial Management Conference. For example,

> (b)(2)(D) "how to manage the **direct filing of new actions** in the MDL proceedings"
> (b)(2)(E) "whether **related actions have been—or are expected to—be filed in other courts**, and whether to adopt methods for coordinating with them"
> (b)(2)(A)(iii) "the procedure for selecting leadership and **whether the appointments should be reviewed periodically**;"
> (c) "This order controls the course of the proceedings unless the court modifies it."

And nothing prevents parties that are added after these filings/orders are entered from seeking relief from the Court if they have unique issues that haven't been addressed.

It has now been two weeks that Defendants have had the proposed drafts and over a month with the draft Protective Order. To move forward in an orderly fashion, please confirm promptly that Defendants will provide their edits to the drafts by COB Friday. If not, ABC / RB are prepared to file the drafts with the Court and to notify the Court that Defendants refused to provide any edits.

Best,
Carl

Carl Bruce :: Principal :: Fish & Richardson P.C. :: 214 760 6134 direct :: bruce@fr.com

---

**From:** Timothy Getzoff <TGetzoff@hollandhart.com>
**Sent:** Tuesday, August 11, 2026 4:52 PM
**To:** Carl Bruce <Bruce@fr.com>; EChin@McKoolSmith.com
**Cc:** [All Defs] ABC|RBT <AllDefsABCRBT@fr.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Atrius-RareBreed@mckoolsmith.com; Elliott Clay <eclay@McKoolSmith.com>; afloyd@floydip.com; jms@etblaw.com; jshull@bannerwitcoff.com; SBurow <SBurow@bannerwitcoff.com>; Sergey Vernyuk <sv@etblaw.com>; gbeach <gbeach@bannerwitcoff.com>; ted@polaseklaw.com; Randy Roeser <jrroeser@hollandhart.com>; Conor Civins <conor.civins@bracewell.com>
**Subject:** RE: RB: Draft Discovery and ESI Orders and Joint Rule 16.1 Submission

Carl, thanks for your responses.

As Matt Cavanagh's email illustrates, though, Rare Breed's proposal does not address how new parties and cases—which are still being added to the MDL—will be included in your proposal. Many of the new defendants haven't even been served yet, and we do not know whether these new parties will be represented or who will represent them. Your email states your intent to include all 100+ cases into your proposal, so how is it possible to move forward with the litigation when we are missing and still waiting on dozens of parties?

Separately, we don't even know who you included in your email communication, so we have no way of knowing which parties are part of this conferral.

Notably, the Court has taken no action on a schedule and seems to be waiting for the transfer process to conclude. Contrary to your accusation, we are not dragging anything out; we are not the ones that initiated litigation against over 100 parties over the course of many months.

Relatedly, Rare Breed's responses don't address that pending threshold question before the Court—whether reseller cases will proceed alongside manufacturer cases—that needs to be resolved before the parties can present constructive proposals for a case schedule. Without that question resolved, our proposed case schedules will simply rehash motion-to-stay briefing in another form, which likewise is not productive.

If Rare Breed perceives a pressing need to file proposed case management orders now, please explain the basis. Otherwise, the parties should proceed in an orderly way once the MDL is formed, as the Court appears to be doing. As always, we're happy to discuss by phone if that would be more efficient.

Regards,

Tim

**Timothy Getzoff**

He / Him / His (What's this?)
Partner, Holland & Hart LLP

tgetzoff@hollandhart.com | **T:** (303) 473-2734 | **M:** (720) 323-2354
CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this email.

---

**From:** Carl Bruce <Bruce@fr.com>
**Sent:** Friday, August 7, 2026 3:22 PM
**To:** EChin@McKoolSmith.com
**Cc:** [All Defs] ABC|RBT <AllDefsABCRBT@fr.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Atrius-RareBreed@mckoolsmith.com; Elliott Clay <eclay@McKoolSmith.com>; afloyd@floydip.com; Timothy Getzoff <TGetzoff@hollandhart.com>; jms@etblaw.com; jshull@bannerwitcoff.com; SBurow <SBurow@bannerwitcoff.com>; Sergey Vernyuk <sv@etblaw.com>; gbeach <gbeach@bannerwitcoff.com>; ted@polaseklaw.com; Randy Roeser <JRRoeser@hollandhart.com>; Conor Civins <conor.civins@bracewell.com>; Carl Bruce <Bruce@fr.com>
**Subject:** RE: RB: Draft Discovery and ESI Orders and Joint Rule 16.1 Submission

**External Email**

Dear All,

We understand that the Court will greatly prefer joint filings for everything that was circulated. That said, our clients won't allow Defendants to drag this out for weeks. Can you

let us know when Defendants anticipate circulating their edits to the Rule 16.1 submission and draft orders?

