**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| ***In Re: Rare Breed Triggers Patent Litigation***<br><br>**This document pertains to:** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| *ABC IP, LLC, et al. v. 80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, et al.* | **Civil Action No. 4:26-cv-00380-ALM** |
| *ABC IP, LLC, et al. v. 810VELOCITY et al.* | **Civil Action No. 4:26-cv-00954-ALM** |
| *ABC IP, LLC, et al. v. ADVANCED THREAT ASSESSMENT et al.* | **Civil Action No. 4:26-cv-00801-ALM** |
| *ABC IP, LLC, et al. v. AR-15 GUN OWNERS OF AMERICA, INC.* | **Civil Action No. 4:26-cv-00761-ALM** |
| *ABC IP, LLC, et al. v. AREA 43 LLC, et al.* | **Civil Action No. 4:26-cv-00609-ALM** |
| *ABC IP, LLC, et al. v. ARGENT WOLFZ, et al.* | **Civil Action No. 4:26-cv-01069-ALM** |
| *ABC IP, LLC, et al. v. AR-TT, LLC d/b/a TAKEDOWN TOOLS; et al.* | **Civil Action No. 4:26-cv-00693-ALM** |
| *ABC IP, LLC, et al. v. ANTONIO CHOUKAIR d/b/a ASTRO TACTICAL* | **Civil Action No. 4:26-cv-00755-ALM** |
| *ABC IP, LLC, et al. v. AS Designs et al.* | **Civil Action No. 4:26-cv-00370-ALM** |
| *ABC IP, LLC, et al. v. ATLANTIC FIREARMS et al.* | **Civil Action No. 4:26-cv-00926-ALM** |

| | |
|---|---|
| *ABC IP, LLC, et al. v. BARRICADE, LLC, d/b/a BARRICADE TACTICAL, et al.* | **Civil Action No. 4:26-cv-00320-ALM** |
| *ABC IP, LLC, et al. v. BRANDON HIATT d/b/a WICK DESIGNS* | **Civil Action No. 4:26-cv-01067-ALM** |
| *ABC IP, LLC, et al. v. BRANDON SMITH d/b/a SMOKEY POINT 2A, et al.* | **Civil Action No. 4:26-cv-01021-ALM** |
| *ABC IP, LLC, et al. v. BSSQUIRTS, et al.* | **Civil Action No. 4:26-cv-01070-ALM** |
| *ABC IP, LLC, et al. v. JACOB RUSTY BURSE d/b/a SHACKLEFORD'S FRT* | **Civil Action No. 4:26-cv-00833-ALM** |
| *ABC IP, LLC, et al. v. CACTUS AMMO LLC and GRANT WILLIAM BOURNE* | **Civil Action No. 4:26-cv-00998-ALM** |
| *ABC IP, LLC, et al. v. CANUCK TACTICAL LLC, d/b/a RANGESPORT AMERICA LLC* | **Civil Action No. 4:26-cv-00705-ALM** |
| *ABC IP, LLC, et al. v. CF TACTICAL INC.* | **Civil Action No. 4:26-cv-00757-ALM** |
| *ABC IP, LLC, et al. v. CLOAK INDUSTRIES, INC., et al.* | **Civil Action No. 4:26-cv-00608-ALM** |
| *ABC IP, LLC, et al. v. CHRISTOPHER COPE,* | **Civil Action No. 2:26-cv-00033-ALM** |
| *ABC IP, LLC, et al. v. DAIRYLAND DEFENSE SOLUTIONS, LLC* | **Civil Action No. 4:26-cv-00374-ALM** |
| *ABC IP, LLC, et al. v. DIRTY BIRD INDUSTRIES, et al.* | **Civil Action No. 4:26-cv-01013-ALM** |
| *ABC IP, LLC, et al. v. DNT LLC, d/b/a Deez Nutz Tactical,* | **Civil Action No. 4:26-cv-00377-ALM** |

