# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |

**[PROPOSED] DISCOVERY ORDER**[1]

After reviewing the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is **ORDERED AS FOLLOWS**:

1. [Dispute] **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party [***Defendants' Proposed Insertion***: whose case is not stayed] shall disclose to every other party the following information:

   (a) [Agreed] The correct names of the parties to the lawsuit;

   (b) [Agreed] The name, address, and telephone number of any potential parties;

   (c) [Dispute] [***Plaintiffs' Proposed Inclusion:*** The legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);]

   (d) [Agreed] The name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

[1] The discovery limits set forth herein do not apply to discovery taken as part of any preliminary injunction specific discovery, and such discovery does not count against the limits set forth herein.

(e) [Agreed] Any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) [Agreed] Any settlement agreements relevant to the subject matter of this action; and

(g) [Agreed] Any statement of any party to the litigation.

2. [Dispute] **[*Plaintiffs' Proposed Inclusion:* Disclosure of Expert Testimony**. A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705, and:

(a) If the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) For all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).**]**

3. [Dispute] **Additional Disclosures.** [***Plaintiffs***: Propose keeping this provision applicable to all parties; ***Defendants***: Propose limiting this provision to Plaintiffs and Manufacturers, and adding "so required by the Court" as shown in brackets within the following sentence.] Without awaiting a discovery request, each party [so required by the Court] will make the following disclosures to every other party:

(a) [Agreed] Provide the disclosures required by the Patent Rules for the Eastern District of Texas;

(b) [Agreed] Produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action and proportionate to the needs of the case, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) [Agreed] Provide a complete computation of any category of damages claimed by any party to the action and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. [Agreed] **Protective Orders.** The Court will enter the parties' Agreed Protective Order, or a Protective Order of the Court's choosing if the parties do not agree. All Discovery Material produced under this Order is subject to the Protective Order entered in this case. The Protective Order governs any apparent conflict between this Order and the Protective Order with respect to the treatment of Protected Material.

5. [Dispute] **Discovery Limitations.**

(a) [Dispute] Written Discovery.

***Plaintiffs' Proposal for Written Discovery Limits***:

The discovery in this case is limited to the disclosures described in Paragraphs 1-3 together with:

i. [Dispute] Interrogatories: Plaintiffs may collectively serve up to forty (40) common interrogatories that shall be served jointly on all Defendants, plus an additional three (3) common interrogatories relating to claims of (or defenses related to) trademark infringement or unfair competition on all those Defendants against whom Plaintiffs have pleaded such claims. Defendants may collectively serve up to forty (40) common interrogatories that shall be served jointly on Plaintiffs. Those Defendants against whom Plaintiffs have pleaded claims of trademark infringement or unfair competition may collectively serve an additional three (3) common interrogatories regarding those claims or related defenses on Plaintiffs. To the extent any party (or group of parties) believes that additional interrogatories beyond those already served as common interrogatories are necessary to address issues that are specific to a particular Defendant or subset of Defendants, the parties agree to work together in good faith to avoid duplicative or cumulative interrogatories, and to promptly bring any disputes about the necessity of additional interrogatories to the Court for resolution.

ii. [Dispute] Requests for Admission: Plaintiffs, collectively, may serve up to seven (7) requests for admission on each Defendant (or group of related Defendants, collectively, if more than one are named collectively in a specific action), and each of those Defendants (or group of related Defendants, collectively, if more than one are named collectively in a specific action) may serve up to seven (7) requests for admission on

Plaintiffs, collectively. The parties will be permitted to serve unlimited requests for admission for authentication of documents or things, provided that requests for admission directed to authentication are clearly denoted as such and served separately from any requests for admission subject to the numerical limitations previously stated. The parties shall work together in good faith to agree on a stipulation as to the authenticity of their own documents to avoid serving large numbers of requests for admission relating to authenticity.

iii. [Dispute] Requests for Production: Requests for production are unnecessary and not permitted given the requirements of Paragraph 3(b) of the Additional Disclosures.

