**IN UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

**SHERMAN DIVISION**

**DATE:** 10/15/2026

| **CHIEF DISTRICT JUDGE**<br>**Amos L. Mazzant, III** | **COURT REPORTER: Lisa Banta**<br>**COURTROOM DEPUTY: Keary Conrad** |
|---|---|
| In re: Rare Breed Triggers Patent Litigation | 4:26-MD-3176 |

| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANTS** |
|---|---|
| Mark Colvin, Bret Winterle, Carl Bruce, Tom Gorham, Brandon Avers, Lawrence Demonica | Timothy Getzoff, Robert Manley, Ed Chin, John Skeriato, Sergey Vernyuk, Wesley Weeks, Adam Flloyd, Conor Civins, Ted Polasek |

On this day, came the parties by their attorneys and the following proceedings were held in Sherman, TX:

| **TIME:** | **MINUTES: Rule 16 - Management Conference** |
|---|---|
| 9:00 a.m. | Court in session. Court notes appearances of counsel. |
| | Parties make appearances. Defendant's counsel will provide the Court with a list of each Defendant's counsel and the Parties they represent to make it part of the record. |
| | Parties discuss further case management conferences. |
| 9:10 a.m. | Parties discuss leadership counsel. Parties discuss categories of Defendants including Distributor Defendants, Reseller Defendants. Parties discuss that some of the Defendant are not represented and have not been categorized at this time. |
| | Point persons noted are:<br>Paul Swanson - for Disruptor Defendants Ed Chin - Atrius Defendants<br>John Skeriotis - Z3 Productions, LLC Ted Polasek - MaRs Trigger, LLC<br>Jacob Horton - Timothy Hoffman and Hoffman Tactical<br>Conor Civins - Mordekhai Harroch Wesley Weeks - Atlantic Firearms, LLC |
| | Plaintiff provides slide sorting Defendants as follows:<br>Kabuto (not currently in case) Super Safety Atrius FRS<br>Partisan Disruptor ASD ARC-Fire Other Products<br>Further discussion held at 12:30 p.m. regarding these defendants and their relation(s) to the case. |
| 9:18 a.m. | Previous scheduling orders and protective orders will be vacated and the Court will put the Parties on a new scheduling order. |
| 9:21 a.m. | Court hears from Plaintiff's counsel, Mark Colvin regarding addition parties being added to MDL |

| TIME: | MINUTES: Rule 16 - Management Conference |
|---|---|
| | Filing documents: Documents that apply to all or multiple cases just file in the MDL case (4:26MD3176). If there are documents that apply to only one case, then file it in that specific case. |
| 9:33 a.m. | Court hears from Jacob Horton regarding Hoffman and the case status - pending appeal and pending 12b6 fully briefed. Court will review 12b6 motion. Counsel Horton discusses need to file answer to counter-claim but does not want it to to negate pending 12b6 motion. Defendant will file answer to counter claim subject to pending 12b6. |
| 9:37 a.m. | Court hears from Timothy Getzoff regarding consolidated 12b6 with cookie cutter allegations to be responded to in mass. |
| 9:38 a.m. | Plaintiff's counsel, Mark Colvin responds regarding 12b6. |
| 9:40 a.m. | Parties discuss streamlining complaints and answers - parties agree. Plaintiff will confer with Defendants. Court hears response from Timothy Getzoff who proposes general denials - defendant proposes a short form answer. The Court finds that general denial from resellers is fine. In the case of a general denial it should be following by a certification process. Parties should try to agree to that certification process. |
| | Initial disclosures - follow the local rules. Court will enter a scheduling order.<br>Court hears rom Timothy Getzoff regarding initial disclosures and mandatory issues as required for all the resellers because they have no technical information. In order to reduce the burden on the resellers and narrow and delay those mandatory disclosures. Defendant proposed substituting in requests for documents; a limited number focused on the resellers given their small status as opposed to making them do the mandatory disclosures. Court hears from Robert Manley who questions if disclosures as going to be required from all defendants then maybe do a general disclosure for each of the manufacturers and then to the extent there are resellers then sign on to the disclosures made on behalf of the manufacturers whose products they sell. If there are issues regarding reseller then they can make their own disclosures on those issues.<br>Damages disclosures, trade mark infringement against one of the resellers but not all of them. Particularized issues for some resellers, but to lessen the burden on some of the other resellers to infringement, to inequitable conduct.<br>Plaintiff's counsel, Bret Winterele argues that they are not seeking to duplicate discovery or disclosures but if they are just a reseller they are likely to have cat drawings, documents that show how the product was made, assembly activities, sales information, knowledge that goes to infringement claims. The Court suggests to go forward as Defendant proposes with resellers joining in what the manufacturers may do. Parties agree there are individual cases which may be different and resellers may have additional information. Court proposes starting with what Defendant is proposing and see how it works. |
| 9:57 a.m. | Parties agree that there is no need for special master for discovery disputes. |
| 9:58 a.m. | Parties are provided proposed Scheduling Order from the Court. |
| 10:00 a.m. | Court takes 10 minutes recess for parties to review scheduling order. |

| TIME: | MINUTES: Rule 16 - Management Conference |
|---|---|
| 10:10 a.m. | Court re-convened. Court hears from Plaintiffs regarding Scheduling Order. Counsel Colvin discusses moving a few of the deadlines. Counsel Carl Bruce discusses a cutoff regarding claims of privilege. Court hears from Defendant's counsel, Timothy Getzoff regarding deadlines. Parties will meet and confer on changing certain deadlines and will provide that to the Court for the Court's consideration within a week. |
| 10:30 a.m. | Parties discuss mediator appointment. |
| 10:34 a.m. | Parties discuss proposed protective order and the Parties disputes. |
| 10:49 a.m. | Parties discuss discovery order, interrogatories, request for admissions, unlimited request for authentication and depositions. Court orders production of depositions regarding any claim or defense and any individual that's going to be a witness in this case should be produced.<br>Expert deposition transcripts - as it relates to any back patents - those experts depositions should be produced. Counsel Chin then discusses Defendant's customers production. |
| 11:15 a.m. | Court took under advisement the issue of excluding depositions that didn't have anything to do with patent cases. |
| 12:04 p.m. | Parties discuss e-discovery. Court hears from Plaintiff's counsel Winterle regarding preservation of materials. Court hears from Defendant's counsel, Sergey Vernyuk agree to preserve the metadata and specifically to the fields they would produce. Parties have reached semi-agreement so the Court goes with Defendant's proposal regarding metadata. |
| | Page 3 of Exhibit 4 - Court accepts what the Parties have agreed to. |
| 12:10 p.m. | Court hears from Bret Winterle regarding the bottom of Page 3 of Exhibit 4 - format of production. Parties agree to the idea of tiff if it is available, but if that is not available you can meet and confer and if not resolved, the parties may reach out to the Court. |
| 12:13 p.m. | Court hears from Counsel Winterle regarding Page 5 under Section F asking the Parties to reserve the sources (voicemails, instant messages, and other messaging platforms). Court hears from Defendant's counsel, Vernyok responds. The Court goes with Plaintiff's proposal to preserve it - meaning, do not delete things. The Court may not order production of it but it should be preserved. |
| 12:19 p.m. | Counsel Winterle addresses G of Exhibit 4 - Page 6 indicating that Defendant's want to exempt anything from discovery that has been deleted. It should still be preserved. Counsel Vernyok responds regarding already deleted items. Court takes under advisement. |
| 12:23 p.m. | Court hears from Counsel Colvin regarding housekeeping matters for the MDL in general.<br>9/17 - Orders for Partial Denials - denied addition of some trademark and related claims. Counsel Colvin inquires what mechanism they use to get those claims adjudicated.<br>Defendant's counsel, Manley responds.<br>Counsel Colvin further notes that there is a long list of products beyond these three manufacturers that individual resellers may manufacture themselves. Court advises that the remedy is to file a motion to reconsider. Response will be due one week after so that the Court can resolve those issues. |

| TIME: | MINUTES: Rule 16 - Management Conference |
|---|---|
| 12:41 p.m. | Counsel Colvin inquires regarding preliminary injunctions that have been briefed - set for 1/13 regarding consolidated PI#2 and expedited discovery order. Court will rule on the procedural motion and will rescind/withdraw the orders this morning. Court will take that up.<br>Colvin addresses pending fully briefed TRO. |
| 12:42 p.m. | Court recess. |
| 12:51 p.m. | Court-reconvened. |
| 12:52 p.m. | Court hears from Defendant's counsel, Robert Manley regarding PI hearing Atrius on 1/11 - conflicting issue because of trial. Court will not move hearing. Court advises that PI hearing will be a full evidentiary hearing. |
| 12:56 p.m. | Defendant's counsel, John Skeriato argues Defendant's Motion to Strike (Dkt. #89) Plaintiff's Motion for TRO (Dkt. #74). |
| 1:13 p.m. | Plaintiff's counsel, Mark Colvin responds. |
| 1:35 p.m. | Court recess until 2:50 p.m. |
| 2:50 p.m. | Court re-convened. Plaintiff's counsel, Mark Colvin continues argument on motion. |
| 2:57 p.m. | [Courtroom sealed] |
| 3:08 p.m. | Defendant's counsel, Vernyok begins argument. [Courtroom unsealed] |
| 3:13 p.m. | [Courtroom sealed]. |
| 3:31 p.m. | [Courtroom unsealed]. Court will take under advisement. |
| 3:32 p.m. | Court offers 11/4 for the PI hearing but parties agree that is not going to work because of discovery schedule. Court will continue to monitor the January trial date and if it goes away will advise the Parties if we can move up the currently set 1/11 PI hearing. |
| 3:36 p.m. | Court adjourned. |

DAVID O'TOOLE, CLERK

BY: Keary Conrad

Courtroom Deputy Clerk