**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |

**DISCOVERY ORDER**[1]

After reviewing the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is **ORDERED AS FOLLOWS**:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a) The correct names of the parties to the lawsuit;

(b) The name, address, and telephone number of any potential parties;

(c) The legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d) The name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e) Any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in

[1] The discovery limits set forth herein do not apply to discovery taken as part of any preliminary injunction specific discovery, and such discovery does not count against the limits set forth herein.

this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) Any settlement agreements relevant to the subject matter of this action; and

(g) Any statement of any party to the litigation.

2. **Disclosure of Expert Testimony**. A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705, and:

(a) If the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) For all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request, each party so required by the Court[2] will make the following disclosures to every other party:

(a) Provide the disclosures required by the Patent Rules for the Eastern District of Texas;

(b) Produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action and proportionate to the needs of the case, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of

[2] This provision is limited to Plaintiffs and any accused manufacturer. The Parties may agree to seek Additional Disclosures from non-manufacturers or bring to the Court's attention any disagreement as to the applicability of this provision.

Texas; and

(c) Provide a complete computation of any category of damages claimed by any party to the action and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order, or a Protective Order of the Court's choosing if the parties do not agree. All Discovery Material produced under this Order is subject to the Protective Order entered in this case. The Protective Order governs any apparent conflict between this Order and the Protective Order with respect to the treatment of Protected Material.

5. **Discovery Limitations.**

(a) Written Discovery.

The discovery in this case is limited to the disclosures described in Paragraphs 1-3 together with:

i. Interrogatories: Plaintiffs may collectively serve up to forty (40) common interrogatories that shall be served jointly on all Defendants, plus an additional three (3) common interrogatories relating to claims of (or defenses related to) trademark infringement or unfair competition on all those Defendants against whom Plaintiffs have pleaded such claims. Defendants may collectively serve up to forty (40) common interrogatories that shall be served jointly on Plaintiffs. Those Defendants against whom Plaintiffs have pleaded claims of

trademark infringement or unfair competition may collectively serve an additional three (3) common interrogatories regarding those claims or related defenses on Plaintiffs. To the extent any party (or group of parties) believes that additional interrogatories beyond those already served as common interrogatories are necessary to address issues that are specific to a particular Defendant or subset of Defendants, the parties agree to work together in good faith to avoid duplicative or cumulative interrogatories, and to promptly bring any disputes about the necessity of additional interrogatories to the Court for resolution.

ii. Requests for Admission: As between Plaintiffs, collectively, and each of the Manufacturers, a limit of 50 requests for admission each shall apply. As between Plaintiffs, collectively and each of the Reseller Defendants, the responses to requests for admission served between the Plaintiffs and the Manufacturers may be used by either side, subject to the restrictions of the Protective Order. Moreover, Plaintiffs, collectively, may serve up to seven (7) requests for admission on the Reseller Defendants in each Reseller Defendant action, and those Reseller Defendants may serve up to seven (7) requests for admission on Plaintiffs. The parties will be permitted to serve unlimited requests for admission for authentication of documents or things, provided that such requests for admission for authentication directed to document authentication are clearly denoted as such and served separately from any requests for admission subject to the numerical

limitations previously stated. The parties shall work together in good faith to agree on a stipulation as to the authenticity of their own documents to avoid serving large numbers of requests for admission relating to authenticity.

**(b)** Depositions (Non-experts, i.e. Depositions Other than Persons Disclosed Pursuant to Rule 26(a)(2)).

i. Plaintiffs, collectively, may take up to:

(a) Thirty-five (35) hours of depositions of each "Non-Certifying Defendant" and its party witnesses (or group of related "Non-Certifying Defendants" and their party witnesses, collectively, if more than one are named collectively in a specific action);

(b) Ten (10) hours of depositions of each "Reseller Defendant" and its party witnesses (or group of related "Reseller Defendants" and their party witnesses, collectively, if more than one are named collectively in a specific action); and

(c) Three (3) hours of depositions of each "Sub-2000 Unit Defendant" and its party witnesses (or group of related "Sub-2000 Unit Defendants" and their party witnesses, collectively, if more than one are named in a specific action).

ii. Defendants, collectively, may take up to one-hundred and fifty (150) hours of depositions of Plaintiffs and their party witnesses, collectively. Within this limit, Plaintiffs agree that Defendants may, collectively, depose Cole Leleux for a total of up to eleven (11) hours, in his personal and corporate

capacities and may, collectively, depose Lawrence DeMonico for a total of up to eleven (11) hours, in his personal and corporate capacities, while all other depositions of Plaintiffs or their party witnesses will be limited to a total of seven (7) hours.

iii. Any prior deposition testimony of any inventor, e.g., Lawrence DeMonico, given in any prior or contemporaneous action—whether given in an individual capacity under Rule 30(b)(1), as a corporate designee under Rule 30(b)(6), or both—shall be deemed to have been taken in this MDL and member actions for all purposes permitted under the Federal Rules of Civil Procedure and Federal Rules of Evidence. Such testimony may be used by any Defendant to the same extent as if the testimony were taken in these actions, including for impeachment, admissions, summary judgment, *Daubert*, claim construction, trial, and any other evidentiary purpose.

iv. If a party believes that additional time with a particular witness is necessary, the parties shall meet and confer in good faith in order to reach an agreement.

v. All depositions shall take place at the location where the witness resides unless the parties agree to an alternative location.

vi. The parties shall coordinate depositions of each other's witnesses to minimize duplication.

ii. Absent agreement of the witness, no deposition shall begin prior to 9:00 a.m. local time or extend beyond 8:00 p.m. local time.

iii. Each individual deposition shall count for a minimum of 2 hours of

deposition time with respect to the limits set forth in this section.

iv. Depositions of experts do not count against these limits.

(c) Depositions of Experts, i.e., Persons Disclosed Pursuant to Rule 26(a)(2).

i. Depositions of a party's Rule 26(a)(2)(B) and (C) experts are not included in the hour limitations set forth for fact witnesses. Plaintiffs are limited to five (5) testifying expert witnesses. Defendants are limited to no more than ten (10) testifying expert witnesses for all Defendants.

ii. Unless otherwise agreed to in writing by all parties affected by the deposition, each expert can be deposed for up to 7 hours (on the record) for each substantive issue (e.g., infringement, validity, or damages) on which the expert has offered an opinion in a report or declaration. For example, an expert providing reports regarding infringement and validity may be deposed for 14 hours. Where a single Rare Breed expert addresses multiple Manufacturers on a given substantive issue, the Manufacturers shall be entitled to a total of 7 hours of deposition time for the first Manufacturer addressed on that issue, plus up to 3 hours of additional deposition time for each additional Manufacturer addressed on that issue.[3] The Manufacturers shall determine among themselves how to allocate and sequence such deposition time. Similarly, if multiple Manufacturers share

[3] For example, if a single Rare Breed expert offers opinions on infringement that address three Manufacturers, then the Manufacturers shall be entitled to a total of 13 hours of deposition time on that substantive issue, consisting of 7 hours for the first Defendant Group addressed and an additional 3 hours for each of the two additional Defendant Groups (7 + 3 + 3 = 13 hours).

an invalidity expert, they shall be subject to the same deposition limits.[4] Likewise, where Plaintiffs offer a single expert report that responds to or rebuts the invalidity opinions of multiple Manufacturers, including a report responding to a single invalidity expert report submitted on behalf of multiple Manufacturers, the same deposition limits shall apply.

iii. Experts, however, shall not be deposed for more than 7 hours in one day as set forth in Rule 30(d)(1) unless otherwise agreed to by the parties.

iv. Regarding expert depositions pertaining to claim construction issues, each expert can be deposed for up to 7 hours (on the record) for up to four patents on which that expert has offered an opinion, report, or declaration during the claim construction phase of the case. For example, an expert providing a report or declaration regarding claim construction issues on four asserted patents may be deposed for 7 hours during claim construction. If an expert offers opinions in a report or declaration regarding more than four patents, that expert may be deposed for an additional 1.5 hours for each additional asserted patent for which (s)he offers opinions on a claim construction issue. For example, if an expert offers claim construction opinions for 7 asserted patents, (s)he may be deposed for 10 hours.

**(d) Third-Party Discovery.**

i. Each side may serve no more than fifty (50) third-party subpoenas in the aggregate across all actions and discovery phases in this MDL, including

[4] As in the above example, 13 hours total if the expert submits a report on behalf of all three Manufacturers

preliminary-injunction discovery. The parties may serve depositions upon written questions on third parties pursuant to Fed. R. Civ. P. 31, as well as depositions on written questions of custodians of business records for third parties, but each such deposition counts against the foregoing limit, whether obtained by subpoena or agreement. If any party cross-notices a subpoena already served by another party, such cross-notice does not count toward the total number of third-party subpoenas.

ii. The parties agree that they will serve all other parties with copies of any subpoena for documents directed to a third-party. A party receiving documents from a third party will promptly provide notice of such receipt to other parties. Any party may request copies of the third party's documents from the receiving party by sending a written request to the receiving party and all other parties. If such a written request is made, the party receiving the third-party production shall promptly provide copies of those documents to the requesting party(ies), which shall be handled by all receiving parties in compliance with the Protective Order unless there is an objection. The parties agree that they will serve all other parties with copies of any subpoena for testimony or deposition notice directed to a third-party. To the extent a different deposition date than the date noticed in the subpoena is agreed to between the noticing party and the witness, all parties shall be promptly notified in writing. All parties must receive written notice of any third-party deposition at least seven days prior to the

date set for such deposition.

6. **Binding All Current and Future Transferees.** This Order shall apply to all actions currently consolidated in this MDL and to all actions subsequently transferred to or filed directly in in this MDL. A party whose action is transferred to this MDL after entry of this Order is bound by its terms upon the effective date of transfer.

7. **Modifications to this Order.** Any party may move to modify these limitations only upon a showing of good cause.

8. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents withheld from the disclosures required by ¶ 3(b). The producing party shall serve a privilege log identifying any withheld documents or information and the basis for any disputed claim of privilege or protection in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. However, if the party asserting privilege seeks an in camera review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

9. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

10. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made or is no longer complete or true.

11. **Discovery Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. In the event the parties are unable to resolve any issue, no motions to compel may be filed until after the parties fulfill the "meet and confer" requirement imposed by this Court's Local Rule CV-

7(h). If the parties are unable to resolve the dispute without court intervention, the

parties must then call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motion to compel. After reviewing the dispute, the Court will resolve the dispute, order the parties to file an appropriate motion, or direct the parties to call the discovery hotline.

(b) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

12. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

13. **Filings.** Only upon request from chambers shall counsel submit to the Court courtesy copies of any filings.

14. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

15. **Additional Orders.**

(a) **Service by Email.** The parties agree to accept service by email to all counsel of record for the party to be served.

(b) **Expert Discovery.** Testifying experts shall not be subject to discovery on any draft of their report or draft declarations in this case and such draft reports and declarations of an issued report or filed declaration in this litigation are exempt from discovery. In addition, all communications between counsel of record and a testifying expert are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation. Nothing herein alters the protections or applicability of Fed. R. Civ. P. 26(b)(4)(B) or (C).

(c) **Inadvertent Production.** Pursuant to Federal Rule of Evidence 502(d), inadvertent production of materials covered by the attorney-client privilege or work-product protection is not a waiver in this or any other federal or state proceeding. In case of inadvertent production, at the producing party's request, the receiving party shall immediately return or destroy the inadvertently produced materials. The producing party will provide a privilege log even if the inadvertently produced materials were created on or after the date of the Complaint in the applicable action.

(d) **Service of Deposition Notices**. The parties agree that employees of a party may be served with deposition notices through that party's counsel, rather than being served by a subpoena.

(e) **Prior Expert Reports and Expert Deposition Transcripts.** Within 60 days of entry of this Order, Plaintiffs shall produce any prior expert reports and expert deposition transcripts in Plaintiffs' prior patent and related litigation. To the extent Plaintiffs have previously created, produced, or exchanged redacted versions of any filings, in prior litigation, where such redacted versions were not

filed on a public docket, Plaintiffs shall produce those redacted versions to Defendants without requiring further consent from any third party.

(f) **Plaintiffs' Prior Deposition Transcripts.** Within 45 days of entry of this Order, Plaintiffs shall produce any prior deposition transcripts in Plaintiffs' prior patent and related litigation of Lawrence DeMonico, Cole Leleux, Kevin Maxwell, Michael Register, Jeffrey Rounds, Cameron Smith, Glenn Bellamy, Mladen Thomas Strbac, and Brian Blakley, whether given in an individual capacity under Rule 30(b)(1), as a corporate designee under Rule 30(b)(6), or both. To the extent Plaintiffs have previously created, produced, or exchanged redacted versions of any deposition transcripts in prior litigation, where such redacted versions were not filed on a public docket, Plaintiffs shall produce those redacted versions to Defendants without requiring further consent from any third party. For the avoidance of doubt, nothing in this subsection limits or restricts Defendants' ability to obtain deposition transcripts, deposition videos, exhibits, or testimony from prior litigations involving the patents-in-suit by any other lawful means, including by subpoena, third-party consent, or modification of prior protective orders. This subsection governs only Plaintiff's production obligations and does not waive or impair Defendants' right to seek prior testimony from any source permitted under the Federal Rules.

**IT IS SO ORDERED.**

**SIGNED this 20th day of October, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE