# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Panel Litigation** | **4:26-md-03176**<br>**MDL 3176** |

## PROTECTIVE ORDER

The Parties anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

Therefore, the Court ORDERS that:

### I. PURPOSES AND LIMITATIONS

(a) Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever. Any person or entity who obtains access to Protected Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Protected Material or any portion thereof except as may be reasonably necessary in the litigation of this case. Any such copies, duplicates, extracts, summaries or descriptions shall be classified Protected Material and subject to all of the terms and conditions of this Order.

(b) Nothing in this Order shall be construed to prejudice any Party's right to pursue any causes of action or defenses that it believes are available to it, in this or in any other matter. To the extent those rights are encumbered by this Protective Order, the Parties reserve the right to seek leave so that those causes of action or defenses can be pursued.

(c) The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all Receiving Parties that it is withdrawing or changing the designation.

## II. DEFINITIONS

(d) "Case" and "Action" means the MDL and every Member Action.

(e) "Discovery Material" means all documents, items, material, or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(f) "MDL" means *In Re: Rare Breed Triggers Patent Litigation*, No. 4:26-md-03176-ALM.

(g) "Member Action" means an action transferred to or otherwise included in this MDL by court order, including any such action following remand.

(h) "Outside Counsel" means (i) outside counsel who appear on the pleadings as

counsel for a Party and (ii) partners, associates, of counsel, paralegals and staff within the same firm of such counsel to whom it is reasonably necessary to disclose the information for this litigation. Outside Counsel does not include (i) Kevin Maxwell, (ii) an individual Party acting for himself or herself, even if admitted to practice law, or (iii) a current officer, director, employee, managing member, or business principal of a Party acting in that capacity. Court-authorized independent counsel retained for a limited scope of representation may qualify if otherwise eligible under this Order.

(i) "Patents-in-suit" means U.S. Patent Nos. 10,514,223; 11,724,003; 12,031,784; 12,036,336; 12,038,247; 12,274,807; 12,529,538; 12,578,159; and 12,636,403, and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(j) "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs. "Defendant," for purposes of Section VI(e), includes any accused manufacturer, distributor, dealer, reseller, or individual litigant, and any declaratory judgment plaintiff seeking relief concerning an accusation of infringement, regardless of its procedural alignment. An individual Party remains a Party for access purposes whether represented or self-represented, and whether appearing as a plaintiff, defendant, counterclaimant, or declaratory-judgment litigant. Counsel, personnel, and other persons may receive Protected Material only as expressly authorized by this Order.

(k) "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this MDL or a Member Action.

(l) "Protected Material(s)" means any Discovery Material(s) that is designated as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO"), or "CONFIDENTIAL–ATTORNEYS' EYES ONLY–PROSECUTION BAR" ("PROSECUTION BAR") as provided for in this Order. For convenience, the shortened designations "AEO" or "PROSECUTION BAR" can be used to mark materials and will have the full effect of the level of protection designated by the full designation name. Protected Material shall not include: (i) materials that have been actually published or publicly disseminated, unless such materials were improperly published or publicly disseminated without the Producing Party's consent; and (ii) materials that show on their face they have been disseminated to the public.

(m) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

## III. COMPUTATION OF TIME

(a) The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

## IV. SCOPE

(a) This Order applies in the MDL and in every Member Action, whether now pending or hereafter transferred to, filed in, or otherwise included in the MDL. The Member Actions pending as of the date of this Order are listed in Appendix A.

(b) The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(c) Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(d) Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(e) This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

## V. DURATION

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

## VI. ACCESS AND USE OF PROTECTED MATERIALS[1]

(a) Basic Principles

All Protected Material shall be used solely for this Case, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, product development, or any business or competitive

[1] Notwithstanding any other provision of this Order, Plaintiffs' Discovery Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY – PROSECUTION BAR" shall not be disclosed to any counsel who holds a financial or ownership interest in any Defendant or Plaintiff.

purpose or function. Section VI(b)(ii) permits specified professional activities; it does not authorize use or disclosure of Protected Material in a patent-office proceeding without the affected Producing Party's written consent or an order of this Court and appropriate protection in that proceeding. Counsel may advise an authorized client concerning its case based on Protected Material without revealing information that the client is not authorized to receive. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b) Patent Prosecution Bar.

i. Any attorney representing a party or its affiliate, whether in-house or outside counsel, and any person associated with a Party or its affiliate, including without limitation any expert, consultant, professional advisor, or other person retained by a Party for purposes of this litigation, and who received the other Party's or a Third Party's Protected Material that is designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR" ("PROSECUTION BAR") and that contains technical information relating to the field of forced reset devices for, who reviews, obtains, has access to, receives, or otherwise learns, in whole or in part, the substance of the other Party's or a Third Party's PROSECUTION BAR materials under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining directly to the field of forced reset devices for firearms. This restriction continues during the pendency of this Action and for one year after its conclusion, whether by settlement or final judgment, including any appeals, of the last Member Action in which that person represented or assisted a Party and received or used the material. Unrelated Member Actions in which that person did not participate shall not extend that period. For purposes

of this paragraph, "prosecution" includes any activity related to (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reexamination and reissue applications or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise affecting the scope of patent claims. This restriction applies to an independent contractor, consultant, and/or expert retained for the purpose of this litigation and disclosed and approved pursuant to Section VIII(b)(iv) who receive or have access to PROSECUTION BAR material. "Assist" includes any direct or indirect substantive input relating to claim scope or claim language, including in connection with any continuation, continuation-in-part, divisional, reissue, substitute, or foreign counterpart application. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to PROSECUTION BAR material and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, or assist in the preparation or prosecution of any patent application pertaining to the field of forced reset devices for firearms. Nothing in this order shall prevent an attorney from sending non-confidential prior art to an attorney involved in patent prosecution for the purposes of ensuring that such prior art is submitted to the USPTO or any similar agency of a foreign government to assist a patent applicant in complying with its duty of candor.

ii. Nothing in this Order precludes any person (including in-house or outside counsel or an independent contractor, consultant, and/or expert retained for the purpose of this litigation and disclosed and approved pursuant to Section VIII(b)(v) representing the Receiving Party, and any person associated with the Receiving Party and permitted to receive the other Party's of Third Party's Discovery Material that is designated "CONFIDENTIAL –

ATTORNEYS' EYES ONLY – PROSECUTION BAR" ("PROSECUTION BAR") from participating in inter partes review proceedings, re-examinations, post-grant reviews, or interference proceedings before the USPTO including any appeals thereof, provided that any person who reviews, obtains, or receives the contents of materials designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR" ("PROSECUTION BAR") produced by another party or third-party, does not advise on, consult on, or participate in the drafting or editing of any amendment to specifications or claims in or based on those proceedings.

(c) Secure Storage, No Expert

Protected Material must be stored and maintained by a Receiving Party at a location in the United States (i.e., it cannot be disclosed or transmitted outside of the United States), except as otherwise agreed or for use, for example, in the depositions of and in the country of the Producing Party and/or foreign custodians, and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(d) Artificial Intelligence (Generative AI)

Outside counsel of record, and experts or consultants approved under Section VIII(b)(iv), are expressly authorized to use pre-cleared closed-garden artificial intelligence systems for tasks relating to this Action, including Harvey AI, Lexis+ AI, Westlaw AI, ChatGPT Enterprise, Microsoft 365 Copilot Enterprise, Claude Enterprise, LOIS by Filevine, NotebookLM Pro and Ultra, and Gemini Pro and Ultra, or other comparably secure, non-public legal-research or drafting systems that (i) do not use user inputs for model training, fine-tuning, or model improvement, and (ii) operate pursuant to contractual or documented technical safeguards reasonably designed to prevent disclosure of user inputs (collectively, "Pre-Cleared AI Systems"). Additional systems

may be deemed Pre-Cleared AI Systems upon the Parties' written agreement. Unless expressly authorized in writing by the Producing Party, no Party may upload, transmit, paste, disclose, or otherwise provide to any artificial-intelligence system, other than a Pre-Cleared AI System, any Protected Material produced by another Party or by any third party. Any artificial-intelligence system used pursuant to this paragraph must not use inputs for training, fine-tuning, or model improvement. Open or public artificial-intelligence systems (including, by way of example, ChatGPT, Gemini, Grok, or similar services not operating in a closed-garden environment) may not be used to upload, transmit, paste or otherwise disclose the Protected Material of another Party or third party absent prior written authorization from the Producing Party. This provision shall not be interpreted to preclude Receiving Parties from using standard Technology-Assisted Review (TAR) tools to analyze and review produced documents.

(e) Cross-Production of Defendants' Protected Materials

No Defendant is required to produce its Protected Material to any other Defendant or Defendants, but nothing in this Order shall preclude such production. Protected Material produced in any Member Action may be used in the MDL and in every other Member Action, subject to the access restrictions of Sections VIII and IX, regardless of the Member Action in which it was produced. A Defendant that does not wish its Protected Material to be disclosed to the designated representatives of any other Defendant may designate that material "CONFIDENTIAL – ATTORNEYS' EYES ONLY," in which case it may still be used in any Member Action but shall be disclosed only to the persons authorized to receive AEO material under Section IX.

## VII. DESIGNATING PROTECTED MATERIAL

(a) Available Designations

Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL–ATTORNEYS' EYES ONLY" ("AEO"), or "CONFIDENTIAL–ATTORNEYS' EYES ONLY–PROSECUTION BAR" ("PROSECUTION BAR").

(b) Written Discovery and Documents and Tangible Things

Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Section VII(a) may be so designated by placing the appropriate designation clearly on every page of the written material (other than deposition and hearing transcripts, which are designated under Section VII(d)) prior to production, except that files produced in native format shall be designated as provided below. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") during the inspection and re-designated, as appropriate during the copying process. The Producing Party shall segregate PROSECUTION BAR material from other Discovery Material when it is produced and shall mark the file name of each such file "PROSECUTION BAR." Written discovery responses containing PROSECUTION BAR material shall separately designate the specific responses or portions that qualify, and shall not designate the response as a whole.

(c) Native Files

Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO"), or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR" ("PROSECUTION BAR") material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When such electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Section VIII(b)(iv), the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Producing Party and including the production number and designation associated with the native file, and which states that such print was "Created from Natively Produced Document."

(d) Depositions and Testimony

Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony are designated within ten (10) days after actual receipt by the designating person or its counsel of the reporter's final certified transcript of the testimony, excluding rough drafts and realtime feeds, or thirty (30) days after the deposition, whichever is sooner. Within that period, the designating person shall identify by page and line each portion to remain protected and its applicable designation, including confirmation of any designation made on the record. The period may be extended by written agreement or Court order. During the designation period, otherwise undesignated deposition testimony, including

corresponding audio and video recordings, shall be treated provisionally as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO"). For the avoidance of doubt, the designation "CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR" ("PROSECUTION BAR") shall not be applied by default and must be affirmatively designated on the record or by written notice within the time period set forth in this paragraph. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. For deposition and hearing transcripts, the phrase "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR." In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to request the exclusion from oral depositions,

including any remote connection, other than the deponent and the reporter and videographer (if any), of any person including deponent's counsel who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. If the parties cannot agree on the requested exclusion, the parties shall contact the Court's chambers or, if the Court is unavailable, the discovery dispute hotline under Local Rule CV-26(e). Status as a deponent, deponent's counsel, individual Party, or self-represented litigant does not itself authorize access to Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## VIII. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contain or reflect confidential or proprietary or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in Section XVII:

(i) the Receiving Party's Outside Counsel in the above-captioned litigation (the "Action") for the parties, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and any copying or clerical litigation support services working at the direction of such

Outside Counsel;

(ii) employees, law firm partners, and law firm associates of such Outside Counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(iii) Not more than three (3) designated representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their paralegals and immediate staff, or the Receiving Party if a natural person, to whom disclosure is reasonably necessary for the litigation of this Action, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A, which shall be provided to the producing Party before disclosure of Protected Material to the designated representative;

(iv) Any outside expert or consultant (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, and is not anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (b) such expert or consultant accesses the Protected Material in the United States only and does not transport it to or access it from any foreign jurisdiction; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) before access is given, the expert or consultant has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with the following at least ten (10) days before access to the Protected Material is to be given to that consultant:

(1) the name and current address of the consultant or expert;
(2) a current curriculum vitae of the consultant or expert;
(3) the present employer and title of the consultant or expert;
(4) an identification of all of the consultant or expert's past and current employment and consulting relationships in the past five (5) years, including direct relationships and relationships through entities owned or controlled by the consultant or expert, including but not limited to an identification of any individual or entity with or for whom the consultant or expert is employed or to whom the consultant or expert provides consulting services and a

description of any job responsibilities or consulting services relating to product design, development, sales, marketing, pricing, patenting, or licensing, and any relationship relating to the design, development, or patenting of forced reset trigger technology or the acquisition of intellectual property assets relating to forced reset trigger technology;

(5) an identification of all patents and pending patent applications on which the consultant or expert is named as an inventor, has been involved in prosecuting, or in which the consultant or expert has any ownership or pecuniary interest; and

(6) a list of the cases in which the consultant or expert has testified at deposition or trial within the last five (5) years.

Within ten (10) days after receiving the Undertaking, the producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may raise the objection with the Court, in accordance with the Court's procedures for discovery disputes, within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. If the objecting Party does not do so within that period, the objection shall be deemed withdrawn. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement, withdrawal, or Court order. During the pendency of this case, the Party that disclosed the consultant or expert shall promptly provide written notice of any change in the consultant's or expert's involvement in the design, development, or patenting of forced reset trigger technology;

(v) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, provided that graphics, translation, design, jury, and trial consulting personnel have first agreed to be bound by this Order by signing a copy of Exhibit A, and all other such services have an obligation not to publicly disclose Protected Material and to keep any information concerning the Protected Material confidential;

(vi) The Court, jury, and court personnel;

(vii) Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix) Any other person with the prior written consent of the Producing Party.

## IX. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL—ATTORNEYS' EYES ONLY" OR "CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR"

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") if it contains or reflects information that is extremely confidential, proprietary, and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. Such information may include, for example: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, technical design documentation, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") may be disclosed only to those persons in categories VIII(b)(i)–(ii) and (iv)–(ix).

(c) A PROSECUTION BAR designation may be applied only to material that qualifies for AEO treatment and contains nonpublic technical information concerning forced reset devices

for firearms that could materially inform the preparation or prosecution of patent claims in the relevant technical field. The designation shall be limited to the portions meeting those criteria.

Financial, sales, pricing, or other commercial information shall not qualify merely because it concerns an accused product or a patent dispute. Publicly available information shall not qualify. Discovery Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY – PROSECUTION BAR" ("PROSECUTION BAR") shall be subject to the same restrictions set forth in this Section IX and shall be disclosed only to those persons identified herein who are authorized to receive "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") material. In addition, any individual who receives or reviews Discovery Material so designated shall be subject to the Patent Prosecution Bar set forth in Section VI(b), only to the extent that Section applies. The designation itself does not expand the persons, activities, subject matter, or duration covered by the bar.

## X. INADVERTENT FAILURE TO DESIGNATE PROPERLY

(a) The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Unauthorized or illegal distribution or publication of documents, information, or material without the producing party's permission shall not be deemed a waiver in whole or in part of a claim for confidential treatment of said unauthorized or illegally distributed or published documents, information, or material. Any Party that inadvertently or unintentionally produces Protected Material without designating it as Protected Material may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure and providing replacement Protected Material that is properly designated.

The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon irrespective of any other potential remedies provided in Federal Rule of Civil Procedure 26(b)(5)(B).

(b) A Receiving Party shall not be in breach of this Order for any use of Discovery Material before it receives notice of a corrected designation, unless the Receiving Party knew or reasonably should have known that the Discovery Material was Protected Material. A subsequent or corrected designation shall apply on a going-forward basis and shall not by itself disqualify anyone who reviewed the Discovery Material while it was not marked with the higher designation from engaging in the activities described in Section VI(b), provided that upon receipt of the corrected designation the Receiving Party shall comply with the applicable restrictions of this Order, including the Patent Prosecution Bar, on a going-forward basis. This paragraph does not excuse violation of a designation or restriction already known to the recipient.

## XI. CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a) A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b) A Party may request in writing to the other Party that the designation given to any Protected Material be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief in accordance with the Court's procedures for discovery disputes. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel

pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

## XII. DATA SECURITY

(a) Receiving Party shall exercise reasonable care to safeguard Protected Materials, which is at least the same standard of care exercised by the Receiving Party with respect to the storage, custody, use, and/or dissemination of its own proprietary or confidential information.

(b) Any unauthorized access, use, or disclosure of Protected Materials or devices containing Protected Materials shall be treated as an inadvertent disclosure not authorized by order pursuant to Section XVI.

## XIII. SUBPOENAS OR COURT ORDERS

(a) If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Protected Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

## XIV. FILING PROTECTED MATERIAL

Any Protected Material that is filed with the Court shall be filed under seal to the extent required by Local Rule CV-5(a)(7) and any other applicable Court rule or order and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" at the top of the document and conspicuously

on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed publicly with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary.

## XV. DISCLOSURE OF PRIVILEGED MATERIALS

(a) Pursuant to Fed. R. Evid. 502(b), the inadvertent production of any Discovery Material in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the Producing Party of any privilege applicable to that Discovery Material.

(b) Upon a request from any Producing Party who has produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return to the Producing Party or destroy such Protected Material or Discovery Material and all copies, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party. Nothing in this section shall prohibit a Receiving Party from challenging a privilege designation with the court.

## XVI. INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party, and any Party with knowledge of the disclosure, must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, and provide all known, relevant nonprivileged information concerning the nature and circumstances of the disclosure; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, including securing the

agreement of the recipient(s) not to further disseminate the Protected Material in any form; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the acknowledgment attached hereto as Exhibit A. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court. Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected.

## XVII. USE OF PROTECTED MATERIAL IN TAKING TESTIMONY AT DEPOSITION OR HEARING

Nothing contained herein shall be construed to prejudice any Party's right to use any Protected Material in taking testimony at any deposition or hearing provided that the Protected Material is only disclosed to a person(s) who is: (i) eligible to have access to the Protected Material by virtue of his or her employment with the Producing Party, (ii) identified in the Protected Material as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such Protected Material, has, in the ordinary course of business, seen such Protected Material, (iv) a current or former officer, director, employee, or 30(b)(6) designee of the Producing Party or a current or former officer, director, or employee of a company affiliated with the Producing Party; (v) Outside Counsel for a Party (subject to Section IX of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation and disclosed and approved pursuant to Section VIII(b)(iv); (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to Protected Material. Protected Material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

**XVIII. FINAL DISPOSITION**

(a) The provisions of this Order shall continue to be binding after final termination of this case until a Producing Party agrees otherwise in writing or a court order otherwise directs. Within ninety (90) days of final termination of this Action, including any appeals, all Protected Material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of

the Parties and materials which have been admitted into evidence in this Action), shall either be returned to the producing Party or be destroyed. The receiving Party shall verify in writing the return or destruction, at the conclusion of the ninety-day period. For purposes of this Order, "final termination" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b) All Parties that have received any such Protected Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed. Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of all pleadings, expert reports, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts and hearing transcripts, and exhibits introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any Protected Material for archival purposes only. Any such archived copies that contain or constitute Protected Material remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials. This provision does not apply to the Court, including court personnel and the Court's reporter. Any destruction obligations

under this Protective Order shall not apply to electronically-stored information in archival form stored on backup tapes or computer servers that are created only for disaster recovery purposes, provided that such electronic archives are not used as reference materials for a Receiving Party's business operations.

## XIX. DISCOVERY FROM EXPERTS OR CONSULTANTS

(a) Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

(b) Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

## XX. MISCELLANEOUS

(a) Previously Produced Protected Material

Nothing in this Order shall restrict in any way the use or disclosure of Protected Material by a Receiving Party: (i) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (ii) with the consent of the Producing Party; or (iii) pursuant to order of the Court.

(b) Right to Further Relief

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(c) Termination of Matter and Retention of Jurisdiction

The parties agree that the terms of this Protective Order shall survive and remain in effect after the final termination of the above-captioned matter. The Court shall retain jurisdiction after final termination of this matter to hear and resolve any disputes arising out of this Protective Order.

(d) Successors

This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(e) Right to Assert Other Objections.

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(f) Burdens of Proof

Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(g) Modification by Court.

This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice. The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated,

produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Texas.

(h) Discovery Rules Remain Unchanged.

Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Eastern District of Texas, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Eastern District of Texas, or the Court's own orders.

(i) Binding on Future Transferees

Any party subsequently transferred into this MDL by the Judicial Panel on Multidistrict Litigation shall be bound by this Order upon the effective date of its transfer. Such party shall treat all previously produced Protected Material in accordance with the terms of this Order and shall execute any required undertakings within fourteen (14) days of the effective date of transfer.

(j) Post-Remand Survival

The obligations imposed by this Order shall survive the remand of any member case to its transferor court and shall remain enforceable by the transferor court. Upon remand, the transferor court shall have jurisdiction to enforce the terms of this Order with respect to all Protected Material produced during the MDL proceedings.

**IT IS SO ORDERED.**

**SIGNED this 20th day of October, 2026.**



AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE