# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **In Re: Rare Breed Triggers Panel Litigation** | **4:26-md-03176**<br>**MDL 3176** |

## INITIAL CASE MANAGEMENT ORDER

The Court, after reviewing the Joint Initial Case Management Report pursuant to FRCP 16.1(b) and conferring with the parties by scheduling conference, enters this case-specific order which controls management of this action pending further order of the Court.

## I. Certifications

The Parties shall meet and confer regarding certification of the status of a Defendant (or group of related Defendants) into distinct groups to promote efficiency of this MDL. For example, the parties may agree to certain status definitions that apply to a Defendant (or group of related Defendants) such as "Reseller Defendant(s)" or "Sub-2000 Unit Defendant(s)." Following the parties meet and confer, the parties shall notify the Court of the operative Defendant status definitions. If the parties are unable to come to an agreement as to status definitions through the meet and confer process, they may bring this to the attention of the Court.

A Defendant (or group of related Defendants) claiming a certain status must certify that status to the Court using the certification agreed upon by the parties. Defendant keeps that status only while it continues to meet the applicable definition, through final disposition of this MDL and any related proceedings. A certifying Defendant must update its certification to the Court within 10 days of any change in circumstances or business activities affecting the accuracy of its prior certification. A Defendant that no longer meets the applicable definition loses that status.

## II. Scheduling of Future Case Management Conference (Fed. R. Civ. P. 16.1(b)(2)(C)

The Court will not schedule regular case management conferences at this time. However, any Party may request an case management conference. Absent good cause or leave of Court, any matter a party intends to raise at a conference shall first be presented to opposing counsel for conferral at least three business days before the conference. Unless otherwise ordered, all substantive communications with the Court outside the ECF system shall be in writing and copied to opposing counsel, except calls to the Court to request a telephonic hearing on a discovery dispute under the Court's usual procedures. Communications concerning matters common to Defendants shall be directed to Defendants' Leadership Counsel, who shall be responsible for distributing them to other Defendants' counsel and pro se defendants; communications concerning a matter specific to a single member action shall also be directed to counsel for the Defendant(s) in that action.

## III. Appointment of Leadership Counsel

The Court appoints the following as Leadership Counsel for this MDL:

1. Plaintiff: Matt Colvin, Fish & Richardson
2. Defendants:
    a. Paul Swanson, Holland & Hart LLP (counsel for Peak Tactical, OpticsPlanet, and other Reseller Defendants)
    b. Edward Chin, McKool Smith P.C. (counsel for Atrius Development Group Corporation, Inc. and Reseller Defendants)
    c. John Skeriotis, Emerson, Thomson & Bennett (counsel for AS Designs and Reseller Defendants)
    d. Jacob Horton, Blanchard Horton PLLC (counsel for Hoffman Tactical)

Leadership Counsel shall liaise between the respective parties, as well as between the parties and the Court and, where possible, coordinate common briefing on issues where the parties share common positions. This includes coordination, where possible, during pretrial proceedings, fact discovery, expert discovery, and ADR efforts. Leadership shall coordinate common matters, but shall not, without the affected party's express authorization, waive its claims, defenses, privileges, or objections; stipulate to facts, claim constructions, or product equivalence; or settle its claims. Material differences among product groups shall be identified to the Court, with a reasonable opportunity for affected counsel to present separate positions.

The following shall be the responsibilities and authorities of the Leadership Counsel:

(a) Will attend and serve as leads and spokespersons for all Plaintiffs or Defendants during the coordinated pretrial proceedings in response to any inquiries by the Court or opposing counsel.

(b) Will determine (after consultation with other Plaintiffs' or Defendants' counsel, as appropriate) the Plaintiffs' or Defendants' position on all matters arising during pretrial proceedings.

(c) May make or submit any oral or written motions to the Court on behalf of the Plaintiffs or Defendants, as well as oppose, when necessary, any motions involving matters within the Leadership Counsel's sphere of responsibilities (except as to matters specifically directed to individual defendants and their counsel). Notwithstanding the foregoing, counsel and *pro se* parties who are not Leadership Counsel may make or submit oral or written motions to the Court and oppose, when necessary, any motions submitted after conferring with Leadership Counsel.

(d) May negotiate and enter into stipulations on behalf of Plaintiffs and Defendants regarding the litigation, subject to individual Parties' right to opt out of such stipulations.

(e) Will make a good faith effort to coordinate discovery, consistent with the requirements of Fed. R. Civ. P. 26.

(f) Will coordinate, where possible, the retention of expert witnesses and consultants on issues common to Plaintiffs or to Defendants, including claim construction and the validity of the asserted claims, to avoid duplicative expert testimony and to facilitate compliance with the expert limits in the Discovery Order. Nothing in this paragraph limits any Party's right to retain its own experts, or makes Leadership Counsel responsible for the fees of any expert retained by another Party.

(g) Will perform any other task deemed necessary and proper for the Parties' Leadership Counsel to accomplish its responsibilities as defined by the Court's orders.

Leadership Counsel shall be responsible for disseminating information from the Court to other counsel for that side and *pro se* parties, as appropriate. Leadership Counsel will file a joint status report at least 10 days before each case management conference to keep the Court and non-leadership counsel informed. Should any additional communication be necessary or appropriate, communication by email should suffice.

Limits on discovery, including discovery served by or directed to non-leadership counsel, will be governed by the Discovery Order, the ESI Order, and the Protective Order entered in this MDL.

After resolution of any pending pre-answer motions (e.g., under Fed. R. Civ. P. 12(b)), non-leadership counsel must coordinate with that side's leadership counsel before engaging in discovery efforts. Coordination does not require leadership's permission to preserve a deadline,

present a distinct defense, or seek relief from the Court after good-faith conferral. Case- or product-specific discovery remains available subject to applicable stays, proportionality, and Court orders.

The parties shall meet and confer regarding the structure and amount of compensation of leadership counsel.

## IV. Previously Entered Orders

Any scheduling orders entered by any transferor courts before centralization in this MDL are vacated upon the entry of this Order. Similarly, any protective orders entered by any transferor courts before centralization in this MDL are vacated upon the entry of this Order. The vacated orders will be replaced by those entered by this Court. No orders regarding scheduling or timing of briefing entered by this Court are vacated by this Order.

## V. Consolidated Pleadings

**Docketing**. Papers that apply to all member actions—including the Protective Order, Discovery Order, E-Discovery Order, motions to address discovery issues that arise during the litigation, case management reports, and case-wide orders—shall be filed in the master docket only and deemed filed in every member action. Additionally, papers that relate to more than one member action—including consolidated motions for summary judgment, consolidated motions for injunctive relief, and Federal Rules of Evidence 702 motions concerning experts—shall be filed in the master docket only and deemed filed in every member action that is listed in the caption of the paper. A paper filed in the master docket will be deemed filed in each related member action as of the date and time of the master-docket filing. A paper should only be filed in an individual member action if it relates only to a single member action.

**Streamlined Pleadings**. The Court authorizes streamlined complaints and answers as follows.

For complaints, Plaintiffs shall prepare a master complaint together with short-form complaints. The master complaint shall set out allegations common across member actions, including, for example: the Patents-in-Suit and the accused product families to which each is asserted, Plaintiffs' ownership and licensing of the Patents-in-Suit and the FRT® marks, the background of Plaintiffs' forced-reset-trigger technology, and the legal theories asserted. Each short-form complaint, together with the master allegations it incorporates by reference, will be the operative complaint in that member action. Because the master complaint will not supersede the individual pleadings, the member actions would retain their separate identities. See *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 & n.3 (2015).

Each short-form complaint shall incorporate the master complaint by reference and set out the allegations specific to that action: the defendant(s), the accused product(s) that defendant makes or sells, the asserted patent(s) and claims, the defendant-specific facts supporting personal jurisdiction and venue, and the defendant-specific facts supporting notice and willfulness. Each defendant shall answer or move under Rule 12 in response to the short-form complaint and the incorporated master allegations, so that no defendant's notice of the allegations against it or its Rule 12 defenses is diminished.

The defendants may enter, if applicable,[1] a general denial for their answer, rather than an allegation-by-allegation answer. With a general denial, each Reseller Defendant will assert its own

[1] As addressed in Section I, *supra*, the parties shall meet and confer regarding any required certifications in order to submit a general denial.

affirmative defenses and any counterclaims. Plaintiff may, in turn, enter a general denial of such counterclaims.

The complaints and answers that are currently operative in each member action shall remain operative. Where a motion for leave to file an amended complaint is pending, the amended complaint would, if leave is granted, become the operative pleading in that action in the form filed with the motion; those pending amendments would not need to be conformed to the master/short-form structure. Only complaints filed after the entry of this Order—new complaints in tag-along actions and any further amended complaints in existing member actions—would follow the master/short-form structure. Amended complaints may be answered by general denial.

The parties shall meet and confer on the format and contents of the master complaint and short-form complaint and submit an agreed form, or their competing proposals, for the Court's adoption. Use of consolidated pleadings would not merge the separate member actions or affect any party's rights on remand under 28 U.S.C. § 1407.

## VI. Discovery

The parties shall coordinate to provide common technical discovery concerning a manufacturer's product once, from a manufacturer who is a defendant in this MDL, rather than repeatedly from each defendant that resells the same, unmodified product with the following limitations:

(a) Common technical discovery is limited to discovery concerning the design and operation of the manufacturer's product as made by the manufacturer; it does not limit, for example, discovery from any defendant concerning modifications to the product or concerning that

defendant's own sales, marketing, pricing, inventory, customers, pre-suit knowledge of the Patents-in-Suit, or communications.

(b) Any defendant that modifies, assembles, combines, installs, prints, or otherwise makes its own version of an accused product, or that creates its own instructions, videos, or other technical materials, shall produce technical discovery concerning those actions.

(c) A manufacturer's one-time production does not relieve any defendant of its obligation to preserve, or to produce on request, technical information concerning modifications to or versions of the accused product that post-date the manufacturer's production.

## VII. Order Focusing Patent Claims and Prior Art to Reduce Costs

This District's Model Order Focusing Patent Claims and Prior Art to Reduce Costs (General Order 13-20) applies to the MDL. Reference in the Order to "the patent claimant" shall mean the Plaintiffs collectively, and to "the patent defendant" shall mean all Defendants collectively.

**IT IS SO ORDERED.**

**SIGNED this 21st day of October, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE