**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| In Re: Rare Breed Triggers Patent Litigation | 4:26-md-03176-ALM<br>MDL 3176 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>MARS TRIGGER, LLC, and PETER BRENNEN,<br>Defendants. | Civil Action No. 2:26-cv-00030-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW,<br>Defendants. | Civil Action No. 4:26-cv-00377-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>HARRISON GUNWORKS LLC, and TYLER HARRISON,<br>Defendants. | Civil Action No. 4:26-cv-00379-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>STEVEN THANH NGUYEN, d/b/a POLYMER PEW,<br>Defendant. | Civil Action No. 4:26-cv-00425-ALM |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OPTICS PLANET, INC., d/b/a ECENTRIA,<br><br>Defendant. | Civil Action No. 4:26-cv-00521-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PEAK TACTICAL, LLC d/b/a PARTISAN TRIGGERS, and NICHOLAS NORTON,<br><br>Defendants. | Civil Action No. 4:26-cv-00698-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PROSOURCE FIREARMS, LLC,<br><br>Defendant. | Civil Action No. 2:26-cv-00055-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR FIREARMS OF TEXAS, LLC,<br><br>Defendant. | Civil Action No. 2:26-cv-00058-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>WEBCORP, INC., d/b/a TACTICAL SHIT/LIBERAL TEARS/SIGGLOCKINCOLT.COM, and THOMAS KIRGIN, JR.,<br><br>Defendants. | Civil Action No. 4:26-cv-00768-ALM |

# TABLE OF CONTENTS

**Page**


I. BACKGROUND ........ 2

II. LEGAL STANDARD ........ 6

III. DISCUSSION ........ 7

A. The Court Should Add RBTM LLC as a Plaintiff and Allow Its Trademark Claims. ........ 7

1. RBTM LLC Owns the FRT® Marks, So It Is the Right Plaintiff for These Claims. ........ 7

2. The Same Trademark Claims Are Already Pending in At Least 49 Other Member Actions; Splitting Off These Five Invites Inconsistent Rulings... 9

B. The Court Should Allow Claims Against the Newly Accused Products, Which Belong to Product Families Already Accused in This MDL. ........ 10

C. The Court Should Add QOX, Seddon, and JawsTec. ........ 13

1. The Court Should Add QOX, Which Peak Did Not Oppose. ........ 13

2. The Court Should Also Add Seddon and JawsTec; Any Objection They Have Belongs in a Rule 12 Motion. ........ 13

D. The Court Should Also Grant the Three Pending Motions, Which Seek Only to Add the '403 Patent. ........ 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC IP, LLC v. AS Designs, LLC*,
No. 4:26-cv-00370-ALM (E.D. Tex. Oct. 20, 2026), Dkt. 113 ........ *passim*

*ABC IP, LLC v. Atl. Firearms LLC*,
No. 4:26-cv-00926-ALM (E.D. Tex.), Dkt. 1 (filed in D. Md. June 9, 2026)........9, 10, 11

*ABC IP, LLC v. Cope*,
No. 2:26-cv-00033-ALM (E.D. Tex. Sept. 17, 2026), Dkt. 29........4

*ABC IP, LLC v. Dairyland Defense Sols. LLC*,
No. 4:26-cv-00374-ALM (E.D. Tex. Sept. 17, 2026), Dkt. 23........4

*ABC IP, LLC v. DNT LLC*,
No. 4:26-cv-00377-ALM (E.D. Tex. May 27, 2026), Dkt. 41 ........ *passim*

*ABC IP, LLC v. Hanes Tactical, LLC*,
No. 4:26-cv-00369-ALM (E.D. Tex. Sept. 17, 2026), Dkt. 80........4

*ABC IP, LLC v. Harrison Gunworks LLC*,
No. 4:26-cv-00379-ALM (E.D. Tex. May 27, 2026), Dkt. 33 ........3, 4, 7, 11

*ABC IP, LLC v. MaRs Trigger, LLC*,
No. 2:26-cv-00030-ALM (E.D. Tex. May 27, 2026), Dkt. 27 ........3, 4, 8

*ABC IP, LLC v. Mister Guns, LLC*,
No. 2:26-cv-00056-ALM (E.D. Tex. Sept. 17, 2026), Dkt. 84........4, 10

*ABC IP, LLC v. Mister Guns, LLC*,
No. 2:26-cv-00056-ALM (E.D. Tex. Sept. 17, 2026), Dkt. 84........14

*ABC IP, LLC v. Nguyen*,
No. 4:26-cv-00425-ALM (E.D. Tex. May 27, 2026), Dkt. 26 ........3, 4, 7, 11

*ABC IP, LLC v. Optics Planet, Inc.*,
No. 4:26-cv-00521-ALM (E.D. Tex. May 27, 2026), Dkt. 49 ........3, 4, 10, 11

*ABC IP, LLC v. Peak Tactical, LLC*,
No. 4:26-cv-00698-ALM (E.D. Tex. July 10, 2026), Dkt. 84........13

*ABC IP, LLC v. Peak Tactical, LLC*,
No. 4:26-cv-00698-ALM (E.D. Tex. July 17, 2026), Dkt. 89........14

*ABC IP, LLC v. Peak Tactical, LLC*,
No. 4:26-cv-00698-ALM (E.D. Tex. June 26, 2026), Dkt. 72 ........3, 4, 10, 13

*ABC IP, LLC v. PistolCap Ltd. Co.*,
No. 2:26-cv-00053-ALM (E.D. Tex. Sept. 17, 2026), Dkt. 81 ........................................ 4, 5, 14

*ABC IP, LLC v. ProSource Firearms, LLC*,
No. 2:26-cv-00055-ALM (E.D. Tex. Oct. 7, 2026), Dkt. 88 ............................................ 5, 14

*ABC IP, LLC v. ProSource Firearms, LLC*,
No. 2:26-cv-00055-ALM (E.D. Tex. Oct. 8, 2026), Dkt. 89 ................................................ 15

*ABC IP, LLC v. Webcorp, Inc.*,
No. 4:26-cv-00768-ALM (E.D. Tex. July 1, 2026), Dkt. 47 ............................................ 5, 15

*Austin v. Kroger Tex., L.P.*,
864 F.3d 326 (5th Cir. 2017) (per curiam) ............................................................... 1, 6

*Eltayeb v. Deli Mgmt., Inc.*,
No. 4:20-cv-00385-ALM, 2021 WL 1061186 (E.D. Tex. Mar. 19, 2021) ................................ 6

*Estech Sys. IP, LLC v. Grandstream Networks Inc.*,
No. 2:24-cv-1018-RWS-RSP, 2025 WL 2780145 (E.D. Tex. Sept. 30, 2025) ........................ 11

*Foman v. Davis*,
371 U.S. 178 (1962) ...................................................................................................... 6

*GREE, Inc. v. Supercell Oy*,
No. 2:19-cv-00311, 2020 WL 7698831 (E.D. Tex. Dec. 28, 2020) ...................................... 12

*In re Korean Air Lines Co.*,
642 F.3d 685 (9th Cir. 2011) .......................................................................................... 7

*Mayeaux v. La. Health Serv. & Indem. Co.*,
376 F.3d 420 (5th Cir. 2004) ........................................................................................ 10

*In re Rare Breed Triggers Pat. Litig.*,
829 F. Supp. 3d 1370 (J.P.M.L. 2026) ............................................................... 2, 9, 11

*In re Rare Breed Triggers Pat. Litig.*,
No. 4:26-md-03176-ALM (E.D. Tex. Oct. 15, 2026), Dkt. 63 ....................................... *passim*

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*,
315 F.3d 533 (5th Cir. 2003) ..................................................................................... 6, 7

*SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Eur. GmbH*,
839 F.3d 422 (5th Cir. 2016) .......................................................................................... 6

*Stripling v. Jordan Prod. Co.*,
234 F.3d 863 (5th Cir. 2000) .......................................................................................... 6

*United Mine Workers of Am. v. Gibbs*,
383 U.S. 715 (1966) ........ 8

*Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*,
406 F. Supp. 3d 585 (E.D. Tex. 2019) ........ 13

*Wyatt v. Kaplan*,
686 F.2d 276 (5th Cir. 1982) ........ 14

*Zinser v. Vivint, LLC*,
No. 4:25-cv-1030-ALM, 2026 WL 2533161 (E.D. Tex. Aug. 27, 2026)
(Mazzant, J.) ........ 12

**Statutes**

15 U.S.C. § 1114(1) ........ 8

28 U.S.C. § 1407(a) ........ 9

The Lanham Act ........ 8

**Other Authorities**

Fed. R. Civ. P. 12 ........ 2, 7, 13

Fed. R. Civ. P. 12(b)(3) ........ 13

Fed. R. Civ. P. 12(b)(6) ........ 6, 13

Fed. R. Civ. P. 12(h)(1) ........ 13

Fed. R. Civ. P. 15 ........ 6, 7

Fed. R. Civ. P. 15(a)(2) ........ 6

Fed. R. Civ. P. 16(b)(4) ........ 6

Fed. R. Civ. P. 20(a)(1) ........ 8

Fed. R. Civ. P. 21 ........ 8

Fed. R. Civ. P. 54(b) ........ 1, 6

Fed. R. Civ. P. 59(e) ........ 6

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 17, 2026 ORDERS ON PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND**

Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc., joined by RBTM LLC (collectively, "Plaintiffs"), move under Federal Rule of Civil Procedure 54(b) for reconsideration of six of the Court's September 17, 2026 orders on Plaintiffs' motions for leave to amend. At the October 15 Initial Management Conference, the Court advised that a motion to reconsider is the way to raise these orders. Min. Entry at 3, *In re Rare Breed Triggers Pat. Litig.*, No. 4:26-md-03176-ALM (E.D. Tex. Oct. 15, 2026), Dkt. 63 ("Minute Entry"). The September 17 orders are interlocutory, and the Court may revise them "for any reason it deems sufficient." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam) (citation omitted).

Each of the six orders granted Plaintiffs' request to add patents and denied the rest, without stating reasons. The Court denied three kinds of amendments: (1) adding RBTM LLC, the owner of the FRT® marks, as a plaintiff, along with RBTM LLC's trademark and related claims; (2) adding newly accused products; and (3) adding three new defendants in the action against Peak Tactical, LLC d/b/a Partisan Triggers ("Peak"). Table 1 below shows which actions fall into each group. Three other motions for leave, which seek only to add a patent, are still pending; Table 2 lists them.

These amendments are routine in an ordinary patent case in this District. A patent owner sues. As the case gets underway, the owner learns that the defendant has started selling new versions of the accused product, that the same sales infringe its trademarks, or that other companies and people stand behind the accused product. So before any schedule is set, the owner amends to bring those products, claims, and parties into the case. Plaintiffs asked to do no more than that.

The only difference here is that these cases sit together in an MDL, and the MDL makes these amendments more important, not less. Claims left out of these complaints do not disappear; they become new lawsuits. New products are different. On October 20, the Court held that a product not named in a complaint can still be accused "at this stage in this lawsuit." Mem. Op. & Order at 4, *ABC IP, LLC v. AS Designs, LLC*, No. 4:26-cv-00370-ALM (E.D. Tex. Oct. 20, 2026), Dkt. 113 ("AS Designs Order"). For products, the amendments simply make the complaints match what Plaintiffs will accuse. And because the same trademark claims are already pending in at least 49 other Member Actions, new suits elsewhere would risk inconsistent rulings on the same marks—the risk this MDL was created to prevent. Any objection a new defendant has to jurisdiction or venue can be decided on that defendant's own Rule 12 motion. Plaintiffs did not unduly delay or act in bad faith, the amendments would not unfairly prejudice Defendants, and none is futile. Plaintiffs therefore respectfully ask the Court to vacate the denials in its September 17 orders and grant leave to amend in full, including in the three actions with motions still pending.

## I. BACKGROUND

The Judicial Panel on Multidistrict Litigation centralized these patent actions in this Court on April 2, 2026. *In re Rare Breed Triggers Pat. Litig.*, 829 F. Supp. 3d 1370, 1372 (J.P.M.L. 2026). It found that centralization would "prevent inconsistent pretrial rulings—especially regarding claim construction, patent validity, and the appropriateness of injunctive relief." *Id.* And it declined to confine the MDL to a single accused product, because "[o]verly restricting this litigation's scope at the outset" would undermine that purpose. *Id.* at 1373.

In four of the six actions, Plaintiffs first asked to amend before the cases were transferred to this Court; those motions were mooted by the transfer and refiled here:

- *DNT.* Plaintiffs moved in the transferor court on January 9 and March 24, 2026, to add newly issued patents. Transfer to this Court on April 14 mooted those motions under Local Rule CV-7(j). Plaintiffs refiled on May 27. Pls.' Mot. for Leave to File Sixth Am. Compl. at 2–4, *ABC IP, LLC v. DNT LLC*, No. 4:26-cv-00377-ALM (E.D. Tex. May 27, 2026), Dkt. 41 ("DNT Mot.").
- *Harrison Gunworks.* Plaintiffs moved on January 9 and March 24, 2026. Transfer on April 15 mooted those motions. Plaintiffs refiled on May 27. Pls.' Mot. for Leave to File Third Am. Compl. at 2–4, *ABC IP, LLC v. Harrison Gunworks LLC*, No. 4:26-cv-00379-ALM (E.D. Tex. May 27, 2026), Dkt. 33 ("Harrison Mot.").
- *Nguyen.* Plaintiffs moved on January 13, 2026. Transfer on April 27 mooted that motion. Plaintiffs refiled on May 27. Pls.' Mot. for Leave to File Second Am. Compl. at 2–3, *ABC IP, LLC v. Nguyen*, No. 4:26-cv-00425-ALM (E.D. Tex. May 27, 2026), Dkt. 26 ("Nguyen Mot.").
- *Peak.* Plaintiffs moved in the District of Wyoming on May 27, 2026, and refiled here on June 26, after the action was transferred. Pls.' Mot. for Leave to File First Am. Compl. at 3–5, *ABC IP, LLC v. Peak Tactical, LLC*, No. 4:26-cv-00698-ALM (E.D. Tex. June 26, 2026), Dkt. 72 ("Peak Mot.").

In the other two actions, *MaRs Trigger* and *Optics Planet*, Plaintiffs first moved on May 27, 2026.[1] All six motions asked to add U.S. Patent No. 12,636,403 (the "'403 patent"), which issued on May 26, together with one or more of the amendments described above.

[1] Pls.' Mot. for Leave to File Second Am. Compl. at 1–2, *ABC IP, LLC v. MaRs Trigger, LLC*, No. 2:26-cv-00030-ALM (E.D. Tex. May 27, 2026), Dkt. 27 ("MaRs Mot."); Pls.' Mot. for Leave to File Second Am. Compl. at 1–3, *ABC IP, LLC v. Optics Planet, Inc.*, No. 4:26-cv-00521-ALM (E.D. Tex. May 27, 2026), Dkt. 49 ("Optics Planet Mot.").

The Court ruled on those motions, and eight others, on September 17. It granted eight in full; each of those sought only to add patents.[2] In the six actions in Table 1, the Court granted the requests to add patents and denied the rest, without stating reasons.

**Table 1. The September 17, 2026 Denials**

| Member Action | Motion and Order | RBTM LLC and Trademark Claims | Newly Accused Products | New Defendants |
|---|---|---|---|---|
| *MaRs Trigger*<br>No. 2:26-cv-00030 | Dkt. 27<br>Dkt. 68 | Denied | — | — |
| *DNT*<br>No. 4:26-cv-00377 | Dkt. 41<br>Dkt. 90 | Denied | Denied: ARC Fire, Disruptor, Super Selector | — |
| *Harrison Gunworks*<br>No. 4:26-cv-00379 | Dkt. 33<br>Dkt. 74 | Denied | Denied: MARC Selector | — |
| *Nguyen*<br>No. 4:26-cv-00425 | Dkt. 26<br>Dkt. 70 | Denied | Denied: ARC-Fire | — |
| *Optics Planet*<br>No. 4:26-cv-00521 | Dkt. 49<br>Dkt. 131 | Denied | Denied: ARC-Fire | — |
| *Peak Tactical*<br>No. 4:26-cv-00698 | Dkt. 72<br>Dkt. 119 | — | — | Denied: Richard Seddon; QOX Consulting, LLC; Jaws Tec LLC |

The Court has since addressed these denials twice. On October 7, granting Plaintiffs' unopposed motion, it held the amended-complaint deadlines in abeyance and directed Plaintiffs

[2] Order Granting Pls.' Mot. for Leave to Amend, *ABC IP, LLC v. Cope*, No. 2:26-cv-00033-ALM (E.D. Tex. Sept. 17, 2026), Dkt. 29; Order Granting Pls.' Mot. for Leave to Amend, *ABC IP, LLC v. PistolCap Ltd. Co.*, No. 2:26-cv-00053-ALM (E.D. Tex. Sept. 17, 2026), Dkt. 81; Order Granting Pls.' Mot. for Leave to Amend, *ABC IP, LLC v. Mister Guns, LLC*, No. 2:26-cv-00056-ALM (E.D. Tex. Sept. 17, 2026), Dkt. 84; Order Granting Pls.' Mot. for Leave to Amend, *ABC IP, LLC v. Z3 Prods.*, No. 4:26-cv-00367-ALM (E.D. Tex. Sept. 17, 2026), Dkt. 84; Order Granting Pls.' Mot. for Leave to Amend, *ABC IP, LLC v. Hanes Tactical, LLC*, No. 4:26-cv-00369-ALM (E.D. Tex. Sept. 17, 2026), Dkt. 80; Order Granting Pls.' Mot. for Leave to Amend, *ABC IP, LLC v. AS Designs, LLC*, No. 4:26-cv-00370-ALM (E.D. Tex. Sept. 17, 2026), Dkt. 82; Order Granting Pls.' Mot. for Leave to Amend, *ABC IP, LLC v. Dairyland Defense Sols. LLC*, No. 4:26-cv-00374-ALM (E.D. Tex. Sept. 17, 2026), Dkt. 23; Order Granting Pls.' Mot. for Leave to Amend, *ABC IP, LLC v. 80Mills LLC*, No. 4:26-cv-00380-ALM (E.D. Tex. Sept. 17, 2026), Dkt. 80.

to file amended complaints "consistent with the Court's guidance" after the Initial Management Conference. Order at 4, *ABC IP, LLC v. PistolCap Ltd. Co.*, No. 2:26-cv-00053-ALM (E.D. Tex. Oct. 7, 2026), Dkt. 90. At that conference on October 15, the Court announced that it will vacate the previous scheduling orders and enter a new one, gave the parties a proposed scheduling order, and directed them to confer on its deadlines and report back within a week. Minute Entry at 1–3. When Plaintiffs raised the September 17 denials, the Court advised that "the remedy is to file a motion to reconsider," with a response due one week after filing. *Id.* at 3.

Three other motions for leave remain pending. Each seeks only to add the '403 patent. Table 2 lists them.

**Table 2. Motions for Leave Still Pending**

| Member Action | Motion for Leave | Defendants' Position |
|---|---|---|
| *ProSource Firearms*<br>No. 2:26-cv-00055 | Dkt. 25 | Opposed<br>Dkts. 46, 50, 57 |
| *Superior Firearms of Texas*<br>No. 2:26-cv-00058 | Dkt. 27 | Opposed<br>Dkts. 48, 52, 59 |
| *Webcorp*<br>No. 4:26-cv-00768 | Dkt. 40 | Unopposed<br>Dkt. 47 at 3 |

The ProSource and Superior motions were fully briefed in June. The Court's October 7 order states that the Court "granted the pending motions for leave to file amended complaints" in the underlying actions, but no order has been entered on these two motions. Mem. Op. & Order at 8, *ABC IP, LLC v. ProSource Firearms, LLC*, No. 2:26-cv-00055-ALM (E.D. Tex. Oct. 7, 2026), Dkt. 88. The Webcorp motion was pending in the transferor court when the action was transferred. Mot. Re-Urging Mot. for Leave to Amend at 3, *ABC IP, LLC v. Webcorp, Inc.*, No. 4:26-cv-00768-ALM (E.D. Tex. July 1, 2026), Dkt. 47 ("Webcorp Mot."). The Court reopened it on October 13. Order at 1–2, *ABC IP, LLC v. Webcorp, Inc.*, No. 4:26-cv-00768-ALM (E.D. Tex. Oct. 13, 2026), Dkt. 67.

## II. LEGAL STANDARD

Because the September 17 orders are interlocutory, Rule 54(b) governs this motion. An order that resolves fewer than all claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (citation omitted). That is a lower bar than the one for changing a final judgment. Rule 59(e) "governs motions to alter or amend a final judgment," and Rule 54(b) "is less stringent." *Id.* This Court applies Rule 54(b)'s "more flexible" standard to motions like this one. *Eltayeb v. Deli Mgmt., Inc.*, No. 4:20-cv-00385-ALM, 2021 WL 1061186, at *2 (E.D. Tex. Mar. 19, 2021) (granting reconsideration of an interlocutory order).

On reconsideration, the question is whether to grant leave to amend. Rule 15 answers that question, and it favors amendment: "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court "must possess a 'substantial reason' to deny a request" for leave to amend, *SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Eur. GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)), such as undue delay, bad faith, undue prejudice, or futility, *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile only if it would fail to state a claim under the Rule 12(b)(6) standard. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

Rule 15's standard—not the stricter good-cause standard of Rule 16(b)(4)—applies here. Good cause is required only "after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). No such deadline governs these consolidated proceedings. The Court has announced that it will vacate the previous scheduling orders and enter a new one, and it has not yet set a deadline to amend. Minute Entry

at 1, 3. And Rule 15's instruction that leave be freely given applies in an MDL as in any other case. *In re Korean Air Lines Co.*, 642 F.3d 685, 700 (9th Cir. 2011).[3]

## III. DISCUSSION

Each denied or pending amendment satisfies Rule 15. Four points follow. First, RBTM LLC owns the FRT® marks and belongs in these actions, and its trademark claims are already pending against other defendants in this MDL. Second, the newly accused products are not new to this MDL; each belongs to a product family already accused here. Third, Peak did not oppose adding QOX, and its objections to adding Seddon and JawsTec are defenses those two may raise in their own Rule 12 motions once they are joined. Fourth, the three pending motions seek only to add the '403 patent, which the Court allowed in all fourteen actions it decided on September 17.

### A. The Court Should Add RBTM LLC as a Plaintiff and Allow Its Trademark Claims.

This request has two parts: (1) adding RBTM LLC as a plaintiff, and (2) allowing its trademark claims. The Court should grant both.

#### 1. RBTM LLC Owns the FRT® Marks, So It Is the Right Plaintiff for These Claims.

The Federal Rules favor deciding related claims among related parties in one action. "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly

[3] Three actions—*DNT*, *Harrison Gunworks*, and *Nguyen*—carried amendment deadlines in their pre-transfer scheduling orders. DNT Mot. at 4; Harrison Mot. at 2; Nguyen Mot. at 2. The Court has said it will vacate those orders. Minute Entry at 1. To the extent any of those deadlines still applies, Plaintiffs ask the Court to modify it, and each of the four good-cause factors supports doing so. *See S&W Enters.*, 315 F.3d at 536. Plaintiffs moved promptly after the '403 patent issued and after finding the new products; the amendments keep related claims together in one case; Defendants suffer no prejudice because no schedule has yet been set in these consolidated proceedings; and the Court's new scheduling order can account for the amendments.

encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Plaintiffs may join in one action when their claims arise out of the same transaction or occurrence and share a common question of law or fact. Fed. R. Civ. P. 20(a)(1). And the Court may add a party "at any time, on just terms." Fed. R. Civ. P. 21.

RBTM LLC meets that test. The Lanham Act gives the claim for infringing a registered mark to the "registrant," 15 U.S.C. § 1114(1), a term that includes the registrant's "assigns," *id.* § 1127. RBTM LLC is that assignee. ABC IP, LLC assigned the FRT® registrations and applications to RBTM LLC on May 26, 2026, and the U.S. Patent and Trademark Office recorded the assignment on June 11. Ex. 1. Rare Breed Triggers, Inc. is the exclusive licensee. Joint Initial Mgmt. Rep. at 21–22, *In re Rare Breed Triggers Pat. Litig.*, No. 4:26-md-03176-ALM (E.D. Tex. Oct. 5, 2026), Dkt. 56 ("Joint Report"). RBTM LLC's claims arise from the same sales of the same accused products as Plaintiffs' patent claims. Both sets of claims turn on common questions, including what each Defendant sold and how it marketed those sales. Adding RBTM LLC puts the owner of the marks before the Court, so the trademark claims can be decided once.

One Defendant questioned that ownership, arguing that the Patent and Trademark Office's records then listed ABC IP, LLC as the owner. Defs. MaRs Trigger, LLC & Peter Brennen's Opp'n to Pls.' Mot. for Leave to File Second Am. Compl. at 5, 12, *ABC IP, LLC v. MaRs Trigger, LLC*, No. 2:26-cv-00030-ALM (E.D. Tex. June 10, 2026), Dkt. 42 ("MaRs Opp'n"). But the assignment was executed on May 26, the day before Plaintiffs moved, and those records now list RBTM LLC as the owner of all registered marks. Ex. A. The Court should add RBTM LLC as a plaintiff in the five actions listed in Table 1.

### 2. The Same Trademark Claims Are Already Pending in At Least 49 Other Member Actions; Splitting Off These Five Invites Inconsistent Rulings.

RBTM LLC's trademark claims are already live in this MDL. In at least 49 other Member Actions, listed in Appendix A, RBTM LLC and Rare Breed Triggers, Inc. assert claims for trademark infringement, false designation of origin, and unfair competition based on the use of "FRT," in complaints now pending before this Court. *See, e.g.*, Compl. ¶¶ 21–22 & Counts X–XII, *ABC IP, LLC v. Atl. Firearms LLC*, No. 4:26-cv-00926-ALM (E.D. Tex.), Dkt. 1 (filed in D. Md. June 9, 2026) ("Atl. Firearms Compl."); Compl. ¶¶ 19–20 & Counts VI–VIII, *ABC IP, LLC v. Dogwood Armory LLC*, No. 4:26-cv-00760-ALM (E.D. Tex.), Dkt. 1 (filed in M.D.N.C. May 28, 2026). Those claims turn on the same questions in every action: whether RBTM LLC holds valid rights in the FRT® marks, and whether selling competing forced reset triggers as "FRT" is likely to confuse buyers. The parties have already identified both as principal issues for this MDL. Joint Report at 21–23.

So the September 17 orders decide only where the trademark claims against these five Defendants will be heard. If not here, Plaintiffs must bring them as new actions, likely in other districts. Those courts would then decide the same ownership, validity, and confusion questions about the same marks that this Court will decide in the other Member Actions. Preventing inconsistent pretrial rulings is a central reason the Panel created this MDL. *Rare Breed Triggers*, 829 F. Supp. 3d at 1372. Granting leave keeps those questions before one court.

Neither of the two objections raised to these claims is a substantial reason to deny leave.

(i) *Scope of the MDL.* MaRs argued that trademark claims fall outside a patent MDL. MaRs Opp'n at 13. But Section 1407 transfers "civil actions," not individual claims, and it is the Panel that "may separate any claim" from a transferred action. 28 U.S.C. § 1407(a). The

trademark claims in other Member Actions are already here. Adding these five puts the same questions before one court instead of several.

(ii) *Delay*. Optics Planet argued that Plaintiffs could have pleaded trademark claims sooner. OpticsPlanet's Opp'n to Pls.' Mot. for Leave to File Second Am. Compl. at 9–10, *ABC IP, LLC v. Optics Planet, Inc.*, No. 4:26-cv-00521-ALM (E.D. Tex. June 10, 2026), Dkt. 65 ("Optics Planet Opp'n"). But delay alone does not justify denying leave. "The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). There was no undue delay here. Four of the five FRT® registrations issued between March 24 and April 28, 2026, and Plaintiffs moved on May 27. Atl. Firearms Compl. ¶ 21; Optics Planet Mot. at 2–3. Optics Planet identified no prejudice from that timing, and there is none: the Court has not yet set a schedule for these consolidated proceedings. Minute Entry at 1, 3. The Court should allow the trademark claims in all five actions.

### B. The Court Should Allow Claims Against the Newly Accused Products, Which Belong to Product Families Already Accused in This MDL.

Every product Plaintiffs seek to add is already accused in this MDL against other Defendants. Defendants in four actions recently began selling these products: the ARC-Fire, the Disruptor, the Atrius Forced Reset Selector, and the MARC Selector. Table 3 shows which product would be added to which action, and where each is already accused.

**Table 3. The Newly Accused Products**

| Member Action | Product to Add | Already Accused In |
|---|---|---|
| *DNT*<br>No. 4:26-cv-00377 | ARC Fire | *AS Designs*, No. 4:26-cv-00370; *NSPEC*, No. 4:26-cv-00948 |
| | Disruptor | *Peak*, No. 4:26-cv-00698; *Optics Planet*, No. 4:26-cv-00521 |
| | Super Selector (Atrius Forced Reset Selector) | *Atrius*, No. 4:26-cv-00448; *Mister Guns*, No. 2:26-cv-00056 |

| Member Action | Product to Add | Already Accused In |
|---|---|---|
| *Harrison Gunworks* No. 4:26-cv-00379 | MARC Selector | *Atlantic Firearms*, No. 4:26-cv-00926; *Stark80*, No. 4:26-cv-01018; *Vukanovich*, No. 4:26-cv-01235 |
| *Nguyen* No. 4:26-cv-00425 | ARC-Fire | *AS Designs*, No. 4:26-cv-00370; *NSPEC*, No. 4:26-cv-00948 |
| *Optics Planet* No. 4:26-cv-00521 | ARC-Fire | *AS Designs*, No. 4:26-cv-00370; *NSPEC*, No. 4:26-cv-00948 |

None of the newly accused products is new to this MDL. DNT now sells the ARC Fire, Disruptor, and Super Selector products accused in other Member Actions. DNT Mot. at 3. Harrison Gunworks sells the MARC Selector, which Plaintiffs already accuse in three other Member Actions. *Atl. Firearms Compl.* ¶¶ *39–42*. Nguyen and Optics Planet now sell the accused ARC-Fire. Nguyen Mot. at 2–3; Optics Planet Mot. at 2. Each product falls within a family the parties have identified as the core of this MDL: the Super Safety, the ARC-Fire, the Atrius Forced Reset Selector, and the Partisan Disruptor. Joint Report at 21. This is the "multi-patent, multi-product litigation" the Panel centralized. *Rare Breed Triggers*, 829 F. Supp. 3d at 1374. Adding these products brings in no new technology and no new Defendant.

These product additions are recent because this market moves quickly. Manufacturers release new models and variants, and resellers add them to their catalogs. Plaintiffs found these products through their ongoing review of each Defendant's offerings while preparing these amendments, and they included them at once. *See, e.g.*, Optics Planet Mot. at 2. These motions were meant to make the complaints complete before the schedule for these consolidated proceedings took shape. Plaintiffs will also identify each of these products in their infringement contentions, as Patent Rule 3-1(b) requires.

Plaintiffs do not intend to keep amending as Defendants release new products, and this District's practice does not require them to. That practice "has long been to 'not require[ ] a specific identification of accused products' in the complaint." *Estech Sys. IP, LLC v.*

*Grandstream Networks Inc.*, No. 2:24-cv-1018-RWS-RSP, 2025 WL 2780145, at *1 (E.D. Tex. Sept. 30, 2025) (alteration in original) (citation omitted). A complaint may instead identify accused products as those that "include, but are not limited to," listed examples. *See Zinser v. Vivint, LLC*, No. 4:25-cv-1030-ALM, 2026 WL 2533161, at *1 n.1, *3 (E.D. Tex. Aug. 27, 2026) (Mazzant, J.) (denying motion to dismiss). Infringement contentions then name each accused product "of which the party is aware." E.D. Tex. P.R. 3-1(b). And courts in this District have "routinely held that a patentee has good cause to amend its infringement contentions to include newly accused products that the defendant introduced to the market after the plaintiff served its initial infringement contentions." *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00311, 2020 WL 7698831, at *2 (E.D. Tex. Dec. 28, 2020). Products that appear later can come in that way.

But leaving these known products out of the complaints would not narrow this MDL; it would only move the dispute. The Court has already applied that practice in this MDL. When AS Designs argued that a product not named in the complaint was outside the case, the Court disagreed. It held that Plaintiffs "should not be prevented from including" that product "as an accused product at this stage in this lawsuit," and found it "appropriate for Plaintiffs to continue to identify and accuse products from Defendants." AS Designs Order at 4. Granting leave here applies the same rule to these four actions and keeps each complaint consistent with the products Plaintiffs will accuse.

Optics Planet alone objected to a specific new product, arguing that adding the ARC-Fire would make its case more complex. Optics Planet Opp'n at 7–9. It would not. The ARC-Fire is already accused in other Member Actions, and Optics Planet knows what it sells. The Court should allow these claims.

### C. The Court Should Add QOX, Seddon, and JawsTec.

#### 1. The Court Should Add QOX, Which Peak Did Not Oppose.

Peak and Norton did not oppose adding QOX Consulting, LLC. Defs. Peak Tactical, LLC's & Nicholas Norton's Partial Opp'n to Pls.' Mot. for Leave to File First Am. Compl. at 7, 21, *ABC IP, LLC v. Peak Tactical, LLC*, No. 4:26-cv-00698-ALM (E.D. Tex. July 10, 2026), Dkt. 84 ("Peak Opp'n"). QOX owns 51% of Peak and is the project manufacturer and manufacturing coordinator for the accused Disruptor. Peak Mot. at 2–3. No party opposed this amendment, and the Court should grant it.

#### 2. The Court Should Also Add Seddon and JawsTec; Any Objection They Have Belongs in a Rule 12 Motion.

Peak and Norton did oppose adding the other two parties, Richard Seddon and Jaws Tec LLC d/b/a JawsTec LLC. Peak Opp'n at 7. Both belong in this case for the same reason QOX does: they stand behind the accused Disruptor. Seddon owns QOX. Peak Mot. at 2–3. QOX owns a majority of Peak and coordinates the Disruptor's manufacture. *Id.* And JawsTec makes the Disruptor at QOX's direction. *Id.* Plaintiffs learned of these roles as they investigated the case, and they moved promptly to add these parties.

Peak and Norton's objections are that the proposed complaint does not state a claim against Seddon and that venue is improper as to JawsTec. Peak Opp'n at 14–20. Those objections belong to Seddon and JawsTec, who can raise them by Rule 12 motion once they are parties. *See* Fed. R. Civ. P. 12(b)(3), (b)(6), (h)(1). This Court has granted leave to add defendants even where the amendment might require transfer, explaining that it "does not believe that an amendment is futile simply because the amendment may require the case to be transferred." *Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 599 (E.D. Tex. 2019).

That course also fits the record. Plaintiffs' motion for jurisdictional discovery as to Norton is fully briefed and pending, and it raises the same questions about who controls Peak and where the Disruptor is made. Pls.' Mot. for Jurisdictional Disc. at 1–2, *ABC IP, LLC v. Peak Tactical, LLC*, No. 4:26-cv-00698-ALM (E.D. Tex. July 17, 2026), Dkt. 89. If Seddon or JawsTec challenges jurisdiction or venue, the Court can decide that challenge on the same record, after the same targeted discovery. "When a defendant challenges personal jurisdiction, courts generally permit depositions confined to the issues raised in the motion to dismiss." *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). The Court should add Seddon, QOX, and JawsTec.

### D. The Court Should Also Grant the Three Pending Motions, Which Seek Only to Add the '403 Patent.

The ProSource and Superior motions ask for the same amendment the Court has already allowed over the same opposition. The defendants in four related actions—PistolCap, Mister Guns, ProSource, and Superior—filed one joint opposition to Plaintiffs' motions to add the '403 patent. Defs.' Opp'n to Pls.' Mot. for Leave to File Second Am. Compl. at 1 n.1, *ABC IP, LLC v. ProSource Firearms, LLC*, No. 2:26-cv-00055-ALM (E.D. Tex. June 9, 2026), Dkt. 46 ("ProSource Opp'n"). On September 17, after considering the "response, reply, sur-reply, and the applicable law," the Court granted the motions in PistolCap and Mister Guns. Order Granting Pls.' Mot. for Leave to Amend at 1, *ABC IP, LLC v. PistolCap Ltd. Co.*, No. 2:26-cv-00053-ALM (E.D. Tex. Sept. 17, 2026), Dkt. 81; Order Granting Pls.' Mot. for Leave to Amend at 1, *ABC IP, LLC v. Mister Guns, LLC*, No. 2:26-cv-00056-ALM (E.D. Tex. Sept. 17, 2026), Dkt. 84. The same result should follow in ProSource and Superior.

Nothing since then supports a different result. The joint opposition asked the Court, at a minimum, to defer ruling until it decided the customer-suit stay motions and the motions about the preliminary-injunction schedule. ProSource Opp'n at 13. The Court has now decided those

motions. It found that "a stay under the customer-suit exception is not appropriate here" and denied the stays. Mem. Op. & Order at 14–16, *ABC IP, LLC v. ProSource Firearms, LLC*, No. 2:26-cv-00055-ALM (E.D. Tex. Oct. 8, 2026), Dkt. 89. And the Webcorp defendants do not oppose. Webcorp Mot. at 3. The Court should grant all three motions.

Plaintiffs respectfully ask the Court to vacate the denials in its September 17, 2026 orders and grant Plaintiffs' motions for leave to amend in full, including the three pending motions listed in Table 2. Plaintiffs also ask that the amended complaints filed with those motions be deemed filed, and that Defendants respond within fourteen days of the Court's order.

DATED: October 22, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
Bret T. Winterle
Texas Bar No. 24084249
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
winterle@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
FISH & RICHARDSON P.C.
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Oliver J. Richards
CA Bar No. 310972
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
E-mail: ojr@fr.com
Tel: (858) 678-5070
Fax: (858) 678-5099

Glenn D. Bellamy (admitted pro hac vice)
Wood Herron & Evans LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

***Attorneys for Plaintiffs***
***ABC IP, LLC, Rare Breed Triggers, Inc., and RBTM LLC***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 22, 2026, on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Matthew A. Colvin*
Matthew A. Colvin