# APPENDIX A

**Plaintiffs' Position Regarding Privilege Logs**

Both sides agree that the parties should not have to log their communications with litigation counsel. Plaintiffs' provision does exactly that and no more. It exempts communications with counsel of record and attorney work product, unless they were shared beyond the client and its counsel of record, or a party will rely on them for willfulness or inducement. The exemption applies equally to every party. Everything else is logged, as Rule 26(b)(5)(A)(ii) contemplates, so that the other side has enough information to "assess the claim."

Defendants' provision goes much further, in three ways.

First, it exempts communications with "a party's counsel (including in-house and outside counsel)" on any subject, at any time. In-house lawyers routinely sit on business communications about sales, pricing, product design, and suppliers. Copying a lawyer does not make a business communication privileged, but under Defendants' language it would make the communication invisible. A log entry, showing the date, author, recipients, and general subject, is what lets the receiving party see that a withheld email was really a business discussion and challenge it. Without the log, there is nothing to challenge.

Second, it extends the exemption from attorney work product to all "materials protected by the work-product doctrine," whoever prepared them. This exemption is too broad and risks what could be the most important documents in the case from ever seeing the light of day.

Third, and most important, the Defendants joint-defense clause exempts, "notwithstanding subsection (a)," every communication among Defendants that a Defendant unilaterally labels joint defense or common interest. Those doctrines are frequently over-applied. A shared commercial interest in sourcing, indemnity, pricing, or keeping a product on the market is not a common legal interest. Whether a given communication qualifies is a fact-specific question on which the withholding party bears the burden. Defendants' clause answers that question in advance, in their favor, and Plaintiffs would never learn the communications exist. With more than 100 Defendants, many buying from the same manufacturers, communications between manufacturers and resellers are among the most relevant in this MDL. They should be logged so that any joint-defense or common-interest claim can be tested.

Plaintiffs' provision gives every party the relief that matters: no logging of litigation counsel's files and communications. Everything else should be logged. The Court should adopt Plaintiffs' provision.

**Defendants' Position Regarding Privilege Logs**

The Court's October 15 guidance narrows this dispute. Both sides recognized that a filing-date cutoff should excuse logging privileged litigation communications. Hr'g Tr. 42:5–21. The Court rejected Plaintiffs' proposal to apply the first MDL filing date to Plaintiffs but each Defendant's individual filing date to Defendants: "it also has to be fair to both sides," and the cutoff "will apply universal[ly]." *Id.* at 44:16–23, 46:16–19. The remaining dispute chiefly concerns protected pre-cutoff communications.

First, Plaintiffs exempt communications with "counsel of record"; Defendants exempt those with "a party's counsel (including in-house and outside counsel)." Plaintiffs' enforcement lawyers who later appeared would qualify, while Defendants' privileged consultations with in-house, outside general, patent, or related-proceedings counsel who never appeared would require logging. Privilege does not depend on whether a lawyer has entered an appearance. Federal law governs privilege. Fed. R. Evid. 501. Privilege protects confidential communications made to obtain legal advice. *See Upjohn Co. v. United States*, 449 U.S. 383, 394–95 (1981). Plaintiffs' rule would make protection turn on a later procedural event rather than on the confidentiality of the communication.

Second, Defendants' proposal properly accommodates pre-cutoff common-interest communications. Manufacturers, resellers, indemnitors, and counsel may coordinate legal defenses before suit. The Fifth Circuit recognizes protection for confidential, otherwise privileged exchanges among actual or potential co-defendants advancing a common defense against a palpable threat of litigation. *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710–12 (5th Cir. 2001). Defendants' exemption applies reciprocally to co-plaintiffs jointly prosecuting patent claims. It does not immunize business discussions or exchanges with outsiders lacking a qualifying legal interest or other protection.

Third, Plaintiffs' willfulness and inducement concerns do not justify logging protected consultations. Hr'g Tr. 43:11–24, 46:12–16. Patent knowledge and other underlying facts remain discoverable; privilege protects communications, not facts. *Upjohn*, 449 U.S. at 395–96. The proposed opinion-of-counsel exception and P.R. 3-7 preserve applicable disclosure obligations. Section 298 bars using the failure to obtain or present counsel's advice to prove willful infringement or inducement.

Finally, this nationwide MDL encompasses numerous cases, parties, patents, products, and counsel. Individual logging of routine, protected pre-cutoff legal coordination would multiply costs without meaningful benefit. Defendants' reciprocal proposal preserves specific privilege challenges and should be adopted.