**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | 4:26-md-03176-ALM<br>MDL 3176 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>WEBCORP, INC., d/b/a TACTICAL SHIT/LIBERAL TEARS/SIGGLOCKINCOLT.COM, and THOMAS KIRGIN, JR.,<br>Defendants. | Civil Action No. 4:26-cv-00768-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>OPTICS PLANET, INC., d/b/a ECENTRIA,<br>Defendant. | Civil Action No. 4:26-cv-00521-ALM |
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas Corporation,<br>Plaintiffs,<br>v.<br>PEAK TACTICAL, LLC d/b/a PARTISAN TRIGGERS, a Wyoming limited liability company, and NICHOLAS NORTON,<br>Defendants. | Civil Action No. 4:26-cv-00698-ALM |

**DEFENDANTS PEAK TACTICAL, LLC, NICHOLAS NORTON, OPTICS PLANET, INC., AND WEBCORP, INC.'S RESPONSE IN PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 17, 2026 ORDERS ON PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND (DKT. 81)**

# TABLE OF CONTENTS


I. INTRODUCTION ....................................................................................................1

II. THE COURT SHOULD AGAIN DENY LEAVE TO ADD RICHARD SEDDON..........3

A. Plaintiffs Offer No Basis to Revisit the Court's Ruling. ........................................3

B. The Proposed Amendment Is Futile Because It Fails to Plead Any Basis for Holding Mr. Seddon Personally Liable for Patent Infringement. ......................5

1. Individuals are not personally liable for patent infringement committed in a corporate capacity absent grounds to pierce the corporate veil. ..........................................................................................5

2. Plaintiffs make no allegation that piercing the corporate veil is warranted...........................................................................................7

3. The FAC pleads no individualized act by Mr. Seddon. ...............................8

C. The FAC Relies on Impermissible Group Pleading. ...............................................9

III. THE COURT SHOULD AGAIN DENY LEAVE TO ADD JAWS TEC LLC. .............11

A. JawsTec Does Not "Reside" in Wyoming or the Eastern District of Texas. .........11

B. JawsTec Has No Regular and Established Place of Business in Wyoming or This District. .........................................................................................11

C. Section 299 Does Not Confer Venue—It Restricts Joinder..................................12

IV. CONCLUSION.........................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*ABC IP, LLC v. DNT LLC*,
No. 4:26-cv-00377-ALM ........ 2

*ABC IP, LLC v. Harrison Gunworks LLC*,
No. 4:26-cv-00379-ALM ........ 2

*ABC IP, LLC v. MaRs Trigger, LLC*,
No. 2:26-cv-00030-ALM ........ 2

*ABC IP, LLC v. Nguyen*,
No. 4:26-cv-00425-ALM ........ 2

*ABC IP, LLC v. Optics Planet, Inc.*,
No. 4:26-cv-00521-ALM ........ 1

*ABC IP, LLC v. Peak Tactical, LLC*,
No. 2:26-cv-00018-KHR (D. Wyo. Mar. 24, 2026), Dkt. 51 ........ 9

*ABC IP, LLC v. Peak Tactical, LLC*,
No. 4:26-cv-00698-ALM ........ 1

*ABC IP, LLC v. ProSource Firearms, LLC*,
No. 2:26-cv-00055-ALM ........ 2

*ABC IP, LLC v. Superior Firearms of Texas, LLC*,
No. 2:26-cv-00058-ALM ........ 2

*ABC IP, LLC v. Webcorp, Inc.*,
No. 4:26-cv-00768-ALM ........ 1

*Al-Site Corp. v. VSI Int'l, Inc.*,
174 F.3d 1308 (Fed. Cir. 1999) ........ 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 5, 8, 11

*Automated Transaction LLC v. N.Y. Cmty. Bank*,
No. 12-CV-3070, 2013 U.S. Dist. LEXIS 34872
(E.D.N.Y. Mar. 13, 2013) ........ 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 5

*Cain v. City of New Orleans*,
No. 15-4479, 2016 U.S. Dist. LEXIS 63527 (E.D. La. 2016) ........ 10

*First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*,
No. 1:07-CV-988, 2008 U.S. Dist. LEXIS 75961
(E.D. Tex. Sept. 29, 2008) ........ 10

*Foman v. Davis*,
371 U.S. 178 (1962) ........ 4

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011) ........ 6

*Holmes v. Acceptance Cas. Ins. Co.*,
942 F. Supp. 2d 637 (E.D. Tex. 2013) ........ 10

*Holmes v. Allstate Corp.*,
No. 11-CV-1543, 2012 WL 627238 (S.D.N.Y. Jan. 27, 2012) ........ 10

*In re Cray Inc.*,
871 F.3d 1355 (Fed. Cir. 2017) ........ 11, 12

*In re ZTE (USA) Inc.*,
890 F.3d 1008 (Fed. Cir. 2018) ........ 11

*Juniper Networks, Inc. v. Shipley*,
643 F.3d 1346 (Fed. Cir. 2011) ........ 8

*Lubby Holdings LLC v. Chung*,
11 F.4th 1355 (Fed. Cir. 2021) ........ 6, 7

*Manville Sales Corp. v. Paramount Sys., Inc.*,
917 F.2d 544 (Fed. Cir. 1990) ........ 6, 7

*Marucci Sports, L.L.C. v. NCAA*,
751 F.3d 368 (5th Cir. 2014) ........ 4, 9

*Miller Mendel, Inc. v. City of Okla. City*,
No. CIV-18-00990-JD, 2024 U.S. Dist. LEXIS 217300
(W.D. Okla. Dec. 2, 2024) ........ 12

*Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*,
806 F.2d 1565 (Fed. Cir. 1986) ........ 6

*Robbins v. Okla. ex rel. Dep't of Human Servs.*,
519 F.3d 1242 (10th Cir. 2008) ........ 10

*Stripling v. Jordan Prod. Co.*,
234 F.3d 863 (5th Cir. 2000) ....................................................................................4

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
581 U.S. 258 (2017)................................................................................................11, 12

*Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*,
406 F. Supp. 3d 585 (E.D. Tex. 2019)...........................................................................4

*Wechsler v. Macke Int'l Trade, Inc.*,
486 F.3d 1286 (Fed. Cir. 2007).....................................................................................6, 8

*Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*,
609 F.3d 1308 (Fed. Cir. 2010)...................................................................................5, 6, 7

## STATUTES

28 U.S.C. § 1400(b) ...........................................................................................11, 12

35 U.S.C. § 299.......................................................................................................12

35 U.S.C. § 299(a) ..................................................................................................12

## RULES

Rule 8(a)...............................................................................................................10

Rule 9(b) ................................................................................................................8

Rule 12 ...............................................................................................................2, 3, 4

Rule 12(b) ..............................................................................................................4

Rule 12(b)(6)........................................................................................................4, 9

Rule 15 ..................................................................................................................4

## OTHER AUTHORITIES

U.S. Patent No. 12,636,403..........................................................................................1

Defendants Peak Tactical, LLC f/k/a Partisan Triggers d/b/a The Triggered Company ("Peak Tactical"), Nicholas Norton, Optics Planet, Inc. d/b/a Ecentria ("Optics Planet"), and Webcorp, Inc. ("Webcorp") (collectively, "Defendants") respectfully submit this response to Plaintiffs' Motion for Reconsideration of the Court's September 17, 2026 Orders on Plaintiffs' Motions for Leave to Amend [Dkt. No. 81] (the "Motion").

## I. INTRODUCTION

To narrow the issues before the Court, Defendants do not oppose three of the amendments Plaintiffs seek:

1. Peak Tactical does not oppose Plaintiffs' amended claims in *ABC IP, LLC v. Peak Tactical, LLC*, No. 4:26-cv-00698-ALM, adding QOX Consulting, LLC ("QOX") as a defendant (Dkt. 72; Dkt. 73);
2. Defendant Webcorp did not and does not oppose Plaintiffs' amended complaint against it in *ABC IP, LLC v. Webcorp, Inc.*, No. 4:26-cv-00768-ALM (Dkt. 40; Dkt. 41-1), which seeks to add only U.S. Patent No. 12,636,403 to Plaintiffs' infringement claims;
3. Defendant Optics Planet does not oppose Plaintiffs' amended complaint against it in *ABC IP, LLC v. Optics Planet, Inc.*, No. 4:26-cv-00521-ALM (Dkt. 49; Dkt. 50), which seeks to add claims regarding Plaintiffs' alleged "FRT" mark and a new trigger, the ARC-Fire.

Peak Tactical's position on QOX is unchanged; Peak Tactical and Mr. Norton did not oppose adding QOX in the original briefing. Dkt. 84 at 1, 16[1]. Webcorp likewise did not oppose

[1] All subsequent docket cites contained herein are to the Peak Tactical member case (*ABC IP, LLC v. Peak Tactical, LLC*, No. 4:26-cv-00698-ALM) unless otherwise noted.

Plaintiffs' motion in its action. MDL Dkt. 81 at 5 (citing Webcorp position).[2] Defendants' non-opposition is limited to the grant of leave to amend. It is not a concession on the merits of any claim, and each Defendant—including Webcorp's co-defendant, Thomas Kirgin, Jr.—reserves every defense to the amended pleadings, including defenses under Rule 12.[3]

That said, as it did previously, Peak Tactical ***does*** object to the Motion insofar as Plaintiffs seek to add two new party defendants to their complaint: Richard Seddon and Jaws Tec LLC d/b/a JawsTec LLC ("JawsTec"). Peak Tactical's opposition to the proposed amendment as to these new parties remains: the allegations do not state a claim against Mr. Seddon (or existing Defendant Nicholas Norton) and cannot be asserted against JawsTec in a Wyoming action.

In particular, the proposed First Amended Complaint [Dkt. 73] ("FAC") names Mr. Seddon solely on the basis that he owns a company that owns a majority of another company that sells the accused product. It does not allege that he made, used, sold, offered to sell, or imported anything. It does not allege that any corporate veil should be pierced. It does not even spell his name consistently. As to JawsTec, the FAC implicitly admits that venue is improper. The FAC alleges JawsTec is an *Idaho* contract manufacturer and makes no allegations whatsoever that JawsTec has a regular and established place of business in Wyoming, the forum state. On those issues, the Court rightly denied leave to amend.

---

[2] Optics Planet previously opposed Plaintiffs' motion for leave in its action. *See* Dkt. 81 at 9–10, 12 (citing Optics Planet Opp'n, No. 4:26-cv-00521-ALM, Dkt. 65). In the interest of efficiency and to narrow the issues before the Court, Optics Planet withdraws that opposition. It does not concede the merits of any claim asserted in the amended complaint.

[3] Defendants respond only as to the member actions in which they are parties. They take no position on the requested amendments in *ABC IP, LLC v. MaRs Trigger, LLC*, No. 2:26-cv-00030-ALM; *ABC IP, LLC v. DNT LLC*, No. 4:26-cv-00377-ALM; *ABC IP, LLC v. Harrison Gunworks LLC*, No. 4:26-cv-00379-ALM; *ABC IP, LLC v. Nguyen*, No. 4:26-cv-00425-ALM; *ABC IP, LLC v. ProSource Firearms, LLC*, No. 2:26-cv-00055-ALM; or *ABC IP, LLC v. Superior Firearms of Texas, LLC*, No. 2:26-cv-00058-ALM.

Plaintiffs' failure to make facially sufficient allegations is no isolated misstep. Throughout the MDL actions, Plaintiffs have named individual principals as defendants alongside corporate entity defendants that the individuals own or work for. At the October 15 conference, Peak Tactical's counsel raised this pervasive issue in proposing a consolidated motion to dismiss to address all of the individually-named defendants in a single, efficient fashion. As defense counsel explained, across the MDL Plaintiffs "have generally always named an individual—a princip[al] at the company, but they've used group pleading allegations." Oct. 15, 2026 Hr'g Tr. at 24:7–9. Plaintiffs' counsel did not deny it, merely offering that the inquiry is "case by case." *Id.* at 26:4. And when the Court asked Plaintiffs' counsel whether "the real reason" that Plaintiffs named all these individuals was that Plaintiffs think these individuals present "a deep-pocket issue," counsel answered: "Right." *See* Oct. 15 Hr'g Tr. at 25:14–25. Seeking to add a defendant for deep pocket purposes does not obviate the requirement of stating a claim against that defendant.

Plaintiffs' current Motion supplies no reason—let alone a sufficient one—to revisit the Court's denial of leave to add Mr. Seddon and JawsTec; as to those two proposed defendants, the Motion should be denied.

## II. THE COURT SHOULD AGAIN DENY LEAVE TO ADD RICHARD SEDDON

### A. Plaintiffs Offer No Basis to Revisit the Court's Ruling.

A rehash is all the Motion offers as to Mr. Seddon and JawsTec. Plaintiffs ask the Court to deem filed the very same proposed First Amended Complaint (Dkt. 73) that the Court already reviewed. MDL Dkt. 81 at 15. They identify no new allegation, no new fact, and no change in the law. Their only argument—that Defendants' objections "belong to Seddon and JawsTec, who can raise them by Rule 12 motion once they are parties," MDL Dkt. 81 at 13—is the argument they made in their reply. There, Plaintiffs argued that Defendants' futility arguments "are dismissal arguments" that "should be addressed in dismissal briefing." Dkt. 88 at 3.

But Plaintiffs' "save it for Rule 12" argument fails. Rule 15 itself asks whether a proposed pleading states a claim. The Supreme Court identified "futility of amendment" as a ground for denying leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In this Circuit, futility means "the amended complaint would fail to state a claim upon which relief could be granted," measured by "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 379 (5th Cir. 2014). And "[l]eave to amend is in no way automatic." *Id.* at 378. Plaintiffs themselves invoke *Stripling*'s Rule 12(b)(6) standard. MDL Dkt. 81 at 6. Whether the proposed amendment can withstand a motion to dismiss as to Seddon and JawsTec is ripe for the Court's determination and is the most efficient way of deciding this issue. Conversely, allowing the amendment, subjecting these parties to discovery, and making them file new motions to dismiss all over again will only result in delay, unnecessary costs, and inefficiency.

Plaintiffs also agreed to this very procedure. Before the original briefing, Plaintiffs' counsel confirmed in writing: "We don't have concerns about your proposed approach to the motion to dismiss and the motion for leave to amend"—an approach under which Rule 12(b) arguments would be presented as futility arguments in the amendment briefing. Dkt. 93 at 1 & Ex. A. Nor does *Wapp Tech* help Plaintiffs. That decision addressed whether an amendment is futile "simply because the amendment may require the case to be transferred." MDL Dkt. 81 at 13 (quoting *Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 599 (E.D. Tex. 2019)). Defendants make no transfer argument in this response. Instead, Defendants argue that the proposed pleading fails to state a claim—the core futility question that *Foman*, *Stripling*, and *Marucci* direct the Court to answer now.

### B. The Proposed Amendment Is Futile Because It Fails to Plead Any Basis for Holding Mr. Seddon Personally Liable for Patent Infringement.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Measured against that standard, the proposed FAC says remarkably little about Mr. Seddon. It alleges, "[u]pon information and belief," that "Richard Sheldon [*sic*] is an individual residing in Wyoming, and is the owner of QOX Consulting, LLC." Dkt. 73 ¶ 6. It alleges that QOX is "the project manufacturer and manufacturing coordinator for the products sold by Peak, and the 51% owner of Peak Tactical, LLC." *Id.* ¶ 5. And, in a paragraph addressed to personal jurisdiction and venue, it alleges "upon information and belief" that Mr. Seddon "commits and directs infringing activities through the company he owns, QOX Consulting, LLC." *Id.* ¶ 12. That is the entire case against him. Plaintiffs' Motion confirms the theory: "Seddon owns QOX," "QOX owns a majority of Peak," and Mr. Seddon therefore "stand[s] behind the accused Disruptor." MDL Dkt. 81 at 13. Plaintiffs make no allegations that Mr. Seddon commits any acts in his individual capacity.

#### 1. Individuals are not personally liable for patent infringement committed in a corporate capacity absent grounds to pierce the corporate veil.

Federal Circuit law on this issue is clear: "[T]he 'corporate veil' shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation is the officers' 'alter ego.'" *Wordtech Sys., Inc. v. Integrated*

*Networks Sols., Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010) (citation omitted). "To determine whether corporate officers are personally liable for the direct infringement of the corporation under § 271(a) requires invocation of those general principles relating to piercing the corporate veil." *Id.* (quoting *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1579 (Fed. Cir. 1986)). Put plainly, "[p]ersonal liability under § 271(a) . . . requires sufficient evidence to justify piercing the corporate veil." *Id.* at 1314 (quoting *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1331 (Fed. Cir. 1999)). The Federal Circuit has been equally clear that, for an individual "to be personally liable for [the company's] infringement under section 271(a), there must be evidence to justify piercing the corporate veil." *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 552 (Fed. Cir. 1990). And a court "must 'start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception.'" *Id.* (citation omitted).

Plaintiffs' inducement theory fares no better. "Unless the corporate structure is a sham, we have held that personal liability for inducement must be supported by personal culpability." *Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1292 (Fed. Cir. 2007). "This requires the officer to have possessed a specific intent to 'aid and abet' the infringement." *Id.* (citation omitted). The individual "must be shown, however, to have knowingly induced infringement." *Manville*, 917 F.2d at 553. And "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). The FAC contains no allegations whatsoever, let alone well-pleaded factual allegations, to support an inducement claim against Seddon.

Plaintiffs may respond that "[c]orporate officers can be personally liable for their own acts of infringement, even if those acts were committed in their corporate capacity." *Lubby Holdings*

*LLC v. Chung*, 11 F.4th 1355, 1358 (Fed. Cir. 2021). At first glance, that language might seem to sidestep the veil-piercing requirement. It does not, and properly understood, it confirms why the claims against Mr. Seddon fail. *Lubby* does not hold that an officer is liable for the *corporation's* infringement by virtue of his title, ownership, or control. It holds the opposite: personal liability without veil-piercing attaches only to the individual's "own acts of infringement." *Id.* The rule is one of direct, personal participation—an officer who himself makes, uses, sells, offers to sell, or imports the accused product is a direct infringer in his own right, and the corporate form does not immunize that conduct. But the FAC identifies no product Mr. Seddon made, no sale he made, no offer he extended, no use he made, and no importation he undertook. It alleges only that Mr. Seddon owns QOX, that QOX owns a majority interest in Peak, and that Peak sells the Disruptor. Dkt. 73 ¶¶ 3, 5–6, 32. Those are allegations of his ownership status, not his personal conduct, and they are precisely the derivative allegations that *Wordtech* and *Manville* require veil-piercing to sustain. Where, as here, a plaintiff seeks to hold an individual liable for an entity's infringement, veil-piercing remains the required path, and it has not been alleged. *Wordtech*, 609 F.3d at 1313–14.

**2. Plaintiffs make no allegation that piercing the corporate veil is warranted.**

Plaintiffs' pleading does not even attempt the showing the law requires. The FAC contains no allegation that QOX or Peak is Mr. Seddon's alter ego. It does not allege that either entity is undercapitalized, that funds were commingled, that corporate formalities were disregarded, or that the corporate form was used to perpetrate a fraud or evade liability. It does not use the words "alter ego" or "pierce." Defendants raised this precise deficiency in the original briefing. Dkt. 84 at 11 ("The FAC pleads no alter-ego facts as to either Norton or Seddon—no commingling of funds and

no disregard of corporate formalities.”). Plaintiffs did not cure it then, and they do not cure it now. The Motion is silent on veil-piercing.

That silence is dispositive, and the problem is compounded here. Mr. Seddon is alleged to own QOX, which is alleged to own 51% of Peak, which is alleged to sell the Disruptor. Dkt. 73 ¶¶ 3, 5–6, 32. To reach Mr. Seddon on a derivative theory, Plaintiffs would have to disregard two separate entities. They plead no facts to disregard either.

**3. The FAC pleads no individualized act by Mr. Seddon.**

Without a veil-piercing theory, Plaintiffs must plead Mr. Seddon's own infringing acts. They plead none. The FAC never alleges that Mr. Seddon personally made, used, sold, offered to sell, or imported a Disruptor. It never alleges that he knew of any asserted patent, much less that he "possessed a specific intent to 'aid and abet'" anyone's infringement. *Wechsler*, 486 F.3d at 1292. Its sole individualized assertion—that he "commits and directs infringing activities through the company he owns," Dkt. 73 ¶ 12—is pleaded on "information and belief," appears in a jurisdiction-and-venue paragraph, and merely restates the legal conclusion Plaintiffs need. That is a "[t]hreadbare recital[]" that does "not suffice." *Iqbal*, 556 U.S. at 678.

The FAC's knowledge allegations confirm the gap. Every allegation of knowledge and intent rests on Peak's own conduct: the "FRT Legal Library" on Peak's website, Peak's forum posts on AR15.com, and a lawsuit filed against other parties in Arizona. Dkt. 73 ¶¶ 42–46. None mentions Mr. Seddon. The same is true of the non-patent counts. False marking "sounds in fraud," and "Rule 9(b) requires a plaintiff to plead in detail 'the specific who, what, when, where, and how' of the alleged fraud." *Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1350 (Fed. Cir. 2011) (citation omitted). The challenged marking statement appears on "[t]he Triggered Company website," Dkt. 73 ¶ 55—Peak's website—and the FAC does not allege that Mr. Seddon wrote,

approved, or published it. The false advertising theory rests on the same website and forum statements. *Id.* ¶¶ 33, 37, 43–45, 55. Not one is attributed to Mr. Seddon.

Owning a company is not infringement, false marking, or false advertising. Because the FAC pleads no basis to pierce any corporate veil and no act by Mr. Seddon himself, it "would fail to survive a Rule 12(b)(6) motion." *Marucci*, 751 F.3d at 379. The amendment is futile.[4]

**C. The FAC Relies on Impermissible Group Pleading.**

The FAC's pleading structure lumps five distinct parties—two individuals and three entities—into a grouping of undifferentiated "Defendants." The FAC defines Peak, Mr. Norton, QOX, Mr. Seddon, and JawsTec "collectively" as "Defendants." Dkt. 73 at 1. It then attributes every operative act to that collective. "Defendants are currently making, using, selling, offering for sale, and/or importing" the Disruptor. *Id.* ¶ 32. "Defendants, inter alia, stated" the forum posts quoted throughout the pleading. *Id.* ¶¶ 33, 37, 43–45. "Defendants' website" contains the "FRT Legal Library." *Id.* ¶ 42. "Defendants falsely promote the Disruptor." *Id.* ¶ 55. And every infringement count alleges that "Defendants have infringed, induced others to infringe, and/or contributed to the infringement." *E.g.*, *id.* ¶ 58. The pleading never says which Defendant did what. Read literally, it alleges that a Wyoming individual and an Idaho contract manufacturer authored Peak's website and Peak's forum posts.

Courts reject this approach because it deprives each defendant of the notice the Rules require. Where a complaint targets individuals alongside entities, "it is particularly important . . .

[4]The same deficiencies infect Plaintiffs' claims against Defendant Nicholas Norton, which rest on his minority ownership of Peak and the same collective "Defendants" allegations. *See* Dkt. 73 ¶¶ 4, 11; Dkt. 84 at 8–12; Dkt. 93 at 3–4; Norton Mem. in Supp. of Mot. to Dismiss, *ABC IP, LLC v. Peak Tactical, LLC*, No. 2:26-cv-00018-KHR (D. Wyo. Mar. 24, 2026), Dkt. 51 at 10–15. Mr. Norton intends to raise these same arguments in a forthcoming motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations." *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis omitted). Courts in this District agree, rejecting allegations "grouped indiscernibly against 'Defendants'" as "conclusory" and failing "to allege any specific conduct that could support a claim for relief." *Holmes v. Acceptance Cas. Ins. Co.*, 942 F. Supp. 2d 637, 647 (E.D. Tex. 2013). "[C]onclusory allegations that '[d]efendants' conduct violated the code without elaboration on what a given defendant supposedly said or did also fail." *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 U.S. Dist. LEXIS 75961, at *13 (E.D. Tex. Sept. 29, 2008). Because "each defendant" is entitled "'to know what he or she did that is asserted to be wrongful,' allegations based on a 'theory of collective responsibility' cannot withstand a motion to dismiss." *Cain v. City of New Orleans,* No. 15-4479, 2016 U.S. Dist. LEXIS 63527, at *15 (E.D. La. 2016) (quotation omitted). The rule applies with full force in patent cases: "Rule 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it." *Automated Transaction LLC v. N.Y. Cmty. Bank*, No. 12-CV-3070, 2013 U.S. Dist. LEXIS 34872, at *12 (E.D.N.Y. Mar. 13, 2013) (*quoting Holmes v. Allstate Corp.*, No. 11-CV-1543, 2012 WL 627238, at *22 (S.D.N.Y. Jan. 27, 2012)). The FAC does exactly that.

As the Court observed, allegations like Plaintiffs' describe a person who, at most, would be "a witness or a fact witness in the case but not necessarily a party." Oct. 15, 2026 Hr'g Tr. at 25:24–25. A belief that an individual has "deep pockets" is not a substitute for "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. The Court should decline Plaintiffs' invitation to approve that tactic on reconsideration.

## III. THE COURT SHOULD AGAIN DENY LEAVE TO ADD JAWS TEC LLC.

Patent venue is governed exclusively by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." The Supreme Court has made clear that § 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 266 (2017).

### A. JawsTec Does Not "Reside" in Wyoming or the Eastern District of Texas.

Under *TC Heartland*, a domestic corporation "resides" for patent venue purposes only in its State of incorporation. 581 U.S. at 262. Jaws Tec LLC is organized under the laws of Idaho. FAC ¶ 7. It is not organized in Wyoming, where this case originated and will return for trial, nor in Texas. It therefore does not "reside" in the District of Wyoming or the Eastern District of Texas for purposes of § 1400(b).

### B. JawsTec Has No Regular and Established Place of Business in Wyoming or This District.

The only alternative basis for patent venue under § 1400(b) is that the defendant "has committed acts of infringement and has a regular and established place of business" in the district. The Federal Circuit has articulated three requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "[T]he plaintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

The proposed FAC fails to allege *any* of the *Cray* factors as to JawsTec. The FAC alleges only that JawsTec is an Idaho limited liability company (FAC ¶ 7) and that it "employ[s] 15 or so employees to support the infringing activities of Peak Tactical, LLC in [Peak Tactical's] principal place of business in Wyoming" (FAC ¶ 14). Even accepting the FAC's allegation that JawsTec employs approximately 15 people to support Peak Tactical's alleged Wyoming activities, the FAC does not identify any physical place in Wyoming that is JawsTec's own regular and established place of business. Indeed, there is no allegation—not one—that JawsTec maintains any physical presence, office, warehouse, employees, or place of business in Wyoming. Plaintiffs have failed to carry their burden, and given JawsTec's complete lack of physical place of business in Wyoming, attempting to do so would be futile.

**C. Section 299 Does Not Confer Venue—It Restricts Joinder.**

Plaintiffs' Motion invokes 35 U.S.C. § 299 to justify adding JawsTec to this action. Dkt. No. 72 at 3–4. But § 299 governs *joinder*, not *venue*. The statute's text makes this plain: it specifies the conditions under which "accused infringers may be joined in one action as defendants." 35 U.S.C. § 299(a). It says nothing about where the action may be brought.

Even if Plaintiffs satisfy § 299's joinder requirements, JawsTec must independently satisfy § 1400(b)'s venue requirements. "Section 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland*, 581 U.S. at 266. Section 299 cannot bootstrap a defendant into a district where venue is otherwise improper. *See Miller Mendel, Inc. v. City of Okla. City*, No. CIV-18-00990-JD, 2024 U.S. Dist. LEXIS 217300, at *2 (W.D. Okla. Dec. 2, 2024) (explaining leave to add patent infringement claims against a new party was denied because that party "could not be sued for patent infringement in this venue" under § 1400(b)).

As detailed *supra*, *b*ecause JawsTec does not reside in Wyoming and has no regular and established place of business there, venue is improper as to JawsTec. Plaintiffs' proposed amendment as to JawsTec is futile.

## IV. CONCLUSION

The Court considered a full round of briefing and denied leave to add Richard Seddon and Jaws Tec LLC. Plaintiffs' Motion offers no new allegation, no new fact, and no new law—only the same pleading and the same request to defer the futility question to another day. The Court should deny the Motion to the extent it seeks reconsideration of the Court's September 17, 2026 order (Dkt. 119 in No. 4:26-cv-00698-ALM) denying leave to add Mr. Seddon and JawsTec. Consistent with Section I, Defendants do not oppose (1) Plaintiffs' amended complaint against Webcorp; (2) Plaintiffs' amended complaint against Optics Planet; and (3) Plaintiffs' amended claims adding QOX Consulting, LLC as a defendant in the Peak action, each without waiver of any defense to the amended pleadings.

Dated: October 30, 2026

Respectfully submitted,

*/s/ Timothy P. Getzoff*
Timothy P. Getzoff
J. Randy Roeser (TX Bar No. 24089377)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Phone: 303.473.2700
tgetzoff@hollandhart.com
jrroeser@hollandhart.com

Paul Swanson (*pro hac vice* forthcoming)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Phone: 303.295.8000
pdswanson@hollandhart.com
***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2026, a copy of the foregoing was filed electronically using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Timothy P. Getzoff*
Timothy P. Getzoff

40064939