**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM** |
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PEAK TACTICAL, LLC d/b/a PARTISAN TRIGGERS, a Wyoming limited liability company, and NICHOLAS NORTON,<br><br>Defendants. | Civil Action No. 4:26-cv-00698-ALM |
| ABC IP, LLC, a Delaware limited liability company, RARE BREED TRIGGERS, INC., a Texas corporation, and RBTM LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>CLOAK INDUSTRIES, INC., an Idaho corporation, and WILLIAM C. KING JR., an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-00608-ALM |

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company, RARE BREED TRIGGERS, INC., a Texas corporation, and RBTM LLC, a Wyoming limited liability company<br><br>Plaintiffs,<br><br>vs.<br><br>AR-TT, LLC, a Washington limited liability company, d/b/a TAKEDOWN TOOLS; CLAUSEN INC., a Washington corporation; JONATHAN CLAUSEN, an individual; and JODI CLAUSEN, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-00693-ALM |
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>SGC, LLC, an Arizona limited liability company, d/b/a Scottsdale Gun Club, and TERENCE D SCHMIDT, an individual, and RONALD KENNEDY, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-00694-ALM |
| RARE BREED TRIGGERS, INC., a Texas Corporation, ABC IP, LLC, a Delaware limited liability company, and RBTM LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>FIREARM SYSTEMS LLC d/b/a FIREARM SYSTEMS, an Arizona limited liability company, and BRANDON DONATTO, an individual, and MICHAEL STAKES, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-00695-ALM |

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company; and RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HAWKPHIN SALES, LLC, an Iowa limited liability company; and ADAM GERLEMAN, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-00707-ALM |
| ABC IP, LLC, a Delaware limited liability company; and RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>AR-15 GUN OWNERS OF AMERICA, INC., a Georgia corporation; and CHRIS ALLEN WALTZ, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-00761-ALM |
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WEBCORP, INC. d/b/a TACTICAL SHIT/ LIBERAL TEARS/SIGGLOCKINCOLT.COM, and THOMAS KIRGIN, JR.,<br><br>Defendants. | Civil Action No. 4:26-cv-00768-ALM |

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company; RARE BREED TRIGGERS, INC., a Texas corporation; and RBTM LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>SHOOTING TARGETS USA, LLC, a North Carolina limited liability company d/b/a OUTPOST GEAR; and MICHAEL JOSEPH SPEENEY, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-00799-ALM |
| ABC IP, LLC, a Delaware limited liability company; RARE BREED TRIGGERS, INC., a Texas corporation; and RBTM LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>EAST COAST CERAKOTE LLC, a South Carolina limited liability company; and GAVIN LUZIER, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-00831-ALM |
| ABC IP, LLC, a Delaware limited liability company; and RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>SKER INDUSTRIES, LLC, a New York limited liability company; and JORDAN LINSKER, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-00928-ALM |

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company; and RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>QUICK RESPONSE FIREARMS, LLC, an Idaho limited liability company; DANIEL CORSINI, an individual; and JERRIED "JERRY" BROWN, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-00944-ALM |
| ABC IP, LLC, a Delaware limited liability company; and RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>INOCULUM-GROUP LLC, an Idaho limited liability company; and RYAN K. JACOBSON, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-00945-ALM |
| ABC IP, LLC, a Delaware limited liability company; RARE BREED TRIGGERS, INC., a Texas corporation; and RBTM LLC, a Wyoming limited liability company,<br>Plaintiffs,<br><br>vs.<br><br>VELOCITY AMMUNITION SALES, LLC, a Virginia limited liability company; and DAVID ALLEN HAZLETT, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-00954-ALM |

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company; RARE BREED TRIGGERS, INC., a Texas corporation; and RBTM LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>DIRTY BIRD INDUSTRIES, LLC, a California limited liability company; JAY PITCHER, an individual; DUSTIN PITCHER, an individual; and LORI PITCHER, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-01013-ALM |
| ABC IP, LLC, a Delaware limited liability company; RARE BREED TRIGGERS, INC., a Texas corporation; and RBTM LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>ODIN WORKS, INC., an Idaho corporation; and THOMAS HINES, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-01091-ALM |
| ABC IP, LLC, a Delaware limited liability company; and RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>2A NINJA LLC, a Missouri limited liability company; and ETHAN ALEXANDER COOK, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-01106-ALM |

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company; RARE BREED TRIGGERS, INC., a Texas corporation; and RBTM LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>FIREARMS DIRECT CLUB LLC, a Florida limited liability company; KIMBERLY SMITH, an individual; and TAYLOR SPEARS, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-01120-ALM |
| ABC IP, LLC, a Delaware limited liability company; RARE BREED TRIGGERS, INC., a Texas corporation; and RBTM LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>BILSON ARMS, LLC, a Louisiana limited liability company; and JOHN W. ANGERS JR., an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-01134-ALM |
| ABC IP, LLC, a Delaware limited liability company; and RARE BREED TRIGGERS, INC., a Texas corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>STAR DEVELOPMENT, LLC, a Wyoming limited liability company, d/b/a STAR DEV LLC; and SARAH STOKES, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-01136-ALM |

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company; RARE BREED TRIGGERS, INC., a Texas corporation; and RBTM LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>MUFFINTOP TACTICAL LLC, a Texas limited liability company; and JASON RAMSDEN, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-01277-ALM |
| ABC IP, LLC, a Delaware limited liability company; RARE BREED TRIGGERS, INC., a Texas corporation; and RBTM LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>WOJTEK LLC, a New Hampshire limited liability company, d/b/a WOJTEK WEAPONRY; and NATHAN WOLANYK, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-01447-ALM |
| ABC IP, LLC, a Delaware limited liability company; RARE BREED TRIGGERS, INC., a Texas corporation; and RBTM LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>BARRICADE, LLC, d/b/a BARRICADE TACTICAL, a Texas limited liability company; and KIERAN BALBAG, an individual,<br><br>Defendants. | Civil Action No. 6:26-cv-00320-ALM |

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company; and RARE BREED TRIGGERS, INC., a Texas corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID FRESHWATER, an individual, and IDAHO ARMS & AMMO, LLC,<br><br>Defendant. | Civil Action No. 4:26-cv-00930-ALM |
| ABC IP, LLC, a Delaware limited liability company; RARE BREED TRIGGERS, INC., a Texas corporation; and RBTM LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>2A OPTICS LLC, a Mississippi limited liability company; and CHRISTOPHER INGRAM, an individual,<br><br>Defendants. | Civil Action No. 4:26-cv-01449-ALM |

**CERTAIN INDIVIDUAL DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

I. INTRODUCTION ....................................................................................................1

II. STATEMENT OF ISSUE TO BE DECIDED.....................................................................2

III. FACTUAL BACKGROUND AS PLEADED.....................................................................3

IV. LEGAL STANDARD........................................................................................................4

V. ARGUMENT........................................................................................................................5

A. Group Pleading Is Insufficient to State a Claim. ....................................................5

B. The Allegations Against the Specific Individual Defendants are Insufficient to State a Claim Against Them..........................................................6

1. Insufficient allegations of direct infringement by the individuals ..................7

2. Insufficient allegations of induced infringement by the individuals ...............7

3. Insufficient allegations of contributory infringement by the individuals.........8

4. Insufficient allegations of trademark infringement; false patent marking, advertising, or designation of origin; and unfair competition...........9

5. Insufficient allegations against Stakes, Norton, and Balbag .........................10

C. The Individual Defendants are Not Liable Based on Entity Ownership. ..............13

VI. CONCLUSION.................................................................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*ABC IP, LLC et al., v. Peak Tactical, LLC et al.*,
No. 4:26-cv-00698-ALM ........................................................................................11

*ABC IP, LLC et al. v. Barricade et al.*,
No. 6:26-cv-00320 ...........................................................................................11, 12

*ABC IP, LLC et al. v. E. Coast Cerakote LLC et al.*,
No. 4:26-cv-00831-ALM ..........................................................................................9

*ABC IP, LLC et al. v. Firearm Sys. et al.*,
No. 4:26-cv-00695-ALM ...............................................................................9, 11, 14

*ABC IP, LLC et al. v. Muffintop Tactical LLC et al.*,
No. 4:26-cv-01277-ALM ..........................................................................................3

*ABC IP, LLC et al. v. Peak Tactical, LLC et al.*,
No. 2:26-cv-00018-KHR ...............................................................................9, 10, 12

*Armstrong v. Ashley*,
60 F.4th 262 (5th Cir. 2023) .....................................................................................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................................................2, 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...................................................................................................4

*Benfield v. Magee*,
945 F.3d 333 (5th Cir. 2019) .....................................................................................7

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ....................................................................................7

*Cain v. City of New Orleans*,
No. 15-4479, 2016 U.S. Dist. LEXIS 63527 (E.D. La. May 13, 2016)...................................5

*Cunningham v. Lifestyles Dev. LLC*,
No. 4:19-CV-00006-ALM-CAN, 2019 U.S. Dist. LEXIS 154112
(E.D. Tex. Aug. 8, 2019) ............................................................................................6

*Cunningham v. Lifestyles Dev. LLC*,
No. 4:19-CV-00006-ALM-CAN, 2019 U.S. Dist. LEXIS 154112
(E.D. Tex. Aug. 8, 2019), *recommendation adopted*,
2019 U.S. Dist. LEXIS 153759 (E.D. Tex. Sept. 10, 2019) (Mazzant, J.) ................................2

*DSU Med. Corp. v. JMS Co.*,
471 F.3d 1293 (Fed. Cir. 2006)........................................................................................8

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
363 F.3d 1263 (Fed. Cir. 2004)........................................................................................9

*Edwin Vega v. Maxim Integrated Prods.*,
No. 5:15-CV-1138-DAE, 2016 U.S. Dist. LEXIS 191398
(W.D. Tex. June 14, 2016)................................................................................................6

*Favre v. Sharpe*,
117 F.4th 342 (5th Cir. 2024) ..........................................................................................5

*Graphene Platform Corp. v. Nanoxplore Inc.*,
No. 6:25-CV-00259-LS, 2026 U.S. Dist. LEXIS 211905
(W.D. Tex. Sept. 18, 2026) ...............................................................................................7

*GS Holistic, LLC v. AAR Mgmt. LLC*,
No. 3:24-cv-00360, 2026 U.S. Dist. LEXIS 150337
(S.D. Tex. July 8, 2026) ....................................................................................................7

*GS Holistic, LLC v. AAR Mgmt. LLC*,
No. 3:24-cv-00360, 2026 U.S. Dist. LEXIS 150337 (S.D. Tex. July 8, 2026),
*recommendation adopted*, 2026 U.S. Dist. LEXIS 193281 (S.D. Tex. Aug. 27, 2026)............6

*Hicks v. Andrews*,
No. 5:23-CV-81-RWS-JBB**,** 2024 U.S. Dist. LEXIS 56548 (E.D. Tex. Feb. 28, 2024),
*recommendation adopted*, 2024 U.S. Dist. LEXIS 49254 (E.D. Tex. Mar. 20, 2024).............5

*In re Multiponics, Inc.*,
622 F.2d 709 (5th Cir. 1980) ........................................................................................13

*In re Whole Foods Mkt.*,
163 F. Supp. 3d 385 (W.D. Tex. 2016)...........................................................................4

*Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*,
892 F.3d 719 (5th Cir. 2018) ........................................................................................12

*Johnson v. Lee*, No. 2:25-cv-97-TBM-RPM, 2026 U.S. Dist. LEXIS 173085
(S.D. Miss. Aug. 4, 2026) ................................................................................................6

*Jones v. Grapeland Indep. Sch. Dist.*,
No. 24-40194, 2024 U.S. App. LEXIS 25914 (5th Cir. Oct. 15, 2024) ...................................5

*Mandawala v. Ne. Baptist Hosp.*,
16 F.4th 1144 (5th Cir. 2021) ....................5

*Manville Sales Corp. v. Paramount Sys.*,
917 F.2d at 553-54 (Fed. Cir. 1990) ....................7, 13

*MGM Studios Inc. v. Grokster, Ltd.*,
545 U.S. 913 (2005)....................8

*Papasan v. Allain*,
478 U.S. 265 (1986)....................5

*Ricoh Co., Ltd. v. Quanta Computer Inc.*,
550 F.3d 1325 (Fed. Cir. 2008)....................8

*Rudy v. Werner Enters., Inc.*,
No. PE:26-CV-00011-DC-DF, 2026 U.S. Dist. LEXIS 114673
(W.D. Tex. Mar. 12, 2026) ....................11, 12

*Tuchman v. DSC Commc'ns Corp.*,
14 F.3d 1061 (5th Cir. 1994) ....................5

*Wechsler v. Macke Int'l Trade, Inc.*,
486 F.3d 1286 (Fed. Cir. 2007)....................7, 8

*Wordtech Sys. v. Integrated Networks Sols., Inc.*,
609 F.3d at 1315 (Fed. Cir. 2010)....................8, 13

*Yeti Coolers, LLC v. RTIC Coolers, LLC*,
No. 1:16-CV-264-RP, 2016 U.S. Dist. LEXIS 94452
(W.D. Tex. July 19, 2016) ....................13

## STATUTES

Lanham Act....................2, 3

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 12(b)(6) ....................1, 2, 4, 6

Local Rule CV-7(a)(1) ....................2

Plaintiffs ABC IP, LLC, Rare Breed Triggers, Inc., and RBTM LLC (together, "Plaintiffs") brought over 100 suits in federal courts across the United States for alleged infringement of Plaintiffs' patents and related claims. The cases have been consolidated in this multidistrict litigation. In their multitude of complaints, Plaintiffs routinely named an individual owner or officer in addition to the corporate entity that made the alleged infringing sales of the accused products. Those individually named defendants[1] respectfully move for dismissal of all claims asserted against them in their individual capacity under Federal Rule of Civil Procedure 12(b)(6).

## I. INTRODUCTION

Plaintiffs' allegations against the Individual Defendants are as sparse as they are uniform. Stripped of group pleading and legal conclusions, the complaints allege only that each Individual Defendant lives in a particular state, owns or holds a position with the entity defendant, and—in copy-and-paste fashion—"operates and directs" that entity or "directs its infringing activities." *See* Exhibit 1. That is all. The complaints do not identify a single accused product that any Individual Defendant personally made, used, sold, or offered for sale; any act by which any Individual Defendant knowingly induced or contributed to another's infringement; any statement by any Individual Defendant personally using Plaintiffs' claimed marks; or any fact that would justify disregarding the corporate form. Because the allegations against every Individual Defendant are

[1] The individually-named defendants who bring the instant Motion are Nicholas Norton, William C. King, Jr., Jonathan Clausen, Jodi Clausen, Terence D. Schmidt, Ronald Kennedy, Brandon Donatto, Michael Stakes, Adam Gerleman, Chris Allen Waltz, Thomas Kirgin, Jr., Michael Joseph Speeney, Gavin Luzier, Jordan Linsker, Daniel Corsini, Jerried "Jerry" Brown, Ryan K. Jacobson, David Allen Hazlett, Jay Pitcher, Dustin Pitcher, Lori Pitcher, Thomas Hines, Ethan Alexander Cook, Kimberly Smith, Taylor Spears, John W. Angers, Jr., Sarah Stokes, Jason Ramsden, Nathan Wolanyk, Kieran Balbag, David Freshwater, and Christopher Ingram (collectively, "Individual Defendants").

materially the same, the claims against them rise or fall together, and the Individual Defendants bring this single consolidated motion rather than scores of separate, duplicative motions.[2]

Plaintiffs named the Individual Defendants not because of anything they are alleged to have done personally, but to address collectability concerns about the entities. *See* Oct. 15, 2026 Hearing Tr. (Dkt. 83) at 25:17-23 (Court: "That's the real reason . . . they have maybe a deep-pocket issue—in terms of money." Plaintiffs: "Right."). But Plaintiffs' collectability concerns do not subject the Individual Defendants to personal liability. In place of facts, Plaintiffs resort to group pleading and conclusory allegations, and "[s]hotgun complaints are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Cunningham v. Lifestyles Dev. LLC*, No. 4:19-CV-00006-ALM-CAN, 2019 U.S. Dist. LEXIS 154112, at *12 n.4 (E.D. Tex. Aug. 8, 2019), *recommendation adopted*, 2019 U.S. Dist. LEXIS 153759 (E.D. Tex. Sept. 10, 2019) (Mazzant, J.).

Taken as true, Plaintiffs' bare allegations of residence, ownership, and control do not state a plausible claim for relief against any Individual Defendant in his or her individual capacity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Owning or running a company accused of infringement is not itself patent infringement, inducement, contributory infringement, or a Lanham Act violation, and Plaintiffs plead nothing that makes personal or alter ego liability plausible. The allegations fall far short of what is required to plead liability against individual owners or officers, and all claims against the Individual Defendants should be dismissed.

## II. STATEMENT OF ISSUE TO BE DECIDED

Pursuant to Local Rule CV-7(a)(1), the issue to be decided is whether all claims against the Individual Defendants in their individual capacities should be dismissed under Federal Rule of

---

[2] As the Individual Defendants raised at the October 15, 2026 hearing, a single consolidated motion is the most efficient way for the Court to resolve this common issue across the member cases. *See* Oct. 15, 2026 Hearing Tr. (Dkt. 83) at 24:2-25:4.

Civil Procedure 12(b)(6) because, once Plaintiffs' conclusory group pleading is set aside, the complaints allege only each Individual Defendant's residence and ownership or control of an entity defendant, which does not state a plausible claim for personal liability for patent infringement; inducement; contributory infringement; trademark infringement; false patent marking, advertising, or designation of origin; violations of the Lanham Act; unfair competition; or a plausible basis for alter ego liability.

## III. FACTUAL BACKGROUND AS PLEADED[3]

Plaintiffs own various patents and federally registered trademarks for "a unique trigger for firearms." *E.g.*, Compl. ¶¶ 10-21, *ABC IP, LLC et al. v. Muffintop Tactical LLC et al.*, No. 4:26-cv-01277-ALM (ECF No. 1). Plaintiffs allege, in scores of lawsuits, that individuals and entities have infringed their patents for this trigger. *E.g.*, *id.* ¶ 23.

In each complaint against an entity and individuals, Plaintiffs allege that "Defendants," as a group, took various actions. For example, Plaintiffs allege that "Defendants have infringed, induced others to infringe, and/or contributed to the infringement of one or more claims of the [patents], . . . [by] making, using, offering for sale, selling, and/or importing into the United States unlicensed products in a manner that infringes the" patents. *E.g.*, *id.* ¶¶ 51, 65, 79, 93, 107, 121, 135, 149.

The only individualized allegations against the Individual Defendants are listed in **Exhibit 1** to this motion. With sparingly few exceptions,[4] the specific allegations against the Individual Defendants are limited to their residences and corporate ownership or control and to the

---

[3] Defendants accept Plaintiffs' allegations only for purposes of this motion to dismiss, and do not otherwise concede any of Plaintiffs' allegations.

[4] Individual Defendants Michael Stakes, Nicholas Norton, and Keiran Balbag are addressed separately below.

conclusory statement that Individual Defendants direct their entities' activities. Specifically, the copy-and-paste allegations can be grouped in the following categories:

- "Solely operates and directs the complained-of activities";
- "Operates and directs" or "owns and operates" the entity;
- "Is the owner or an owner" of the entity "and directs its operations, including directing" the entity "to sell products in violation of the Asserted Patents and FRT Marks";
- "Is a principal or the sole principal" of the entity defendant; "had knowledge of Plaintiffs' patent rights at least by his access to and knowledge of the FRT Legal Library"; and directed the entity defendant "to infringe the Plaintiffs' patent rights"; and
- Is a "founder, owner, and operator" of the entity defendant and "directs its infringing activities." *See* Exhibit 1.

## IV. LEGAL STANDARD

An MDL transferee court applies the law of its own circuit when considering federal law questions, such as pleading standards for a Rule 12(b)(6) motion to dismiss. *See In re Whole Foods Mkt.*, 163 F. Supp. 3d 385, 388 (W.D. Tex. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Courts need not "accept as true conclusory allegations or unwarranted deductions of fact." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). Nor is a court "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, to survive a motion to dismiss, the pleaded facts in a complaint "must allow a reasonable inference that the plaintiff should prevail." *Favre v. Sharpe*, 117 F.4th 342, 346 (5th Cir. 2024) (citation omitted). "Facts that only *conceivably* give rise to relief don't suffice." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021).

## V. ARGUMENT

Once Plaintiffs' conclusory, group allegations are set aside, the complaints plead no facts plausibly showing that any Individual Defendant is personally liable or that alter ego liability applies. Accordingly, all claims against the Individual Defendants must be dismissed.

### A. Group Pleading Is Insufficient to State a Claim.

"A 'shotgun pleading' is a pleading with multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claims [are] brought against." *Jones v. Grapeland Indep. Sch. Dist.*, No. 24-40194, 2024 U.S. App. LEXIS 25914, at *1 n.1 (5th Cir. Oct. 15, 2024) (quotation and citation omitted). If a complaint targets individuals alongside corporate entities, the plaintiff must plead specific facts against individual defendants and cannot lump all the defendants together. *See Hicks v. Andrews*, No. 5:23-CV-81-RWS-JBB**,** 2024 U.S. Dist. LEXIS 56548, at *23-26 (E.D. Tex. Feb. 28, 2024) (alleging bare facts of ownership and conclusory agency relationship), *recommendation adopted*, 2024 U.S. Dist. LEXIS 49254 (E.D. Tex. Mar. 20, 2024); *Cain v. City of New Orleans*, No. 15-4479, 2016 U.S. Dist. LEXIS 63527, at *15 (E.D. La. May 13, 2016). A Plaintiff may not fault "Defendants as a group without factual material suggesting that any particular defendant" engaged in the complained-of conduct. *Armstrong v. Ashley*, 60 F.4th 262, 274 (5th Cir. 2023).

"Shotgun complaints are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Cunningham*, 2019 U.S. Dist. LEXIS 154112, at *12 n.4. That is because group pleading fails to give defendants fair notice of the claims against them. *See id.*; *see also Johnson v. Lee*, No. 2:25-cv-97-TBM-RPM, 2026 U.S. Dist. LEXIS 173085, at *3-5 (S.D. Miss. Aug. 4, 2026).

Thus, in a patent case, a complaint that "fails to plead facts that specifically tie any individual defendant to the infringing conduct" will not survive a motion to dismiss. *See GS Holistic, LLC v. AAR Mgmt. LLC*, No. 3:24-cv-00360, 2026 U.S. Dist. LEXIS 150337, at *12 (S.D. Tex. July 8, 2026) (citation modified) (dismissing claims against individual defendants as impermissible group pleading where plaintiffs merely alleged that individual defendants controlled entity defendants and directed the entities' infringing activities), *recommendation adopted*, 2026 U.S. Dist. LEXIS 193281 (S.D. Tex. Aug. 27, 2026) (overruling objections). If a complaint lacks "particularized and individualized facts pertaining to each defendant," then the allegations are "purely speculative" and cannot survive a motion to dismiss. *See Edwin Vega v. Maxim Integrated Prods.*, No. 5:15-CV-1138-DAE, 2016 U.S. Dist. LEXIS 191398, at *8-9 (W.D. Tex. June 14, 2016).

### B. The Allegations Against the Specific Individual Defendants are Insufficient to State a Claim Against Them.

Stripped of conclusory, group pleading, Plaintiffs merely allege the Individual Defendants are connected to the entities. *See* Exhibit 1 (chart). These sparse allegations do not show how the Individual Defendants directly infringed Plaintiffs' patents or trademarks or induced or contributed to the entities' alleged infringement.

#### 1. Insufficient allegations of direct infringement by the individuals

To state a claim for direct infringement, a plaintiff must allege in relevant part that the defendant infringed the patent by making, selling, offering to sell, or using the patented invention. *Graphene Platform Corp. v. Nanoxplore Inc.*, No. 6:25-CV-00259-LS, 2026 U.S. Dist. LEXIS 211905, at *5 (W.D. Tex. Sept. 18, 2026). A plaintiff cannot assert a plausible claim for infringement "by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). But Plaintiffs here do nothing more than allege that the above Individual Defendants own the entity defendants and, in conclusory fashion, direct their infringing conduct. Allegations like these "merely repeat the legal standard for individual liability" and are "the epitome of 'naked assertions devoid of further factual enhancement.'" *GS Holistic*, 2026 U.S. Dist. LEXIS 150337, at *12 (quoting *Benfield v. Magee*, 945 F.3d 333, 338 (5th Cir. 2019)). Conspicuously absent from Plaintiffs' complaints are factual allegations of acts or statements by which the Individual Defendants personally infringed Plaintiffs' patents by making, using, offering to sell, or selling any patented invention. *See Bot M8*, 4 F.4th at 1353. Thus, Plaintiffs fail to state a claim for direct infringement against the Individual Defendants.

#### 2. Insufficient allegations of induced infringement by the individuals

Personal liability for inducement is even more demanding—it requires specific facts showing the individual "possessed a specific intent to 'aid and abet' the infringement." *Wechsler v. Macke Int'l Trade, Inc.*, 486 F.3d 1286, 1292 (Fed. Cir. 2007) ("Unless the corporate structure is a sham, we have held that personal liability for inducement must be supported by personal culpability."); *see also Manville Sales Corp. v. Paramount Sys.*, 917 F.2d 544, 553-54 (Fed. Cir. 1990) (for inducement, the officer must knowingly induce infringement with specific intent). Thus, inducement requires "that the alleged infringer knowingly induced infringement and possessed

specific intent to encourage another's infringement." *Wordtech Sys. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1315 (Fed. Cir. 2010) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc)). If an individual defendant believes—even negligently—that a patent is invalid or not infringed, then the individual defendant cannot be liable for inducement. *Wechsler*, 486 F.3d at 1292.

Here, Plaintiffs do not allege facts to support the inference that the Individual Defendants personally knew they were inducing infringement by a third party, let alone that they specifically intended to encourage someone else's infringement without a defense of invalidity or noninfringement. Indeed, none of the complaints contain any specific facts about any of the Individual Defendants' intent to aid or abet infringement or personal culpability. Accordingly, all inducement claims against the Individual Defendants must be dismissed.

#### 3. Insufficient allegations of contributory infringement by the individuals

"[O]ne who sells a component especially designed for use in a patented invention may be liable as a contributory infringer, provided that the component is not a staple article of commerce suitable for substantial noninfringing use." *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2008). At the heart of contributory infringement liability is the appropriation of the benefit of the patented invention because a component of a patented invention "with no substantial noninfringing use" is "'good for nothing else' but infringement of the patented process." *Id.* (quoting *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005)). Like a claim for inducement, a claim for contributory infringement requires that the individual "personally participated" in the infringement. *Wordtech*, 609 F.3d at 1317. And a plaintiff also must point to the direct infringement that the defendant contributed to. *See id.* ("A defendant's liability for

indirect infringement must relate to the identified instances of direct infringement." (quoting *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1274 (Fed. Cir. 2004))).

Here, again, Plaintiffs make no allegations that the Individual Defendants "personally participated" in any contributory infringement. Worse still, Plaintiffs fail to explain the alleged contributory infringement at all. There is no allegation in the complaint that explains what incomplete component of an infringing device that Individual Defendants—or any defendants at all—allegedly contributed to. Instead, Plaintiffs only make conclusory allegations like "Defendants also contribute to the infringement of the '247 Patent by others, including their customers." *E.g.*, Compl. ¶ 68, *ABC IP, LLC et al. v. E. Coast Cerakote LLC et al.*, No. 4:26-cv-00831-ALM (ECF No. 1). These omissions are fatal to Plaintiffs' contributory infringement claims. Accordingly, all contributory infringement claims against the Individual Defendants must be dismissed.

**4. Insufficient allegations of trademark infringement; false patent marking, advertising, or designation of origin; and unfair competition**

In some cases, Plaintiffs allege that the use of "the distinctive FRT Marks in connection with firearm triggers" constitutes trademark infringement; false patent marking, advertising, or designation of origin; or unfair competition. *See*, *e.g.*, Compl. ¶¶ 145-162, *ABC IP, LLC et al. v. Firearm Sys. et al.*, No. 4:26-cv-00695-ALM (ECF No. 23); *See* Compl. ¶¶ 113-133, *Peak Tactical*, No. 4:26-cv-00698-ALM (ECF No. 73). Even assuming Rare Breed can show that the widely used generic acronym for forced-reset trigger is protectable, Plaintiffs still fail to state a claim against the Individual Defendants.

Plaintiffs allege that "Defendants are wrongfully using FRT" and "are falsely associating their products with Plaintiffs' well-known FRT Marks." *See e.g.*, Compl. ¶¶ 47, 140, 148, 160, *Firearm Sys.*, No. 4:26-cv-00695-ALM (ECF No. 23). This group pleading does not identify any

statement or conduct by Individual Defendants that would plausibly support a claim against them personally. Accordingly, Plaintiffs fail to state a claim against the Individual Defendants based on misuse of the alleged mark.

### 5. Insufficient allegations against Stakes, Norton, and Balbag

In the cases against Michael Stakes, Nicholas Norton, and Keiran Balbag, Plaintiffs are marginally more specific in their allegations. But even in those cases, the allegations are insufficiently specific against the Individual Defendants to state claims for relief. The additional, specific allegations against the remaining Individual Defendants include that:

- Individual Defendant Michael Stakes[5] lives in Arizona and "promotes the sale of the infringing device" on a website; owns U.S. Patent No. '067, and Tac-Con, "whose rate-of-fire enhancing products precede Plaintiffs' creation of the FRT market"; does not own but, somehow, is an alter ego of Firearm Systems and intermingled funds with it; worked with Douglas Rios on the infringing device; knew about an injunction against an unrelated trigger and was bound by its terms; knows that the Disruptor is a forced reset trigger not covered by the '067 patent; and falsely promotes the Disruptor as not being a forced reset trigger (Compl. ¶¶ 6,

[5] While outside the pleadings, Plaintiffs' treatment of Michael Stakes illustrates the slash-and-burn tactics that seem to underly their general litigation approach to Individual Defendants. There is no dispute Stakes created the FRT market with his Tac-Con invention under the '067 Patent. *See* Compl. ¶ 36, *Firearm Sys.*, No. 4:26-cv-00695-ALM (ECF No. 23). Yet as reward for creating this market, Rare Breed drags his entire family into litigation. In addition to suing him personally, they have sued his wife. *See* Compl., *Star Dev.*, 4:26-cv-01136-ALM (ECF No. 1) (complaint against Star Development, LLC, and Sara Stakes, misspelled as Sarah Stokes). And Plaintiffs induced Stakes's ex-wife—with means presently unknown—in an attempt purchase rights Plaintiffs' believe she has in Mr. Stakes' patents (she has none) to Rare Breed. *See* Mot. to Dismiss Counterclaim, at 2-4, *ABC IP, LLC et al. v. Peak Tactical, LLC et al.*, No. 2:26-cv-00018-KHR (ECF No. 60). Stakes does not own Firearm Systems and sells none of its products. *See* Compl. ¶ 6, *Firearm Sys.*, No. 4:26-cv-00695-ALM (ECF No. 23).

29, 35-37, 40, 44-45, 52-55, 128-131, *Firearm Sys.*, No. 4:26-cv-00695-ALM (ECF No. 23));

- Individual Defendant Nicholas Norton lives in either Wyoming or North Carolina; is a 49 percent owner of Peak Tactical; commits and directs infringing activities from Wyoming; worked with Rios on the Disruptor; and knew about an injunction over an unrelated trigger and was bound by its terms (Compl. ¶¶ 4, 11, 47, 51-52, *ABC IP, LLC et al., v. Peak Tactical, LLC et al.*, No. 4:26-cv-00698-ALM (ECF No. 73));
- Individual Defendant Keiran Balbag lives in Texas and posted pictures of allegedly infringing devices on Facebook (Compl., *ABC IP, LLC et al. v. Barricade et al.*, No. 6:26-cv-00320 (ECF No. 1)).

These allegations do not state claims against Stakes, Norton, and Balbag.

The claims against Stakes fail because they rest on information-and-belief allegations for which no basis is provided. Plaintiffs allege facts against Stakes based on "information and belief"—for example, that Stakes "promotes the sale of the Infringing Device" on a website; that Stakes owns Peak Tactical; that Stakes and the entity defendant are alter egos; and that Stakes is or has worked with a third party on the "development, manufacture, and/or import of the Infringing Device;" and that Stakes "falsely promotes the Disruptor as not being a 'forced reset' trigger and that it is covered by claims of U.S. Patent No. 9,146,067." *See* Compl. ¶¶ 29, 35-37, 40, 131, *Firearm Sys. LLC*, No. 4:26-cv-00695-ALM (ECF No. 23). But facts alleged only on "information and belief" are "insufficient when devoid of any factual support." *Rudy v. Werner Enters., Inc.*, No. PE:26-CV-00011-DC-DF, 2026 U.S. Dist. LEXIS 114673, at *10 (W.D. Tex. Mar. 12, 2026) (citations omitted). There must be "enough other factual allegations in the complaint to allow a

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 729 (5th Cir. 2018) (stating discovery is "not a license for the plaintiff to 'go fishing'"). Here, there are none, other than the allegations that lump Stakes together with the other defendants. These do not show manufacture, sale, use, inducement, or contributory infringement by Stakes, or that he personally improperly used Plaintiffs' claimed marks.

And all of Plaintiffs' allegations against Norton are again only made "on information and belief." *See* Compl. ¶¶ 4, 11, 47, 51-52, *Peak Tactical*, No. 4:26-cv-00698-ALM (ECF No. 73). Because the guesswork allegations lack any support from well-pleaded factual allegations, they are insufficient to state a claim against Norton. *See Rudy*, 2026 U.S. Dist. LEXIS 115673, at *10; *Innova Hosp.*, 892 F.3d at 729. More fundamentally, Plaintiffs fail to plead that Norton infringed their patent by making, using, offering to sell, or selling any patented invention. *See* Compl. ¶ 47, *Peak Tactical*, No. 4:26-cv-00698-ALM (ECF No. 73) (only alleging that "Norton is and/or has been and is working in concert with Douglas Rios ("Rios") on the development, manufacture, and/or import of the Disruptor").

Likewise, the allegations against Balbag are insufficient to state a claim against him. Besides his residence, Plaintiffs allege only screenshots of pictures posted on Facebook. *See* Compl. ¶¶ 37, 41, 45, 52, 56, *Barricade*, No. 6:26-cv-00320 (ECF No. 1). But these allegations are examples of actions that "Defendants" took—not Balbag individually. *See id.* ¶¶ 36, 40, 44, 51, 56. There are no allegations that Balbag acted in his individual capacity. The posts pose further problems for defendants. The posts are merely photographs of allegedly infringing devices without any other context. *See id.* ¶¶ 50, 52, 43, 45. And there are no allegations that any Defendants—let

alone Balbag individually—had anything to do with the use of "FRT" in the Facebook group's name. *See id.*

* * *

Plaintiffs' allegations in every case are insufficient to state claims against the Individual Defendants and must be dismissed.

### C. The Individual Defendants are Not Liable Based on Entity Ownership.

Plaintiffs' claims against the Individual Defendants also rest on an improper attempt to impose individual liability for the acts of the entity defendants. But an individual's status as a corporate officer or director of an entity, without more, is insufficient to impose liability based on the entity's acts.

"[T]he 'corporate veil' shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation is the officers' 'alter ego.'" *Wordtech*, 609 F.3d at 1313. "[T]he alter ego doctrine and piercing of the corporate veil are truly exceptional doctrines, reserved for those cases where the officers, directors or stockholders utilized the corporate entity as a sham to perpetuate a fraud, to shun personal liability, or to encompass other truly unique situations." *In re Multiponics, Inc.*, 622 F.2d 709, 724-25 (5th Cir. 1980).

If an individual defendant's acts are within the scope of employment, those acts are protected by the corporate veil from claims against the individual defendant. *Manville*, 917 F.2d at 553. To survive a motion to dismiss, a plaintiff "must plausibly allege facts piercing the corporate veil with respect to the [individual defendants]." *Yeti Coolers, LLC v. RTIC Coolers, LLC*, No. 1:16-CV-264-RP, 2016 U.S. Dist. LEXIS 94452, at *10-11 (W.D. Tex. July 19, 2016); *see also Manville*, 917 F.2d at 553 (reversing finding of liability for direct infringement because defendants acted within the scope of their employment).

Here, Plaintiffs overwhelmingly make no attempt to allege facts piercing the corporate veil with respect to the Individual Defendants. In the few cases where they do allege alter ego liability, such allegations are entirely conclusory and nothing more than "naked assertions devoid of further factual enhancement." *See* Compl. ¶ 37, *Firearm Sys.*, No. 4:26-cv-00695-ALM (ECF No. 23) ("On information and belief, Stakes and Firearm Systems are alter egos and have intermingled funds."). Absent from every complaint is any allegation that the Individual Defendants acted outside the scope of their employment or utilized the corporate entity as a sham to perpetrate a fraud, to shun personal liability, or to encompass other truly unique situations, let alone any specific facts to support such allegations. Accordingly, there is no basis to impute alleged corporate activity to the Individual Defendants.

## VI. CONCLUSION

For the foregoing reasons, Individual Defendants respectfully request that this Court dismiss the complaints against them.

Dated: November 19, 2026 Respectfully submitted,

*/s/ Timothy Getzoff*
Timothy Getzoff
J. Randy Roeser (Tx Bar No. 24089377)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Phone: 303.473.2700
tgetzoff@hollandhart.com
jrroeser@hollandhart.com

Paul Swanson (*pro hac vice* forthcoming)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
Phone: 303.295.8000
pdswanson@hollandhart.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on November 19, 2026, on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Timothy Getzoff*
Timothy Getzoff

40099989