**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM** |
| **ATRIUS DEVELOPMENT GROUP CORPORATION, INC.,**<br>Plaintiff,<br>v.<br>**ABC IP, LLC, RARE BREED TRIGGERS, INC., and LAWRENCE DEMONICO**<br>Defendants. | Civil Action No.<br>4:26-cv-00448-ALM |
| **ABC IP, LLC and RARE BREED TRIGGERS, INC.,**<br>Counterclaim-Plaintiffs,<br>v.<br>**ATRIUS DEVELOPMENT GROUP CORPORATION, INC., MALCOLM BROWN, GRANT SHAW, and RYAN SPADAFORE,**<br>Counterclaim-Defendants. | |
| **ABC IP, LLC and RARE BREED TRIGGERS, INC.,**<br>Plaintiffs,<br>v.<br>**PISTOLCAP LIMITED COMPANY, d/b/a FRISCO GUNS, and MORDEKHAI HARROCH,**<br>Defendants. | Civil Action No.<br>2:26-cv-00053-ALM |
| **ABC IP, LLC and RARE BREED TRIGGERS, INC.,**<br>Plaintiffs,<br>v.<br>**PROSOURCE FIREARMS, LLC,**<br>Defendant. | Civil Action No.<br>2:26-cv-00055-ALM |

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM** |
| **ABC IP, LLC and RARE BREED TRIGGERS, INC.,**<br>Plaintiffs,<br>v.<br>**MISTER GUNS, LLC, THOMAS CARTER II, and BRANDI CARTER,**<br>Defendants. | Civil Action No.<br>2:26-cv-00056-ALM |
| **ABC IP, LLC and RARE BREED TRIGGERS, INC.,**<br>Plaintiffs,<br>v.<br>**SUPERIOR FIREARMS OF TEXAS, LLC,**<br>Defendant. | Civil Action No.<br>2:26-cv-00058-ALM |

**ATRIUS'S AND THE ATRIUS CUSTOMER DEFENDANTS' OPPOSED MOTION FOR LEAVE TO SUPPLEMENT THEIR RESPONSES IN OPPOSITION TO RARE BREED'S PRELIMINARY INJUNCTION MOTIONS**

**TABLE OF CONTENTS**

I. INTRODUCTION ..... 1
II. BACKGROUND ..... 1
III. ARGUMENT ..... 2
a. The IPR Papers Are Part of the File History and Confirm the Claim Constructions Atrius Has Already Advanced ..... 2
b. Rare Breed Placed the IPR at Issue in Its PI Motion ..... 4
c. Rare Breed's Infringement Contentions Confirm That It Is Pressing the Theory Its IPR Statements Contradict ..... 5
d. Leave Will Not Prejudice Rare Breed ..... 5
IV. CONCLUSION ..... 6

## I. INTRODUCTION

Atrius Development Group Corporation, Inc. ("Atrius"), the accused infringer, together with the defendants in the four above-listed customer actions (the "Atrius Customer Defendants"), move for leave to supplement their Responses in Opposition ("Oppositions") to the two Motions for a Preliminary Injunction filed by ABC IP, LLC, and Rare Breed Triggers, Inc. (collectively "Rare Breed" or "ABC"), the patentee.[1] The supplement submits two papers ABC filed with the Patent Trial and Appeal Board ("PTAB") in IPR2025-01473, which challenged one of the patents asserted against Atrius in the PI Motion. The supplement raises no new arguments. It provides highly persuasive evidence—authored by Rare Breed itself—of the non-infringement arguments Atrius already made in its Opposition. These papers are part of the file history, which Federal Circuit law directs courts to consider in determining claim scope. And Rare Breed relied on the outcome of this same IPR to argue validity in its PI Motion without telling the Court what ABC said to obtain that outcome. Because Rare Breed has not yet filed its Reply and has not yet committed to a filing deadline for doing so given on-going discovery, Rare Breed will not be prejudiced and will be able to fully respond in its Reply.

## II. BACKGROUND

Rare Breed filed its Motion for Preliminary Injunction ("PI Mot.") on August 1, 2026. In its PI Motion, Rare Breed argued, *inter alia*, that Atrius is unlikely to show invalidity of the '247 Patent because the PTAB denied institution of Atrius's IPR petition. PI Mot. at 22; *see* IPR2025-01473, Paper 20 (P.T.A.B. Feb. 18, 2026). Atrius filed its Opposition on September 1. Pursuant to the Court's October 27 Scheduling Order, Rare Breed served its infringement

---

[1] For the Court's convenience, citations are made to the PI Motion filed against Atrius in the -448 action and to Atrius's Response in that case. This supplement applies equally to the PI proceedings between Rare Breed and the Atrius Customer Defendants that have been consolidated with the Atrius PI Motion for subsequent briefing and the January 11, 2027 hearing.

contentions the evening of October 29. Scheduling therefore dictated that Atrius file its Opposition without first receiving Rare Breed's binding infringement contentions. Rare Breed has not yet filed its Reply in support of its PI Motion, and the hearing is set for January 11, 2027. Atrius's Opposition thus remains the most recent substantive filing on the PI Motion.

## III. ARGUMENT

The Court has broad discretion over its docket and grants leave on a showing of good cause—"simply a legally sufficient reason." *U.S. ex rel. Eichner v. Ocwen Loan Servicing, LLC*, 787 F. Supp. 3d 331, 340 (E.D. Tex. 2025) (citing *U.S. ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 429 n.2 (2023)). In assessing good cause, the Court considers (1) the explanation for the timing, (2) the importance of the material, (3) potential prejudice to the opposing party, and (4) the availability of a continuance to cure any prejudice. *See Kumar v. Frisco Indep. Sch. Dist.*, 476 F. Supp. 3d 439, 468-71 (E.D. Tex. 2020). Each consideration favors leave here.

### a. The IPR Papers Are Part of the File History and Confirm the Claim Constructions Atrius Has Already Advanced

The IPR papers are important because they go to the heart of Rare Breed's likelihood of success. Statements a patent owner makes in an IPR—including a preliminary response filed before institution—are part of the prosecution history and "can be considered during claim construction." *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1361-62 (Fed. Cir. 2017). The rule ensures that claims "are not argued one way in order to maintain their patentability and in a different way against accused infringers." *Id.* at 1360. And such statements bind the patentee in later litigation. *See CUPP Computing AS v. Trend Micro Inc.*, 53 F.4th 1376, 1383 (Fed. Cir. 2022). As explained in the proposed supplement (attached hereto as Attachment 1), ABC's IPR statements confirm the constructions Atrius set out in its Opposition: when the patent owner opposed the IPR petition, it read the claims the same way as Atrius does now. Those statements

are a clear and unmistakable disclaimer of the claim scope Rare Breed now asserts. *See Aylus*, 856 F.3d at 1361. At a minimum, they raise a substantial question of infringement as to each asserted claim. The supplement addresses three limitations, each tracking an argument previously made in Atrius's Opposition.

***The "disabled" disconnector ('247, '159, and '403 Patents).*** To distinguish prior art Blakley '723, ABC told the PTAB that Blakley '723's disconnector lacks any structural component "that ever contacts" the safety selector and "that, "when [it] rotates, it bypasses the safety selector entirely." IPR Paper 9 (ATRIUS02_00002830) at 65-67 (attached as Ex. B). ABC explained that in the '403 patent in the claimed forced-reset mode, the safety selector "prevents the disconnector from rotating with the trigger member, thus 'disabling'" it. *Id.* at 10. Atrius showed that its FRS lacks that feature. The Atrius FRS selector never contacts the disconnector; instead, the disconnector continues to rotate in synch with the trigger so that it can catch the hammer hook every cycle. Opposition at 11-14. The '159 is a direct continuation of the '247 application, and both patents expressly incorporate Strbac Application No. 18/048,572, from which the '403 descends. '247 Pat. at 1:66–2:1; '159 Pat. at 1:5–9, 1:66–2:2; '403 Pat. col. 1 (Related Applications). All three patents describe disconnector disablement in identical terms. '247/'159 Pats. at 9:31–35;'403 Pat. at 10:4–8. The Court should therefore give effect to ABC's explanation of that shared disclosure when construing the corresponding forced-reset limitations, including the "forced reset semi-automatic position" recited in claims 38 and 39 of the '403 Patent. *See NTP, Inc. v. Rsch. In Motion, Ltd.*, 418 F.3d 1282, 1293 (Fed. Cir. 2005) (citing *Microsoft Corp. v. Multi-Tech Sys., Inc.*, 357 F.3d 1340, 1350 (Fed. Cir. 2004)).

***The hammer-driven reset of the "trigger member" ('784 and '403 Patents).*** ABC told the PTAB that in the Strbac '003 patent the hammer, not a cam (as in the Atrius FRS), forces the

trigger to reset, emphasizing that a cam reset is "an entirely different and separate structure." IPR Paper 6 (ATRIUS02_00003255) at 16 (attached as Ex. A) ("Quite simply, there is no cam in Strbac '003 that resets the trigger as claimed [by the '247 patent]."). This is relevant to the '403 Patent as the '403 Patent descends from Strbac '003 by continuation and carries forward that exact same description. '403 Pat. at 1:5–14, 10:19–24. This is also relevant to the '784 Patent, as the '784 Patent describes the same hammer-driven reset. '784 Pat. at 1:15–18, 3:65–67; '403 Pat. at 2:3–8. Contrary to this, Rare Breed now contends that the Atrius lever cam satisfies the "trigger member" limitations of the '403 and '784 and Patents, which ABC explained is "an entirely different and separate structure." ABC's explanation informs the construction of those claims and confirms Atrius's position. *See* Opposition at 23-26.

***The "locking member" ('784 and '403 Patents).*** ABC further explained that a locking member "'mechanically locks the trigger in its reset state' but it does not reset the trigger." Ex. A at 14 n.5. Contrary to this, Rare Breed's infringement theory identifies the Atrius lever cam—the structure that resets the trigger—as the claimed "locking member." ABC's own description of a locking member forecloses that reading and confirms Atrius's position. *See* Opposition at 24-26, 28-32.

**b. Rare Breed Placed the IPR at Issue in Its PI Motion**

Rare Breed itself invoked IPR2025-01473, arguing that Atrius cannot show invalidity because the PTAB denied institution. PI Mot. at 22. A denial of institution carries no preclusive effect on validity. *See Exmark Mfg. Co. v. . Briggs & Stratton Power Prods. Grp., LLC*, 879 F.3d 1332, 1341 (Fed. Cir. 2018); *Midwest Athletics & Sports All. LLC v. Xerox Corp.*, 631 F. Supp. 3d 13, 55–56 (W.D.N.Y. 2022). More to the point, Rare Breed told the Court only half the story: it did not disclose what ABC told the PTAB about claim scope to obtain that denial. When a patentee relies on an IPR denial, courts hold it to the statements that secured it. In *Midwest*

*Athletics*, the patentee argued that the PTAB's denial supported validity, the court instead held the patentee to the claim-scope position in its preliminary response and granted summary judgment of non-infringement, explaining that the patentee "cannot now abandon the position it successfully took before the PTAB in order to claim infringement by Defendant." *Id.* at 75 (citing *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1578 (Fed. Cir. 1995). Having put the IPR before the Court, Rare Breed cannot fairly object to the Court seeing all of it. As this Court has explained, its "fundamental focus is to ensure that all parties have a fair forum to articulate their positions so that the Court may achieve the right result in this matter." *Eichner*, 787 F. Supp. 3d at 341.

**c. Rare Breed's Infringement Contentions Confirm That It Is Pressing the Theory Its IPR Statements Contradict**

Rare Breed's October 29 infringement contentions reinforce the need for leave. The infringement charts accompanying the PI Motion were exhibits to an expert declaration. The contentions, by contrast, are Rare Breed's formal and binding statement of its infringement theories, which it may amend only by order of the Court on a showing of good cause. P.R. 3-1, 3-6(b); *see Am. Video Graphics, LP v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005); *Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007). The contentions advance the same theory Rare Breed presented in its PI Motion. The IPR papers have always contradicted that theory; the contentions did not change their relevance. But the contentions confirm that Rare Breed has committed to that theory for this case, so the conflict with ABC's IPR statements is squarely presented for the Court's ruling on the PI Motion.

**d. Leave Will Not Prejudice Rare Breed**

Rare Breed faces no prejudice. The IPR papers are Rare Breed's own statements: ABC authored them and filed them with the PTAB before this litigation began. Rare Breed has been on notice since at least September 1, 2026, of the non-infringement positions the supplement

addresses, and the supplement raises no new argument. Rare Breed has not yet filed its Reply, and no hearing has been held, so Rare Breed will have a full opportunity to respond.

**IV. CONCLUSION**

For these reasons, Atrius respectfully requests that the Court grant leave to file the supplement (Attachment 1), together with ABC's Request for Discretionary Denial (IPR Paper 6; Ex. A) and Patent Owner Preliminary Response (IPR Paper 9; Ex. B).

DATED: November 23, 2026

*/s/ Edward K. Chin*

Robert Manley
Texas Bar No. 787955
Edward K. Chin
Texas State Bar No. 50511688
Alex Chern
Texas Bar No. 24109718
Brandon Merrill
Texas Bar No. 24144769
rmanley@McKoolSmith.com
echin@McKoolSmith.com
achern@McKoolSmith.com
bmerrill@McKoolSmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000

Steven Pollinger
Texas Bar No. 24011919
spollinger@McKoolSmith.com
McKool Smith, P.C.
303 Colorado St., Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700

Ryan B. McBeth
Texas Bar No. 24078955
rmcbeth@McKoolSmith.com
Elliott Clay
Texas Bar No. 24148889
eclay@McKoolSmith.com
McKool Smith P.C.

600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300

Adam V. Floyd
Texas Bar No. 00790699
AFloyd@FloydIP.com
Floyd IP
3203 Bluffs Lane
Parker, Texas 75002
Telephone: (512) 497-7500

**Counsel for Atrius Development Group Corporation, Inc., PistolCap Limited Company, Mordekhai Harroch, ProSource Firearms, LLC, Mister Guns, LLC, Thomas Carter II, Brandi Carter, and Superior Firearms of Texas, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on November 23, 2026.

*/s/ Edward K. Chin*
Edward K. Chin

## CERTIFICATE OF CONFERENCE

I certify that on November 19, counsel for Atrius and the Atrius Customer Defendants notified counsel for Rare Breed of its intent to seek leave to file the supplemental brief. Atrius provided a draft copy of that supplemental brief for Rare Breed's review. The parties conferred via video conference on November 23, 2026, and Rare Breed indicated that it would oppose the motion.

*/s/ Edward K. Chin*
Edward K. Chin