**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM** |
| **ATRIUS DEVELOPMENT GROUP CORPORATION, INC.,**<br>Plaintiff,<br>v.<br>**ABC IP, LLC, RARE BREED TRIGGERS, INC., and LAWRENCE DEMONICO**<br>Defendants. | Civil Action No.<br>4:26-cv-00448-ALM |
| **ABC IP, LLC and RARE BREED TRIGGERS, INC.,**<br>Counterclaim-Plaintiffs,<br>v.<br>**ATRIUS DEVELOPMENT GROUP CORPORATION, INC., MALCOLM BROWN, GRANT SHAW, and RYAN SPADAFORE,**<br>Counterclaim-Defendants. | |
| **ABC IP, LLC and RARE BREED TRIGGERS, INC.,**<br>Plaintiffs,<br>v.<br>**PISTOLCAP LIMITED COMPANY, d/b/a FRISCO GUNS, and MORDEKHAI HARROCH,**<br>Defendants. | Civil Action No.<br>2:26-cv-00053-ALM |
| **ABC IP, LLC and RARE BREED TRIGGERS, INC.,**<br>Plaintiffs,<br>v.<br>**PROSOURCE FIREARMS, LLC,**<br>Defendant. | Civil Action No.<br>2:26-cv-00055-ALM |

| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM** |
|---|---|
| **ABC IP, LLC and RARE BREED TRIGGERS, INC.,**<br>Plaintiffs,<br>v.<br>**MISTER GUNS, LLC, THOMAS CARTER II, and BRANDI CARTER,**<br>Defendants. | Civil Action No.<br>2:26-cv-00056-ALM |
| **ABC IP, LLC and RARE BREED TRIGGERS, INC.,**<br>Plaintiffs,<br>v.<br>**SUPERIOR FIREARMS OF TEXAS, LLC,**<br>Defendant. | Civil Action No.<br>2:26-cv-00058-ALM |

**ATRIUS'S AND THE ATRIUS CUSTOMER DEFENDANTS' RESPONSE IN OPPOSITION TO RARE BREED'S PRELIMINARY INJUNCTION MOTIONS**

# TABLE OF CONTENTS

TABLE OF CONTENTS ..... 1

I. INTRODUCTION ..... 1

II. Rare Breed's Statements About the Scope of Its Claims in Its IPR Opposition Defeat Its Infringement Case Against the Atrius FRS. ..... 1

A. Rare Breed told the Patent Office that "preventing the disconnector from catching/holding" in the '159, '247, and '403 patent claims requires a structure that holds the disconnector away from the hammer; the Atrius FRS has none. ..... 1

B. Rare Breed told the Patent Office that a lever cam force-resetting is "entirely different" from the hammer-driven reset of its claimed "trigger member"; The Atrius FRS uses a lever cam. ..... 3

C. Rare Breed told the Patent Office that a force-reset lever cam is not the claimed "locking member"; yet it now accuses the Atrius lever cam of being one. ..... 5

# I. INTRODUCTION

As explained below, Rare Breed cannot obtain a preliminary injunction on infringement theories that contradict the representations it made to the Patent Office's PTAB in its IPR opposition papers. In its IPR opposition papers, Rare Breed explained what its claims require; and the accused Atrius's FRS lack those requirements. Rare Breed's statements foreclose its infringement case against the Atrius FRS. At a minimum, its statements raise a substantial question of infringement foreclosing the grant of a preliminary injunction.

# II. RARE BREED'S STATEMENTS ABOUT THE SCOPE OF ITS CLAIMS IN ITS IPR OPPOSITION DEFEAT ITS INFRINGEMENT CASE AGAINST THE ATRIUS FRS.

## A. Rare Breed told the Patent Office that "preventing the disconnector from catching/holding" in the '159, '247, and '403 patent claims requires a structure that holds the disconnector away from the hammer; the Atrius FRS has none.

To defend its '247 patent, Rare Breed told the Patent Office that in the patent's "**Forced Reset Semi-Automatic Mode** … 'narrow semi-circular portion 116 of the safety selector 110 prevents the disconnector 60 from rotating with the trigger member 38, thus "disabling"' it, such that disconnector hook 64 cannot catch hammer hook 53. *Id.* at 9:31-35." Patent Owner's Preliminary Response, *Atrius Dev. Grp. Corp. v. ABC IP LLC*, No. IPR2025-01473, Paper 9 at 10 (P.T.A.B. Dec. 11, 2025) ("POPR") (Ex. B). Figure 9A of the '247, '159, and '403 patents, below, illustrate this mechanism: the blue selector physically pins the red disconnector away from the green hammer to prevent engagement with the hammer hook. Rare Breed argued that the claims require this structural contact between the blue selector and the red disconnector. Specifically, Rare Breed told the PTAB that the claim language "prevent[s] disconnector hook from catching said hammer hook" requires a "structural component (such as disconnector tail 66 shown in the '247 patent) that [] contacts safety selector 82." Ex. B at 65-67.




’247 & ’159 Patents, Fig. 9A




’403 Patent, Fig. 9A

*Details of Figure 9A. Color added to identify the disconnector (red), selector (blue), and hammer (green).*

Rare Breed relied on this requirement to distinguish its ’247 patent from the prior art Blakley ’723 patent, in which the orange disconnector never contacts the teal safety selector. (below left). The accused Atrius FRS has no contact between its green disconnector and any safety selector (below right). Nothing in the Atrius FRS touches the green disconnector to hold it away from the hammer; instead, the green disconnector always rotates in sync with the red trigger; it is not disabled and remains free to engage with the blue hammer hook.




Blakley ’723 (POPR at 66)

*POPR at 66 (citing Pet. 50).*
*Rare Breed added the red labels and arrows.*



Atrius FRS

*In the FRS’s forced-reset mode depicted,*
*the disconnector still moves with the trigger.*

Thus, nothing in the accused Atrius FRS “prevents the disconnector [] from rotating with the trigger [], thus ‘disabling’ it, such that disconnector hook [] cannot catch hammer hook [].” Ex. B at 10. Under Rare Breed’s own reading of its claims in its IPR opposition, the Atrius FRS cannot infringe the ’247, ’159, or ’403 patents.[1]

### B. Rare Breed told the Patent Office that a lever cam force-resetting is “entirely different” from the hammer-driven reset of its claimed “trigger member”; The Atrius FRS uses a lever cam.

Rare Breed also told the PTAB that in the specification of the Strbac ’403 patent “the hammer” forces the reset by striking the trigger—a special raised camel-back “trigger member”—and that this design is “an entirely different and separate structure” from designs that add a lever cam to force-reset the trigger, as in the accused Atrius FRS. Patent Owner’s Request for Discretionary Denial, IPR2025-01473, Paper 6 at 16 (P.T.A.B. Nov. 11, 2025) (“PORDD”)

[1] The ’159 is a direct continuation of the ’247 application, and both patents expressly incorporate Strbac App. No. 18/048,572, from which the ’403 descends. ’247 Pat. at 1:66–2:1; ’159 Pat. at 1:5–9, 1:66–2:2; ’403 Pat., Related Applications. All three patents describe disconnector disablement in identical terms. ’247/’159 Pats. at 9:31–35; ’403 Pat. at 10:4–8. Consequently, statements made by Rare Breed to the PTAB about the scope of the ’247 patent’s disconnector disablement apply equally to the ’247, ’403 and ’159 patents.

(Ex. A). Rare Breed was emphatic that in the specification of the ’403 patent, “[q]uite simply, there is no cam” that resets the trigger. *Id*. The specification of the ’784 patent teaches this same hammer-contact structure for force-resetting the trigger, as shown below. ’784 Pat. at 3:65–66.

As Rare Breed itself explained, the hammer-to-trigger reset of the ’403 and ’784 patents is fundamentally different from the cam lever design of the accused Atrius FRS. The two figures immediately below show the ’403 and ’784 patents’ approach: The hammer strikes the “trigger member’s camel hump” to force reset. The “entirely different” design of the accused Atrius FRS is compared to the ’403 and ’784 approach in the diagram following thereafter.




During cycling, “***hammer 36 surface 51 contacts surface 58 of trigger member 38 forcing trigger member 38 to pivot counter-clockwise.***”

’403 Patent at 10:19–22.




During cycling, “***pivotal reset of the hammer 34 has forced the trigger member 14 to its reset position.***”

’784 Patent at 3:65–66.




The accused Atrius FRS has neither the specialized raised camel-hump "trigger member" of the '403 and '784 patents nor the hammer-driven reset that Rare Breed relied on to avoid IPR institution. Instead, the accused Atrius FRS uses a lever cam—precisely the design Rare Breed called "entirely different." Ex. A at 16. By Rare Breed's own account, the Atrius FRS cannot infringe the '403 or '784 patents' "trigger member" limitation.

### C. Rare Breed told the Patent Office that a force-reset lever cam is not the claimed "locking member"; yet it now accuses the Atrius lever cam of being one.

Rare Breed's IPR papers were also crystal clear on this point. Rare Breed insisted that one cannot "falsely equate[] the locking member to the [force reset lever] cam." Ex. A at 15. It further stated that "[t]he structure and function of a locking member" is to "mechanically lock[] the trigger in its reset state but it does *not* reset the trigger." *Id.* at 15 n.5 (emphasis in original). Rare Breed's infringement case does exactly what it told the PTAB one cannot do: it attempts to equate the accused Atrius force-reset lever cam with the "locking member" of the '403 and '784 patents.

The below figures show the “locking member” claimed in the ’403 and ’784 patents, followed by the Atrius FRS which has no locking member—it provides only a force-reset lever cam, which Rare Breed concedes cannot be a “locking member.”




’403 Patent, Fig. 9B (annotated).




’784 Patent, Fig. 6 (annotated).



Atrius FRS

The Atrius level cam resets the trigger. So, under Rare Breed's own statements to the PTAB, it cannot be the claimed "locking member." *See* Ex. Aat 15 n.5. Accordingly, the Atrius FRS cannot infringe the '403 and '784 patents

DATED: November 23, 2026

*/s/ Edward K. Chin*

Robert Manley
Texas Bar No. 787955
Edward K. Chin
Texas State Bar No. 50511688
Alex Chern
Texas Bar No. 24109718
Brandon Merrill
Texas Bar No. 24144769
rmanley@McKoolSmith.com
echin@McKoolSmith.com
achern@McKoolSmith.com
bmerrill@McKoolSmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000

Steven Pollinger
Texas Bar No. 24011919
spollinger@McKoolSmith.com
McKool Smith, P.C.
303 Colorado St., Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700

Ryan B. McBeth
Texas Bar No. 24078955
rmcbeth@McKoolSmith.com
Elliott Clay
Texas Bar No. 24148889
eclay@McKoolSmith.com
McKool Smith P.C.
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300

Adam V. Floyd
Texas Bar No. 00790699
AFloyd@FloydIP.com
Floyd IP
3203 Bluffs Lane
Parker, Texas 75002
Telephone: (512) 497-7500

**Counsel for Atrius Development Group Corporation, Inc., PistolCap Limited Company, Mordekhai Harroch, ProSource Firearms, LLC, Mister Guns, LLC, Thomas Carter II, Brandi Carter, and Superior Firearms of Texas, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on November 23, 2026.

*/s/ Edward K. Chin*
Edward K. Chin