Best,
Carl

Carl Bruce :: Principal :: Fish & Richardson P.C. :: 214 760 6134 direct :: bruce@fr.com

---

**From:** Carl Bruce <Bruce@fr.com>
**Sent:** Wednesday, August 05, 2026 9:16 AM
**To:** EChin@McKoolSmith.com
**Cc:** [All Defs] ABC|RBT <AllDefsABCRBT@fr.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Atrius-RareBreed@mckoolsmith.com; Elliott Clay <eclay@McKoolSmith.com>; afloyd@floydip.com; Timothy Getzoff <tgetzoff@hollandhart.com>; jms@etblaw.com; jshull@bannerwitcoff.com; SBurow <SBurow@bannerwitcoff.com>; Sergey Vernyuk <sv@etblaw.com>; gbeach <gbeach@bannerwitcoff.com>; ted@polaseklaw.com; Randy Roeser <jrroeser@hollandhart.com>; Conor Civins <conor.civins@bracewell.com>; Carl Bruce <Bruce@fr.com>
**Subject:** RE: RB: Draft Discovery and ESI Orders and Joint Rule 16.1 Submission

Ed, Tim, and All,

Thanks for providing your thoughts. We've responded to each of your questions below in turn, though RB / ABC believe none of the questions raised justify further delay. We expect Defendants' input this week so that these can be filed. We encourage Defendants to coordinate and take their own position on these issues in the draft we circulated, which includes a placeholder for Defendants' position.

1. **Distribution lists and notice**. The DL is meant to includes all Defendants. If there is a Defendant / counsel who did not receive the email of whom you are aware, please let us know, and we will add them to the list or see what the technical issue is.

2. **Intended scope of the proposed orders**. The proposed orders are intended to apply to all cases. We expect that the captions will be updated accordingly at the time of filing and further expect that the Court will provide a shortened caption for everyone to use going forward. The existing captions are merely placeholders.

3. **Atrius and the Atrius Customer Defendants**. Atrius will be treated like all other Defendants in this action. We can make that clear via a note in the orders. Atrius is free to coordinate with the other Defendants as to the composition of leadership and the case-management structure. RB / ABC's current position is laid out in the 16.1 submission. Further, it is for Atrius and other Defendants to determine whether the defense leadership counsel can determine positions, enter stipulations, etc., and to state Defendants' positions in the 16.1

submission. Once we have Defendants' positions, we can see if there is common ground before presenting the options to the Court.

4. **Pending preliminary-injunction proceedings**. RB / ABC expect that materials and information designated Confidential and AEO will fall under the terms of the PO. If there are other more specific questions, please identify those for RB / ABC to consider.

5. **Additional actions and parties**. Atrius and the other Defendants can access additional filed actions on the public dockets to answer these questions.

6. **Unrepresented and pro se parties**. We are working on a plan to ensure these parties, to the extent they exist, are included in this joint submission effort.

7. **Tim's question regarding whether the MDL will proceed with 100+ cases all at once**. Yes, this is RB / ABC's expectation and one of the primary points of the entire MDL process. As has been addressed on multiple occasions, the resellers / distributors have unique documents and information and to date have refused to be bound by all findings against their suppliers, including with respect to being jointly and severally liable for any damages award and willful infringement enhancements.

If Defendants would like to confer about the 16.1 submission and draft orders, please let us know of your availability this week. BR / ABC do not see cause for any further delay.

Best,
Carl

Carl Bruce :: Principal :: Fish & Richardson P.C. :: 214 760 6134 direct :: bruce@fr.com

---

**From:** Edward Chin <echin@McKoolSmith.com>
**Sent:** Monday, August 03, 2026 9:31 PM
**To:** Carl Bruce <Bruce@fr.com>
**Cc:** [All Defs] ABC|RBT <AllDefsABCRBT@fr.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Atrius-RareBreed@mckoolsmith.com; Elliott Clay <eclay@McKoolSmith.com>; afloyd@floydip.com; Timothy Getzoff <tgetzoff@hollandhart.com>; jms@etblaw.com; jshull@bannerwitcoff.com; SBurow <SBurow@bannerwitcoff.com>; Sergey Vernyuk <sv@etblaw.com>; gbeach <gbeach@bannerwitcoff.com>; ted@polaseklaw.com; Randy Roeser <jrroeser@hollandhart.com>; Conor Civins <conor.civins@bracewell.com>
**Subject:** Re: RB: Draft Discovery and ESI Orders and Joint Rule 16.1 Submission

[This email originated outside of F&R.]

Carl,

Thank you for circulating Plaintiffs' proposed Rule 16.1 submission and proposed discovery, protective, and e-discovery orders. I write on behalf of the Atrius Customer Defendants and Atrius.

We are still reviewing the proposals. They warrant careful review given that they address substantial MDL-wide issues, including defense leadership and authority, consolidated proceedings, discovery allocations, mandatory disclosures, confidentiality, ESI obligations, and provisions that may bind current and future parties. Given the number of proposals, potentially affected parties, accused-product groups, and law firms involved, we will need more time than Plaintiffs' current timetable allows to review the proposals, coordinate with the relevant parties and counsel, and provide meaningful comments.

Neither the Atrius Customer Defendants nor Atrius has agreed to any of the drafts. Plaintiffs do not have their permission to characterize or submit any draft as joint, agreed, or stipulated as to them absent their express agreement. In the meantime, it would be helpful if Plaintiffs could clarify the following threshold issues:

**1) Distribution lists and notice.** Please identify the attorneys, law firms, and represented parties presently included on the "AllDefsABCRBT" distribution list so that we can confirm that all counsel whose clients may be affected are receiving these communications.

**2) Intended scope of the proposed orders.** Please clarify which specific actions, parties, and accused-product groups Plaintiffs intend these orders to govern. The captions and proposed scope provisions are not uniform; the proposed e-discovery order identifies a different set of member actions than those in the other drafts; and certain provisions appear intended to bind all current and future transferees.

**3) Atrius and the Atrius Customer Defendants.**

a) Please explain where Plaintiffs believe Atrius and the Atrius Customer Defendants fit within Plaintiffs' proposed leadership, discovery-allocation, and case-management structure, and the rationale for that treatment. In particular, are Atrius's two declaratory-judgment actions included within the scope of each proposed order?

b) Please also clarify whether Plaintiffs propose to treat Atrius as a "Defendant" for purposes of the proposed collective discovery limitations, notwithstanding Atrius's status as the plaintiff asserting affirmative claims in its declaratory-judgment actions.

c) Please further confirm whether Plaintiffs contend that any proposed defense leadership counsel could determine positions, enter stipulations, control discovery, or otherwise bind Atrius or the Atrius Customer Defendants without their consent or a Court order expressly granting such authority.

**4) Pending preliminary-injunction proceedings.**

a) Please clarify whether any proposed submission or order is intended to alter, supplement, supersede, or otherwise affect the relief sought in Plaintiffs' pending motions concerning preliminary-injunction discovery, briefing, depositions, or scheduling.

b) Please also identify the provision(s) Plaintiffs contend would apply to the pending preliminary-injunction proceedings and explain how it would interact with the relief requested in those motions.

**5) Additional actions and parties.** Please identify any additional filed actions, anticipated tag-along actions, known defendants, or additional related lawsuits that Plaintiffs presently expect to be transferred to or consolidated in the MDL. The expected size and composition of the MDL could materially affect the appropriate leadership, discovery, and case-management structure.

**6) Unrepresented and pro se parties.** Please identify any currently unrepresented or pro se parties included within Plaintiffs' proposed scope and explain how Plaintiffs propose to provide those parties with notice and a meaningful opportunity to participate before asking the Court to enter orders that may impose obligations on, or affect the procedural or substantive rights of, those parties.

The Atrius Customer Defendants and Atrius will continue their review and may have additional questions. Once these threshold issues are clarified, we should be in a better position to provide substantive comments and proposed edits on a realistic timetable.

Thanks,

Ed

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

On Aug 3, 2026, at 2:39 PM, Carl Bruce <Bruce@fr.com> wrote:

> Some people who received this message don't often get email from bruce@fr.com. Learn why this is important

Counsel,

When can we expect Defendants' input / edits to the attached? We anticipate filing these with the Court this week.

Best,
Carl

Carl Bruce :: Principal :: Fish & Richardson P.C. :: 214 760 6134 direct :: bruce@fr.com

---

**From:** Carl Bruce <Bruce@fr.com>
**Sent:** Wednesday, July 29, 2026 6:52 PM
**To:** AllDefsABCRBT@fr.com
**Cc:** [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Carl Bruce <Bruce@fr.com>
**Subject:** RB: Draft Discovery and ESI Orders and Joint Rule 16.1 Submission

Counsel,

Attached please find draft Discovery and ESI Orders and a Joint Rule 16.1 Submission. Please provide us with Defendants' edits / positions to these. We anticipate being in a filing these and the previously circulated draft PO (reattached for ease of access) with the court by the middle of next week.

Best,
Carl

**Carl E. Bruce** :: Principal :: Fish & Richardson P.C.
1717 Main St. Suite 5000, Dallas, TX 75201
214 760 6134 direct :: 214 747 5070 main

************************************************************************
****************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
************************************************************************
****************************************************

<2026-07-29 ABC-RBT DRAFT Initial Case Management Report.docx>
<2026-07-29 Discovery Order.docx><2026-07-29 ABC-RBT DRAFT eDiscovery Order.docx><2026-07-29 DRAFT Protective Order.docx>

***********************************************************************************
*****************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
***********************************************************************************
*****************************************

***********************************************************************************
*****************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
***********************************************************************************
*****************************************