| | |
|---|---|
| *ABC IP, LLC, et al. v. DOGWOOD ARMORY et al.* | **Civil Action No. 4:26-cv-00760-ALM** |
| *ABC IP, LLC, et al. v. DUNEDIN HOLDING LLC d/b/a MID-TIER DEFENSE* | **Civil Action No. 4:26-cv-00940-ALM** |
| *ABC IP, LLC, et al. v. EAST COAST CERAKOTE, et al.* | **Civil Action No. 4:26-cv-00831-ALM** |
| *ABC IP, LLC, et al. v. EAST VALLEY TACTICAL et al.* | **Civil Action No. 4:26-cv-00996-ALM** |
| *ABC IP, LLC, et al. v. ELEANOR ARMORY, LLC, et al.* | **Civil Action No. 4:26-cv-00915-ALM** |
| *ABC IP, LLC, et al. v. JOHN FAULKNER d/b/a FIREARMS DEPOT* | **Civil Action No. 4:26-cv-00847-ALM** |
| *ABC IP, LLC, et al. v. FIREARM SYSTEMS LLC d/b/a FIREARM SYSTEMS, et al.* | **Civil Action No. 4:26-cv-00695-ALM** |
| *ABC IP, LLC, et al. v. FREEDOM UNLIMITED GROUP, et al.* | **Civil Action No. 4:26-cv-01071-ALM** |
| *ABC IP, LLC, et al. v. DAVID FRESHWATER d/b/a IDAHO ARMS & AMMO* | **Civil Action No. 4:26-cv-00930-ALM** |
| *ABC IP, LLC, et al. v. GDI-3D LLC* | **Civil Action No. 4:26-cv-00822-ALM** |
| *ABC IP, LLC, et al. v. GEN X ARMS & GUNWORK'S LLC et al.* | **Civil Action No. 4:26-cv-00845-ALM** |
| *ABC IP, LLC, et al. v. GRABAGUN LLC* | **Civil Action No. 4:26-cv-00810-ALM** |
| *ABC IP, LLC, et al. v. GUN BUILDERS DEPOT, LLC, et al.* | **Civil Action No. 4:26-cv-00753-ALM** |

| | |
|---|---|
| *ABC IP, LLC, et al. v. HANES TACTICAL, LLC,* | **Civil Action No. 4:26-cv-00369-ALM** |
| *ABC IP, LLC, et al. v. HARRISON GUNWORKS LLC, et al.* | **Civil Action No. 4:26-cv-00379-ALM** |
| *ABC IP, LLC, et al. v. HAWKPHIN SALES, LLC, d/b/a BATTLEHAWK ARMORY/ BATTLE OPTICS/ BATTLE SHOP/ BATTLE SHOPS/ LAKEFRONT ARMORY, et al.* | **Civil Action No. 4:26-cv-00707-ALM** |
| *ABC IP, LLC, et al. v. HD ARMS* | **Civil Action No. 4:26-cv-00941-ALM** |
| *ABC IP, LLC, et al. v. HK PARTS* | **Civil Action No. 4:26-cv-01045-ALM** |
| *ABC IP, LLC, et al. v. HOFFMAN* | **Civil Action No. 4:26-cv-00378-ALM** |
| *ABC IP, LLC, et al. v. INOCULUM GROUP et al.* | **Civil Action No. 4:26-cv-00945-ALM** |
| *ABC IP, LLC, et al. v. JESSE T. KLINE* | **Civil Action No. 4:26-cv-00958-ALM** |
| *ABC IP, LLC, et al. v. LAM SOLUTIONS, MATTHEW LAM and NATE LAM* | **Civil Action No. 4:26-cv-00997-ALM** |
| *ABC IP, LLC, et al. v. MAD RIVER FIREARM CO et al.* | **Civil Action No. 4:26-cv-00736-ALM** |
| *ABC IP, LLC, et al. v. MARS TRIGGER, LLC et al.* | **Civil Action No. 2:26-cv-00030-ALM** |
| *ABC IP, LLC, et al. v. MERCIER & SONS LLC, et al.* | **Civil Action No. 4:26-cv-01030-ALM** |
| *ABC IP, LLC, et al. v. MGCC ENTERPRISES* | **Civil Action No. 4:26-cv-01068-ALM** |

| | |
|---|---|
| *ABC IP, LLC, et al. v. MIST DISTRIBUTORS LLC, et al.* | **Civil Action No. 4:26-cv-01011-ALM** |
| *ABC IP, LLC, et al. v. MISTER GUNS, LLC, et al.* | **Civil Action No. 2:26-cv-00056-ALM** |
| *ABC IP, LLC, et al. v. STEVEN THANH NGUYEN, d/b/a POLYMER PEW* | **Civil Action No. 4:26-cv-00425-ALM** |
| *ABC IP, LLC, et al. v. NSPEC INNOVATIONS, LLC et al.* | **Civil Action No. 4:26-cv-00948-ALM** |
| *ABC IP, LLC, et al. v. ODIN WORKS, INC., et al.* | **Civil Action No. 4:26-cv-01091-ALM** |
| *ABC IP, LLC, et al. v. OLDE ENGLISH OUTFITTERS* | **Civil Action No. 4:26-cv-00932-ALM** |
| *ABC IP, LLC, et al. v. ONE HORSE, et al.* | **Civil Action No. 4:26-cv-01065-ALM** |
| *ABC IP, LLC, et al. v. OPTICS PLANET, INC., d/b/a ECENTRIA* | **Civil Action No. 4:26-cv-00521-ALM** |
| *ABC IP, LLC, et al. v. PARA BELLUM RESEARCH LAB LLC, et al.* | **Civil Action No. 4:26-cv-01008-ALM** |
| *ABC IP, LLC, et al. v. PEAK TACTICAL, LLC d/b/a PARTISAN TRIGGERS, et al.* | **Civil Action No. 4:26-cv-00698-ALM** |
| *ABC IP, LLC, et al. v. PEMBLETON AND SONS' LLC* | **Civil Action No. 4:26-cv-00992-ALM** |
| *ABC IP, LLC, et al. v. PISTOLCAP LIMITED COMPANY, d/b/a FRISCO GUNS, et al.* | **Civil Action No. 2:26-cv-00053-ALM** |
| *ABC IP, LLC, et al. v. PROSOURCE FIREARMS, LLC* | **Civil Action No. 2:26-cv-00055-ALM** |

| | |
|---|---|
| *ABC IP, LLC, et al. v. QUICK RESPONSE FIREARMS et al.* | **Civil Action No. 4:26-cv-00944-ALM** |
| *ABC IP, LLC, et al. v. REDACTED ARMS, LLC* | **Civil Action No. 4:26-cv-00754-ALM** |
| *ABC IP, LLC, et al. v. SGC, LLC d/b/a SCOTTSDALE GUN CLUB, et al.* | **Civil Action No. 4:26-cv-00694-ALM** |
| *ABC IP, LLC, et al. v. SHOOTING TARGETS USA, LLC et al.* | **Civil Action No. 4:26-cv-00799-ALM** |
| *ABC IP, LLC, et al. v. SKER INDUSTRIES* | **Civil Action No. 4:26-cv-00928-ALM** |
| *ABC IP, LLC, et al. v. STARK80 et al.* | **Civil Action No. 4:26-cv-01018-ALM** |
| *ABC IP, LLC, et al. v. STRYKE GUNWORKS, LLC* | **Civil Action No. 4:26-cv-01001-ALM** |
| *ABC IP, LLC, et al. v. SUPER SAFE SOLUTIONS, LLC, et al.* | **Civil Action No. 4:26-cv-01086-ALM** |
| *ABC IP, LLC, et al. v. SUPERIOR FIREARMS OF TEXAS, LLC* | **Civil Action No. 2:26-cv-00058-ALM** |
| *ABC IP, LLC, et al. v. TACTICAL SOLUTIONS GROUP, LLC, et al.* | **Civil Action No. 4:26-cv-00735-ALM** |
| *ABC IP, LLC, et al. v. TGR SERVICES, LLC, d/b/a MISSION RIDGE LLC & MISSION RIDGE RANGE & ACADEMY LLC, f/k/a TEXAS GUN RANGE OPERATORS LLC, et al.* | **Civil Action No. 4:26-cv-00680-ALM** |
| *ABC IP, LLC, et al. v. TRINITY TRIGGER LLC* | **Civil Action No. 4:26-cv-00936-ALM** |

| | |
|---|---|
| *ABC IP, LLC, et al. v. VANCE OUTDOORS INC., d/b/a SPORTSMAN OUTDOOR SUPERSTORE, et al.* | **Civil Action No. 4:26-cv-01009-ALM** |
| *ABC IP, LLC, et al. v. VELOCITY AMMUNITION SALES LLC, et al.* | **Civil Action No. 4:26-cv-00954-ALM** |
| *ABC IP, LLC, et al. v. WEBCORP, INC. d/b/a TACTICAL SHIT/LIBERAL TEARS/SIGGLOCKINCOLT.COM, et al.* | **Civil Action No. 4:26-cv-00768-ALM** |
| *ABC IP, LLC, et al. v. Z3 PRODUCTIONS, LLC, d/b/a Z3PRO* | **Civil Action No. 4:26-cv-00367-ALM** |
| *ATRIUS DEVELOPMENT GROUP CORPORATION, INC. v. ABC IP, LLC et al.* | **Civil Action No. 4:26-cv-00448-ALM** |
| *ATRIUS DEVELOPMENT GROUP CORPORATION, INC. v. ABC IP, LLC et al.* | **Civil Action No. 4:26-cv-00984-ALM** |

**CERTAIN DISRUPTOR DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF READINESS UNDER FED. R. CIV. P. 16.1 (Dkt. 37)**

Defendants Peak Tactical, LLC; Nick Norton; OpticsPlanet, Inc.; Cloak Industries, Inc.; William C. King Jr.; TGR Services, LLC; TGR Ventures, LP; AR-TT, LLC; Clausen, Inc.; Jonathan Clausen; Jodi Clausen; SGC, LLC; Terence D. Schmidt; Ronald Kennedy; Firearm Systems LLC; Brandon Donatto; Michael Stakes; Canuck Tactical LLC; Hawkphin Sales, LLC; Adam Gerleman; Antonio Choukair; AR-15 Gun Owners of America, Inc; Chris Allen Waltz; Webcorp, Inc.; Thomas Kirgin Jr.; Shooting Targets USA, LLC; Michael Joseph Speeney III; East Coast Cerakote LLC; Gavin Luzier; SKER Industries LLC; Jordan Linsker; David Freshwater; Velocity Ammunition Sales, LLC; David Allen Hazlett; 2A Ninja LLC; Ethan Alexander Cook; Quick Response Firearms LLC; Daniel Corsini; Jerried "Jerry" Brown; Inoculum Group LLC; Ryan K. Jacobson; Dirty Bird Industries, LLC; Jay Pitcher; Dustin Pitcher; Lori Pitcher; Odin Works, Inc.; Thomas Hines; and MGCC Enterprises LLC; —all of whom are accused of selling either infringing Disruptor trigger devices or a combination of Disruptor triggers and other allegedly infringing devices (altogether, the "**Disruptor Defendants**"[1])—respectfully respond to the Notice of Readiness to Proceed Under Federal Rule of Civil Procedure 16.1 (No. 4:26-md-03176, Dkt. 37, the "**Notice**") filed by Plaintiffs ABC IP, LLC, and Rare Breed Triggers, Inc. (together, "**Rare Breed**").

The Disruptor Defendants have conferred with Rare Breed for two months about case management and discovery matters (*see* Notice Exs. 7, 11, 12). They have done so amidst Rare

[1] The Disruptor Defendants are named in matters centralized before this Court in MDL No. 3176, and they bear the individual case numbers 4:26-cv-00698, 4:26-cv-00521, 4:26-cv-00608, 4:26-cv-00680, 4:26-cv-00693, 4:26-cv-00694, 4:26-cv-00695, 4:26-cv-00705, 4:26-cv-00707, 4:26-cv-00755, 4:26-cv-00761, 4:26-cv-00768, 4:26-cv-00799, 4:26-cv-00831, 4:26-cv-00928, 4:26-cv-00930, 4:26-cv-00954, 4:26-cv-01013, 4:26-cv-01106, 4:26-cv-944, 4:26-cv-00945, 4:26-cv-01091, and 4:26-cv-1068. The undersigned also represents other alleged resellers of Disruptor trigger devices whose cases have not yet been transferred to this MDL.

Breed's pending Federal Circuit appeal of the denial of its first motion for temporary restraining order and preliminary injunction against Disruptor sales (*see* No. 4:26-cv-698 (E.D. Tex.), Dkts. 39 (TRO/PI denial), 45 (reconsideration denial), 46 (appeal)), Rare Breed's pending second preliminary injunction motion against Disruptor sales (*id.* Dkt. 76), and its most recent motion for a temporary restraining order against certain Disruptor sales (*id.* Dkt. 100). In their case management conferral, the Disruptor Defendants have explained to Rare Breed that the parties should defer Rule 16.1(b) conferral and submission of a case management report and proposed orders governing general discovery (altogether, "**MDL Management Proposals**") until

1. Rare Breed's roughly 40 newly filed cases have been transferred to these proceedings and until appearances have been entered on the defendants' behalf;
2. the Court resolves Rare Breed's five sets of pending emergency motions in this MDL (four sets of motions for preliminary injunction and one set of motions for temporary restraining order); and
3. the Court resolves the dozens of pending motions to stay the cases of mere resellers under the customer-suit exception that, if granted, would reduce the number of active cases in this MDL from more than 120 to fewer than 10.

As further discussed below, the completion and resolution of these three outstanding issues may greatly impact the contents of any MDL Management Proposals. For this reason, the Disruptor Defendants respectfully request that these three threshold steps—full centralization, emergency motions, and stay motions—be completed before the parties submit their MDL Management Proposals.

**<u>Complete MDL Centralization Before Submitting MDL Management Proposals</u>**

Of more than 120 cases Rare Breed has filed, roughly 40 cases had not been transferred to this Court as of this morning. Rare Breed represents to the Court that it has "completed filing new actions" and does "not presently anticipate filing additional complaints in the immediate

future." Notice at 1. However, the MDL is still waiting on one-third of the cases that Rare Breed already has filed but that have not yet been transferred.

Conferring about and adopting MDL Management Proposals now would exclude yet-to-be transferred and newly transferred MDL parties from participating in MDL planning (*see* Notice Ex. 7 at 1; Ex. 11 at 2; Ex. 12 at 1; Ex. 13 at 1; Ex. 14 at 1-2; Ex. 15 at 1; *see also* **Ex. A** hereto (Aug. 7, 2026 Cavanagh email, explaining newly transferred party had been excluded)). Until the outstanding cases are transferred, and their parties and counsel have been identified and joined to this proceeding, any MDL Management Proposal will be incomplete and potentially subject to multiple amendments and changes as the new parties are added. Essentially, Rare Breed wants the MDL train to leave the station despite knowing that a third of its passengers are not yet onboard.

Moreover, Rare Breed's current approach prevents robust conferral even among transferred defendants because Rare Breed has blind-copied defense counsel when circulating proposals (Notice Ex. 12 at 2; Ex. 14 at 1-2), and has declined to provide a recipient list, despite defendants' requests (Notice Ex. 9 at 1). In response to requests for a recipient list to facilitate conferral, Rare Breed told defendants to "let us know" if "there is a Defendant / counsel who did not receive" the proposals (Notice Ex. 9 at 1)—a difficult task when Rare Breed refuses to say who is on its list.

In a litigation of this scale, with sophisticated counsel representing Rare Breed and most MDL defendants, conferral helps the parties, the Court, and the interests of efficient justice. Rare Breed sued not just the handful of manufacturers of allegedly infringing trigger products; it chose to sue more than 100 resellers of those products as well. It cannot fairly cast such a wide net and then purport to exclude its chosen defendants from participating in case management. Rare Breed

assures the Court full centralization will be complete "over the next few weeks." (Notice at 1.) Several cases were transferred even today. Conferral and submission of MDL Management Proposals necessarily should wait until all parties are joined and can participate.

**Resolve Pending Emergency Motions Before Submitting MDL Management Proposals**

Across the cases centralized in this MDL, the Court presently has pending before it a set of three motions for temporary restraining orders and four sets of motions for preliminary injunctions that cover dozens of cases. Requests for expedited discovery accompany many of those motions. Rare Breed also has appealed its loss of a prior motion for preliminary injunction against Disruptor sales, and that appeal is set for oral argument before the Federal Circuit Court of Appeals on September 10, 2026. The resolution of that appeal will directly inform—if not outright resolve—the pending emergency motions, which all turn on the same questions of irreparable harm, equities, and public interest, plus many overlapping merits issues.

The Disruptor Defendants explained during conferral that, while motions for emergency injunctive relief and expedited discovery are pending before the Court, it serves little purpose to propose normal-course MDL management. (Notice Ex. 7 at 1; Ex. 12 at 1.) That is particularly true when the Federal Circuit appeal and injunction rulings will inform the parties' assessments of and approach to these 120-some pending cases. Accordingly, the Disruptor Defendants respectfully request that conferral and MDL Management Proposals occur only after the pending Federal Circuit appeal and motions for injunctive relief are resolved.

**Resolve Reseller-Stay Motions Before Submitting MDL Management Proposals**

As noted, Rare Breed chose to sue not just the handful of manufacturers who make and sell the accused products; it filed more than 100 cases against product resellers. Dozens of transferred resellers have since filed motions to stay their cases under the customer-suit

exception. (*See, e.g.*, 4:26-cv-00608, Dkt. 27 (July 1, 2026 Cloak Industries Motion to stay).) As the Disruptor Defendants explained during conferral, it is not possible to productively confer or to submit MDL Management Proposals to the Court when the parties do not know whether this MDL will proceed only as to the manufacturers, which number fewer than 10 cases, or will include more than 120 cases against the manufacturers *and* all their resellers. (Notice Ex. 11 at 2; Ex. 12 at 1; Ex. 14 at 2.) While Rare Breed prefers to "proceed with 100+ cases all at once" (Notice Ex. 9 at 2), it acknowledges the manufacturer cases are the essential proceedings in this MDL, not the reseller cases (Notice at 1). Resellers like Cloak Industries moved this Court to pause their cases since the common central issues—claim construction, infringement, invalidity, and enforceability—can be efficiently resolved against the manufacturers and then applied to the resellers, who have agreed to be bound by such rulings. There is no value litigating duplicative issues in 100+ cases.

In all events, the parties cannot productively confer and submit MDL Management Proposals when this threshold question is unresolved, as the number of cases that will need to be actually litigated is unknown, greatly impacting the scope and content of the Proposals. Accordingly, the Disruptor Defendants respectfully request that conferral and submission of MDL Management Proposals occur only after the pending reseller-stay motions are resolved.

## CONCLUSION

Rare Breed has filed over 100 cases, and this MDL should not proceed without them. Rather than ordering Rule 16.1(b) conferral and reports now—before one third of Rare Breed's known defendants have been transferred—the Disruptor Defendants respectfully urge the Court to issue such an order only after (1) the remaining 40 or so cases comprising this MDL are transferred and appearances have been entered, (2) the Federal Circuit appeal of Rare Breed's

preliminary injunction loss and the five sets of pending injunction motions before this Court are resolved, and (3) the motions to stay the cases of more than 100 mere resellers under the customer-suit exception are resolved. In the meantime, the Disruptor Defendants stand ready to appear before the Court with other defendants and Rare Breed to determine an efficient process for resolving the pending injunction motions and any other matters the Court wishes to address.

Dated: August 25, 2026

Respectfully submitted,

*/s/ Timothy P. Getzoff*
Timothy P. Getzoff
J. Randy Roeser (TX Bar No. 24089377)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Phone: 303.473.2700
tgetzoff@hollandhart.com
jrroeser@hollandhart.com

Paul Swanson (*pro hac vice* forthcoming)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Phone: 303.295.8000
pdswanson@hollandhart.com

*Attorneys for Disruptor Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2026, a copy of the foregoing was filed electronically using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Timothy P. Getzoff*
Timothy P. Getzoff

39188110