***Defendants' Proposal for Written Discovery Limits***:

The discovery in this case is limited collectively across both phases of discovery as follows (i.e., any discovery method can be used in any discovery phase, correspondingly reducing what may be used in the other discovery phase):

i. [Dispute] Interrogatories: As between Plaintiffs, collectively, and each of the Manufacturers, the standard limit of 25 interrogatories each shall apply. As between Plaintiffs, collectively, and each of the Reseller Defendants[2] (if Reseller Defendant cases are not stayed), the interrogatory responses served between the Plaintiffs and the Manufacturers may be used by either side, subject to the restrictions of the Protective Order. Moreover, Plaintiffs,

[2] "Reseller Defendant" has the meaning proposed by Defendants in the Initial Management Order, subject to and without waiving the Parties' definitional dispute therein.

collectively, may serve up to four (4) interrogatories on the Reseller Defendants in each Reseller Defendant action, and the defendants in each Reseller Defendants action may serve up to four (4) interrogatories on Plaintiffs.

ii. [Dispute] Requests for Admission: As between Plaintiffs, collectively, and each of the Manufacturers, a limit of 30 requests for admission each shall apply. As between Plaintiffs, collectively and each of the Reseller Defendants (if Reseller Defendant cases are not stayed), the responses to requests for admission served between the Plaintiffs and the Manufacturers may be used by either side, subject to the restrictions of the Protective Order. Moreover, Plaintiffs, collectively, may serve up to seven (7) requests for admission on the Reseller Defendants in each Reseller Defendant action, and those Reseller Defendants may serve up to seven (7) requests for admission on Plaintiffs. The parties will be permitted to serve unlimited requests for admission for authentication and/or public availability of a particular documents and thing, provided that requests for admission directed to document authentication and/or public availability are clearly denoted as such and served separately from any requests for admission subject to the numerical limitations previously stated. The parties shall work together in good faith to agree on a stipulation as to the authenticity of their own documents to avoid serving large numbers of requests for admission relating to authenticity.

iii. [Dispute] Requests for Production: As between Plaintiffs, collectively, and each of the Manufacturers, the Mandatory Disclosures process set out above shall apply. As between Plaintiffs, collectively and each of the Reseller Defendants (if Reseller Defendant cases are not stayed), the mandatory disclosure material produced between the Plaintiffs and the Manufacturers may be used by either side, subject to the restrictions of the Protective Order. Moreover, Plaintiffs, collectively, may serve up to four (4) requests for production on the Reseller Defendants collectively in each Reseller Defendant action, and those Reseller Defendants collectively may serve up to four (4) requests for production on Plaintiffs.

(b) [Dispute] Depositions (Non-experts, i.e. Depositions Other than Persons Disclosed Pursuant to Rule 26(a)(2)).

***Plaintiffs' Proposal for Deposition Limits***:

Plaintiffs, collectively, may take up to:

i. [Dispute] Thirty-five (35) hours of depositions of each "Non-Certifying Defendant" and its party witnesses (or group of related "Non-Certifying Defendants" and their party witnesses, collectively, if more than one are named collectively in a specific action);

ii. [Dispute] Twenty-one (21) hours of depositions of each "Reseller Defendant" and its party witnesses (or group of related "Reseller Defendants" and their party witnesses, collectively, if more than one are named collectively in a specific action); and

iii. [Dispute] Ten (10) hours of depositions of each "Sub-2000 Unit Defendant" and its party witnesses (or group of related "Sub-2000 Unit Defendants" and their party witnesses, collectively, if more than one are named collectively in a specific action).

[Dispute] Defendants, collectively, may take up to fifty (50) hours of depositions of Plaintiffs and their party witnesses, collectively. Within this limit, Plaintiffs agree that Defendants may, collectively, depose Cole Leleux for a total of up to eleven (11) hours, in his personal and corporate capacities and may, collectively, depose Lawrence DeMonico for a total of up to eleven (11) hours, in his personal and corporate capacities, while all other depositions of Plaintiffs or their party witnesses will be limited to a total of seven (7) hours.

[Dispute] The transcripts of depositions may be used by any side, subject to the restrictions of the Protective Order. These limits apply without differentiation between Rule 30(b)(1) and 30(b)(6) testimony. Time examining a party or its party witnesses counts against a party's allocation regardless of the action within the MDL in which the deposition is noticed or whether the witness is subpoenaed as a nonparty. Any prior deposition testimony of any inventor, *e.g.*, Lawrence DeMonico, given in any prior or contemporaneous action—whether given in an individual capacity under Rule 30(b)(1), as a corporate designee under Rule 30(b)(6), or both—shall be deemed to have been taken in this MDL and member actions for all purposes permitted under the Federal Rules of Civil Procedure and Federal Rules of Evidence. Such testimony may be used by any Defendant to the same extent as if the testimony were taken in these actions, including for

impeachment, admissions, summary judgment, *Daubert*, claim construction, trial, and any other evidentiary purpose. Each individual deposition shall count for a minimum of 2 hours of deposition time with respect to the limits set forth in this section.

iv. [Dispute] Except as provided in the preceding paragraph, depositions of persons disclosed pursuant to Rule 26(a)(2)(B) and third parties do not count against these limits.

***Defendants' Proposal for Deposition Limits***:

i. [Dispute] As between Plaintiffs, collectively, and each of the Manufacturers, the presumptive limit of 70 hours of fact depositions each shall apply. The transcripts of depositions between the Plaintiffs and the Manufacturers may be used by either side, including in Reseller Defendants, subject to the restrictions of the Protective Order. Time Plaintiffs spend examining a Manufacturer or its witnesses counts against Plaintiffs' allocation for that Manufacturer regardless of the action in which the deposition is noticed or whether the witness is subpoenaed as a nonparty.

ii. [Dispute] Within this limit, no fact witness shall be required to testify for more than fourteen (14) total hours of deposition time in the Manufacturer actions. Where a party is testifying on behalf of an entity pursuant to Fed. R. Civ. P. 30(b)(6), such time does not count against the individual fact witness limitation. Unless agreed otherwise by the Parties, no deposition shall last longer than seven (7) hours in one day as provided in Fed. R. Civ. P. 30(d)(1).

iii. [Dispute] Moreover, Plaintiffs, collectively, may take up to three (3) hours of fact deposition testimony in each Reseller Defendant case, and the Reseller Defendants collectively in each Reseller Defendant action may take up to three (3) hours of fact deposition testimony of Plaintiffs. These limits apply without differentiation between Rule 30(b)(1) and 30(b)(6) testimony.

iv. [Dispute] Any prior deposition testimony of any inventor, e.g., Lawrence DeMonico, given in any prior or contemporaneous action—whether given in an individual capacity under Rule 30(b)(1), as a corporate designee under Rule 30(b)(6), or both—shall be deemed to have been taken in this MDL and member actions for all purposes permitted under the Federal Rules of Civil Procedure and Federal Rules of Evidence. Such testimony may be used by any Defendant to the same extent as if the testimony were taken in these actions, including for impeachment, admissions, summary judgment, *Daubert*, claim construction, trial, and any other evidentiary purpose.

***Agreed Provisions Regarding Depositions***:

v. [Agreed] If a party believes that additional time with a particular witness is necessary, the parties shall meet and confer in good faith in order to reach an agreement.

vi. [Agreed] All depositions shall take place at the location where the witness resides unless the parties agree to an alternative location.

vii. [Agreed] The parties shall coordinate depositions of each other's witnesses to minimize duplication.

viii. [Agreed] Absent agreement of the witness, no deposition shall begin prior to 9:00 a.m. local time or extend beyond 8:00 p.m. local time.

ix. [Agreed] Each individual deposition shall count for a minimum of 2 hours of deposition time with respect to the limits set forth in this section.

x. [Agreed] Depositions of experts do not count against these limits.

(c) [Dispute] Depositions of Experts, i.e., Persons Disclosed Pursuant to Rule 26(a)(2)**.**

***Plaintiffs' Proposal for Depositions of Retained Experts*:**

[Dispute] Plaintiffs are limited to five (5) testifying expert witnesses disclosed pursuant to Rule 26(a)(2)(B). Defendants, collectively, are limited to no more than ten (10) testifying expert witnesses disclosed pursuant to Rule 26(a)(2)(B). Each expert disclosed pursuant to Rule 26(a)(2)(B) may be deposed for up to:

i. [Dispute] Fourteen (14) hours if they submit either (A) more than one report or (B) a single report addressing the activities, products, sales, or financial information of multiple Non-Certifying Defendants (or multiple groups of related "Non-Certifying Defendants" if named in separate actions) and/or of multiple "Reseller Defendants" or "Sub-2000 Unit Defendants" that sourced their accused products from different named Defendants in the MDL proceedings; or

ii. [Dispute] Seven (7) hours if they submit a single report addressing the activities, products, sales, or financial information of a single "Non-Certifying Defendant" (or group of related "Non-Certifying Defendants" and their party witnesses, collectively, if more than one are named collectively in a specific action) and/or the activities, products, sales, or

financial information of one or more "Reseller Defendants" and/or "Sub-2000 Unit Defendants" that share a common source of accused products that is another named Defendant in the MDL proceedings.

iii. [Dispute] Regarding expert depositions pertaining to declarations or reports submitted during the claim construction phase of the case regarding claim construction issues, each expert can be deposed for up to 7 hours (on the record).

***Defendants' Proposal for Depositions of Retained and Non-Retained Experts***:

i. [Dispute] Depositions of a party's Rule 26(a)(2)(B) and (C) experts are not included in the hour limitations set forth for fact witnesses. Plaintiffs are limited to five (5) testifying expert witnesses. Defendants are limited to no more than fifteen (15) testifying expert witnesses for all Defendants.

ii. [Dispute] Unless otherwise agreed to in writing by all parties affected by the deposition, each expert can be deposed for up to 7 hours (on the record) for each substantive issue (e.g., infringement, validity, or damages) on which the expert has offered an opinion in a report or declaration. For example, an expert providing reports regarding infringement and validity may be deposed for 14 hours. Where a single Rare Breed expert addresses multiple Manufacturers on a given substantive issue, the Manufacturers shall be entitled to a total of 7 hours of deposition time for the first Manufacturer addressed on that issue, plus up to 3 hours of additional

deposition time for each additional Manufacturer addressed on that issue.[3] The Manufacturers shall determine among themselves how to allocate and sequence such deposition time. Similarly, if multiple Manufacturers share an invalidity expert, they shall be subject to the same deposition limits.[4] Likewise, where Plaintiffs offer a single expert report that responds to or rebuts the invalidity opinions of multiple Manufacturers, including a report responding to a single invalidity expert report submitted on behalf of multiple Manufacturers, the same deposition limits shall apply.

iii. [Dispute] Experts, however, shall not be deposed for more than 7 hours in one day as set forth in Rule 30(d)(1) unless otherwise agreed to by the parties.

iv. [Dispute] Regarding expert depositions pertaining to claim construction issues, each expert can be deposed for up to 7 hours (on the record) for up to four patents on which that expert has offered an opinion, report, or declaration during the claim construction phase of the case. For example, an expert providing a report or declaration regarding claim construction issues on four asserted patents may be deposed for 7 hours during claim construction. If an expert offers opinions in a report or declaration regarding more than four patents, that expert may be deposed for an additional 1.5

[3] For example, if a single Rare Breed expert offers opinions on infringement that address three Manufacturers, then the Manufacturers shall be entitled to a total of 13 hours of deposition time on that substantive issue, consisting of 7 hours for the first Defendant Group addressed and an additional 3 hours for each of the two additional Defendant Groups (7 + 3 + 3 = 13 hours).

[4] As in the above example, 13 hours total if the expert submits a report on behalf of all three Manufacturers.

hours for each additional asserted patent for which (s)he offers opinions on a claim construction issue. For example, if an expert offers claim construction opinions for 7 asserted patents, (s)he may be deposed for 10 hours.

**(d)** [Dispute] **Third-Party Discovery.**

***Plaintiffs' Proposal Regarding Third Party Discovery***:

i. [Dispute] Consistent with Rules 45 and 26, while remaining cognizant of the burden on third parties, there is no limit on the number of third-party subpoenas that any party may serve. Depositions of third parties do not count towards the per-side limit on depositions.

ii. [Dispute] **Third Party Subpoenas.** The parties agree that they will serve all other parties with copies of any subpoena for documents directed to a third-party. A party receiving documents from a third party will promptly provide notice of such receipt to other parties. Any party may request copies of the third party's documents from the receiving party by sending a written request to the receiving party and all other parties. If Plaintiffs request third-party documents produced pursuant to a subpoena from a Defendant, the Defendant will promptly provide copies of those documents to Plaintiffs. If a Defendant requests third-party documents produced pursuant to a subpoena from another Defendant or from Plaintiffs, the following process applies: the receiving party and all other parties have three (3) business days from the date of such request to provide the requesting party with a written objection to the request. The

parties shall not unreasonably object to a party's request for third party documents. If no party objects, then the receiving party shall promptly provide copies of the third party's documents to the requesting party. If a party objects to the request, then the objecting party and requesting party shall confer in good faith to resolve their disputes, but if the objection is not resolved after the required conferral, the requesting party may proceed under the Court's discovery-dispute protocol. The receiving party shall not provide copies of the third party's documents to any requesting party unless and until there are no pending objections. A party scheduling a deposition of a third party shall provide notice of the deposition date to all other parties by at least seven days prior to the deposition.

***Defendants' Proposal Regarding Third Party Discovery***:

i. [Dispute] Each side may serve no more than fifty (50) third-party subpoenas in the aggregate across all actions and discovery phases in this MDL, including preliminary-injunction discovery. The parties may serve depositions upon written questions on third parties pursuant to Fed. R. Civ. P. 31, as well as depositions on written questions of custodians of business records for third parties, but each such deposition counts against the foregoing limit, whether obtained by subpoena or agreement. If any party cross-notices a subpoena already served by another party, such cross-notice does not count toward the total number of third-party subpoenas.

ii. [Dispute] The parties agree that they will serve all other parties with copies of any subpoena for documents directed to a third-party. A party receiving

documents from a third party will promptly provide notice of such receipt to other parties. Any party may request copies of the third party's documents from the receiving party by sending a written request to the receiving party and all other parties. If such a written request is made, the party receiving the third-party production shall promptly provide copies of those documents to the requesting party(ies), which shall be handled by all receiving parties in compliance with the Protective Order. The parties agree that they will serve all other parties with copies of any subpoena for testimony or deposition notice directed to a third-party. To the extent a different deposition date than the date noticed in the subpoena is agreed to between the noticing party and the witness, all parties shall be promptly notified in writing. All parties must receive written notice of any third-party deposition at least seven days prior to the date set for such deposition.

6. [Agreed] **Binding All Current and Future Transferees.** This Order shall apply to all actions currently consolidated in this MDL and to all actions subsequently transferred to or filed directly in in this MDL. A party whose action is transferred to this MDL after entry of this Order is bound by its terms upon the effective date of transfer.

7. [Agreed] **Modifications to this Order.** Any party may move to modify these limitations only upon a showing of good cause.

8. [Dispute] **Privileged Information.**

***Plaintiffs' Proposal Regarding Privileged Information***:

[Dispute] There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged

documents withheld from the disclosures required by ¶ 3(b). The producing party shall serve a privilege log identifying any withheld documents or information and the basis for any disputed claim of privilege or protection in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. However, if the party asserting privilege seeks an in camera review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

***Defendants' Proposal Regarding Privileged Information***:

(a) Each party shall use good-faith efforts in determining the reasonable technology and processes to identify and log documents or information protected by the attorney-client privilege or the work-product doctrine (collectively, "Protected").

(b) By thirty days after a party finishes producing documents in response to a request for production or mandatory disclosures obligation, the producing party shall serve a privilege log identifying any withheld documents or information and the basis for any claim of privilege or protection in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability

of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.

(c) If a producing party identifies portions of responsive documents that are Protected and redacts such portions on that basis, the producing party must log the redaction.

(d) For each Protected email chain, the producing party may provide the required privilege-log information for the top (i.e., most recent) email in the email chain and also list the total number of emails in that chain. An "email chain" as used in this paragraph means a single file that contains multiple emails sequentially in the body of the file (e.g., forwards or replies), not separate files that contain emails related in the same conversation. If one Protected email chain is subsumed within another, larger Protected email chain, only the larger chain needs be separately logged, provided the log identifies the subsumed chain. This section does not relieve a party from producing any non-Protected emails or portions of emails within a Protected email chain.

(e) For each action centralized in this MDL, the Plaintiffs and Defendants in that action are not required to list on a privilege log Protected information generated on or after the filing date of the original complaint in that action, absent a showing of good cause. For the avoidance of doubt, if Plaintiffs created a privileged document after the filing of a complaint in a first action but before the filing of a complaint in a second action, Plaintiffs need not log the document in the first action but must log the document in the second action.

9. [Agreed] **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

10. [Agreed] **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made or is no longer complete or true.

11. [Agreed] **Discovery Disputes.**

(a) [Agreed] Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. In the event the parties are unable to resolve any issue, no motions to compel may be filed until after the parties fulfill the "meet and confer" requirement imposed by this Court's Local Rule CV-7(h). If the parties are unable to resolve the dispute without court intervention, the parties must then call the Court's chambers to schedule a telephone conference

regarding the subject matter of the dispute prior to filing any motion to compel. After reviewing the dispute, the Court will resolve the dispute, order the parties to file an appropriate motion, or direct the parties to call the discovery hotline.

(b) [Agreed] Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

12. [Agreed] **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

13. [Agreed] **Filings.** Only upon request from chambers shall counsel submit to the Court courtesy copies of any filings.

14. [Agreed] **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

15. **Additional Orders.**

(b) [Agreed] The parties agree to accept service by email to all counsel of record for the party to be served.

(c) [Agreed] Testifying experts shall not be subject to discovery on any draft of their report or draft declarations in this case and such draft reports and declarations of an

issued report or filed declaration in this litigation are exempt from discovery. In addition, all communications between counsel of record and a testifying expert are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation. Nothing herein alters the protections or applicability of Fed. R. Civ. P. 26(b)(4)(B) or (C).

(d) [Agreed] Pursuant to Federal Rule of Evidence 502(d), inadvertent production of materials covered by the attorney-client privilege or work-product protection is not a waiver in this or any other federal or state proceeding. In case of inadvertent production, at the producing party's request, the receiving party shall immediately return or destroy the inadvertently produced materials. The producing party will provide a privilege log even if the inadvertently produced materials were created on or after the date of the Complaint in the applicable action.

(e) [Agreed] **Service of Deposition Notices**: The parties agree that employees of a party may be served with deposition notices through that party's counsel, rather than being served by a subpoena.

**[Dispute]** ***Plaintiffs' Proposed Additional Discovery Orders***:

(a) [Dispute – ***Plaintiffs' Proposed Order re***] **Privilege Logging Cut-Off Dates.** The parties shall not be required to log any privileged documents created on or after the date of the earliest Complaint in this MDL in which that party is involved.

**[Dispute]** ***Defendants' Proposed Additional Discovery Orders***:

(a) **[Dispute –** ***Defendants' Proposed Order re*****] Plaintiffs' Prior Productions**. Plaintiffs shall produce to Defendants within 60 days of entry of this Order, all documents, things, e-mails, and electronically stored information previously

produced by them in any prior patent or related litigation, including but not limited to:

- *Rare Breed Triggers, LLC, et al. v. Big Daddy Enterprises, Inc., d/b/a Big Daddy Unlimited, Inc., et al.,* No. 1:21-cv-00149 (N.D. Fla.; filed Sept. 15, 2021)
- *Rare Breed Triggers, LLC, et al. v. Strbac*, No. 1:22-cv-00280 (N.D. Ohio; filed Feb. 21, 2022)
- *Rare Breed Triggers, LLC, et al. v. Graves*, et al., No. 4:22-cv-00107 (N.D. Okla.; filed March 8, 2022)
- *Rare Breed Triggers, LLC, et al. v. Big Daddy Unlimited, Inc., et al.,* No. 1:22-cv-00061 (N.D. Fla.; filed March 8, 2022)
- *Rare Breed Triggers, LLC, et al. v. Crawford, et al.,* No. 4:23-cv-00021 (N.D. Okla.; filed Jan. 13, 2023)
- *ABC IP, LLC v. FRT Triggers LLC,* No. 1:25-cv-00124 (D. Wyo.; filed May 16, 2025)
- *Rare Breed Triggers, LLC, et al. v. Big Daddy Enterprises, Inc., et al.,* No. 1:25-cv-00181 (N.D. Fla.; filed July 1, 2025)
- *Rare Breed Triggers, LLC, et al. v. Garland, et al.,* No. 6:21-cv-01245 (M.D. Fla.; filed Aug. 2, 2021)
- *Rare Breed Triggers, LLC v. Bureau of Alcohol, Tobacco, Firearms and Explosives, et al.,* No. 3:22-cv-00085 (D.N.D.; filed May 16, 2022)
- *U.S. v. Misc. Firearms and Related Parts and Equip. Listed in Exhibit A*, No. 1:23-cv-00017 (D. Utah; filed Jan. 11, 2023)
- *U.S. v. Rare Breed Triggers, LLC, et al*., No. 1:23-cv-00369 (E.D.N.Y.; filed Jan. 19, 2023)

Nothing in this subsection limits Defendants' right to seek additional discovery from Plaintiff in these cases, nor does it restrict Defendants from seeking third-party discovery of prior productions by other litigants where permitted by law.

(b) **[Dispute – *Defendants' Proposed Order re*] Prior Sealed Filings.** Within 60 days of entry of this Order, Plaintiffs shall produce any prior sealed filings in Plaintiffs' prior patent and related litigation that contain only Plaintiffs' confidential information. To the extent Plaintiffs have previously created, produced, or exchanged redacted versions of any filings, in prior litigation, where such redacted

versions were not filed on a public docket, Plaintiffs shall produce those redacted versions to Defendants without requiring further consent from any third party.

(c) **[Dispute – *Defendants' Proposed Order re*] Prior Expert Reports and Expert Deposition Transcripts.** Within 60 days of entry of this Order, Plaintiffs shall produce any prior expert reports and expert deposition transcripts in Plaintiffs' prior patent and related litigation. To the extent Plaintiffs have previously created, produced, or exchanged redacted versions of any filings, in prior litigation, where such redacted versions were not filed on a public docket, Plaintiffs shall produce those redacted versions to Defendants without requiring further consent from any third party.

(d) **[Dispute – *Defendants' Proposed Order re*] Plaintiffs' Prior Deposition Transcripts.** Within 45 days of entry of this Order, Plaintiffs shall produce any prior deposition transcripts in Plaintiffs' prior patent and related litigation of Lawrence DeMonico, Cole Leleux, Kevin Maxwell, Michael Register, Jeffrey Rounds, Cameron Smith, Glenn Bellamy, Mladen Thomas Strbac, and Brian Blakley, whether given in an individual capacity under Rule 30(b)(1), as a corporate designee under Rule 30(b)(6), or both. To the extent Plaintiffs have previously created, produced, or exchanged redacted versions of any deposition transcripts in prior litigation, where such redacted versions were not filed on a public docket, Plaintiffs shall produce those redacted versions to Defendants without requiring further consent from any third party. For the avoidance of doubt, nothing in this subsection limits or restricts Defendants' ability to obtain deposition transcripts, deposition videos, exhibits, or testimony from prior litigations involving the

patents-in-suit by any other lawful means, including by subpoena, third-party consent, or modification of prior protective orders. This subsection governs only Plaintiff's production obligations and does not waive or impair Defendants' right to seek prior testimony from any source permitted under the Federal Rules.

(e) **[Dispute – *Defendants' Proposed Order re*] Third-Party Discovery Directed at Defendants' Customers**. To the extent Plaintiffs seek information relating to Defendants' customers who are individuals (as opposed to enterprises), such information may be produced in aggregated or anonymized form to remove personal identification information unless Plaintiffs demonstrates a particularized need for identifiable customer data that cannot be met through aggregation.

**IT IS SO ORDERED.**

____________________________________
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE